UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD MAX STRAHAN | ) | |
| | ) | |
| *Plaintiff* | ) | Civil Action No. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| ELLEN ROY-HERZFELDER, Secretary | ) | |
| EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS | ) | |
| | ) | |
| DAVID M. PETERS, Commissioner | ) | 21 January 2005 |
| DEPARTMENT OF FISH AND GAME | ) | |
| | ) | |
| PAUL DIODATI, Director | ) | |
| DIVISION OF MARINE FISHERIES | ) | |
| | ) | |
| *Defendants* | ) | |

---

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REQUEST FOR A JURY TRIAL

---

This an enforcement action — brought pursuant to the "citizen attorney general" provision of Section 11 the Endangered Species Act ("ESA")[1] — for the Court to enforce the Act's Section 9 take prohibitions against the Defendants to stop their further killing members of endangered species of whales listed as protected under the Act in order to prevent the extinction of these endangered species. The Plaintiff is seeking an order to enjoin the Defendants from further licensing and regulating the deployment of commercial fishing gear that routinely kills and injures Northern Right Whales and other listed species of endangered whales through the act of entanglement. The Plaintiff is seeking to have the Court order the Defendants not to further license any commercial fishing operation in U. S. coastal waters unless they are Whale Safe[2] and do not unlawfully take endangered species of whales. These said killings and injuring of listed species of endangered whales is a complete violation of the Section 9(a and g) take prohibitions of the ESA. This action is brought to protect the Plaintiff's and the Public's interest in the

---

[1] 16 U. S. C. §§ 1531 *et seq.*
[2] "Whale Safe Fishing" is defined for purposes of the instant action as commercial fishing that does not cause a single incident of death or serious injury of a listed species of endangered whale.

continued existence and recovery from an endangered status of four endangered species of whales inhabiting the coastal areas of Massachusetts and that have been designated pursuant to the act as listed species. See 50 C. F. R. § 17.3. These listed species of whale are the Northern Right Whale (*Eubalaena glacialis*); the Humpback Whale (*Megaptera novaeangliae*); the Fin Whale (*Balaenoptera physalus*); and the Blue Whale (*Balaenoptera musculus*) (collectively known henceforth as "Endangered Whales").

1.    The Plaintiff — Richard Max Strahan — is a conservation scientist who researches and protects Endangered Whales and other species of wildlife. Strahan is currently the leading proponent for private and government efforts to protect endangered whales from commercial fishing gear and from being struck and harassed by ships. Strahan has brought numerous civil actions to enforce the Section 9 take prohibitions of the Act to stop the Defendants and others from killing and injuring of listed species. See *Strahan v. Coxe*, 939 F. Supp. 963 (D. Mass. 1996), aff'd in part and vacated in part, *Strahan v. Coxe*, 127 F. 3d 155 (1st Cir. 1997), cert. denied *Coates v. Strahan*, 525 U. S. 978 (1998); *Strahan v. Linnon*, 967 F. Supp. 581 (D. Mass. 1995).

2.    Northern Right Whales are the most endangered species of whale in the world. Their principal remaining range is almost entirely in coastal waters under United States jurisdiction. The U. S. Fish and Wildlife Service designated the Northern Right Whale and the other species of Endangered Whales as listed endangered species in 1969. Hunting was the initial cause for the decline of these species. Hunting of Northern Right Whales began in the 1200's and continued into the 1980's in the North Pacific. Hunting was first banned internationally on Northern Right Whales in 1937 and currently no hunting is allowed for any species of Endangered Whales under federal and international law. Current anthropogenic mortality and injury of Endangered Whales is principally caused by entanglement in commercial fishing gear and from ship strikes/harassment. The Northern Right Whales population has been in continuous decline for at least the last the last three decades since their being listed as

protected under the Act[3]. The current size of the remaining population of the Northern Right Whale in the Atlantic Ocean[4] is in the low 200's. A further single killing of a Northern Right Whale can on its own precipitate the irreversible decline of its remaining population into extinction. At the present trend of population decline, Northern Right Whales will be extirpated from the Atlantic by the end of this century.

3.      Currently and historically Northern Right Whales and other listed species of Endangered Whales are routinely entangled by commercial fishing gear licensed by the Defendants. Massachusetts state law prohibits the deployment of commercial fishing gear in United States coastal waters under its concurrent state jurisdiction without first obtaining a license from the Defendants and the Massachusetts Division of Marine Fisheries. Massachusetts state law and the regulations adopted by the Defendants under their state regulatory authority mandate that the type of fishing gear deployed by individuals. These requirements result in licensing of fishing gear that is of a character that causes it to routinely kill and injure Endangered Whales by entanglement. The most deadly type of commercial fishing gear for Endangered Whales licensed by the Defendants is known as fixed fishing gear — Gill Nets and Lobster Gear ("Fixed Fishing Gear"). Fixed Fishing Gear causes the majority of unlawful entanglements inflicted on Endangered Whales by the Defendants. The individual licensees of the Defendants who actually deploy Fixed Fishing Gear and other types of entangling fishing gear into U. S. coastal waters are the official agents of the Defendants. They and the Defendants are liable under Section 9 of the ESA for the unlawful taking of Endangered Whales by entanglement caused by the commercial fishing gear deployed in U. S. coastal waters under license and permit by the Defendants.

---

[3] The National Marine Fisheries service has failed and refused to implement any meaningful recovery program for the Northern Right Whale or any other of the Endangered Whales. It also refuses to enforce the protective prohibitions of Section 9 of the ESA. NMFS has a known policy of not prosecuting anyone for killing or injuring Endangered Whales through entanglement or ship strikes. NMFS also allows Endangered Whales to be the intentional object of pursuit and harassment of commercial tourist operations.
[4] The NMFS unilaterally acted to list the populations of Northern Right Whales in the Pacific and Atlantic as two distinct species — not separate populations. This was done without Public comment.

4.     When large whales become entangled in fishing gear, the gear routinely digs into the flesh of the whale causing tissue injury and blood loss in even the most trivial level of entanglement. Vertical buoy lines used in Fixed Fishing Gear are a serious source of entanglement of Endangered Whales. These lines are vertically suspended in the water column for hundreds of feet. They are fixed in place by a heavy anchor and remain in any location for months at a time. These lines are made of plastic and have an extremely rough surface that is ideal to ensure knotting and entanglement of endangered whales. To become entangled in a vertical buoy line, an Endangered Whales has merely to brush by a vertical buoy line to have it wrap around its flipper and "knot" into place. Gill Nets are vertical walls of plastic mesh that stretch out for miles and are anchored to the sea floor with vertical buoy lines and are left unattended for days in a row. All manner of marine wildlife including Endangered Whales routinely run into Gill Nets, become entangled, and horribly die. Gill Nets are inherently dangerous to Endangered Whales and cannot be used in any form in whale habitat without causing the death and injury of Endangered Whales.

5.     The entanglement of whales in commercial fishing gear constitutes a "taking" in violation of the Section 9 take prohibitions of the ESA. Section 2 of the Act defines a "taking" as to —

> "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." *Id.* at 1532(19).

By regulation, the Secretary of the Interior further defines at 50 C. F. R. § 17.3 (1999) the term "harm" to mean —

> "an act which kills or injures wildlife. Such act may include significant habitat modification or degradation where it actually kills or injures wildlife by significantly impairing essential behavioral patterns, including breeding, feeding or sheltering."

6.     The case of Northern Right Whale (Catalog #2030)[5] is illustrative of the horrific type of death caused by Defendants' licensing of fishing gear. In May of 1999, Northern Right Whale #2030 became entangled in gill nets and lobster gear in U. S. coastal waters. As the whale

---

[5] Most existing and recently dead Northern Right Whale have been assigned identification numbers based on photographic assessments.

struggled to free itself, the lines wrapped themselves first around one flipper and then around the whale's body several times, and then onto the other flipper. In the ensuing months, the fishing lines that were wrapped tight across the whale's back began to saw their way into its body. They literally began cutting the whale in two. This poor living thing suffered horribly for many months, experiencing a continual increase in pain and injury as the commercial fishing gear slowly sawed into its viscera. Eventually the fishing lines had cut away all the flesh on its back and caused a huge gash from the base of one flipper to another, fully exposing the bones of its shoulder blades, vertebrae, and most of its upper skeleton. The whale finally died from the trauma of pain, infection starvation and blood loss. This horrible death did not have to occur and could have been easily prevented if the Defendants had used "whale safe" fishing gear. However to this day they refuse to do so, despite being fully aware of the fact that their fishing gear is killing endangered wildlife and even wiping out the Northern Right Whale. The Defendants are solely responsible for commercial fishing gear deployed in U. S. coastal waters under the concurrent state jurisdiction Massachusetts and are liable under Section 9 of the ESA for the entanglements.

7.    Most of Cape Cod Bay has been designated as listed critical habitat for the Northern Right Whale pursuant to the provisions of Section 3 of the ESA. The deployment of commercial fishing gear into the area of Cape Cod Bay designated under the ESA as critical for the survival of this whale species adversely impacts this marine environment and in so doing reduces the ability of the Northern Right Whale to thrive and recover from its endangered species habitat. All this commercial fishing gear transforms Northern Right Whale critical habitat into a "death trap" for these endangered whales. The mere physical placement of this Fixed Fishing Gear in Northern Whale critical habitat in Cape Cod Bay — and the vessel operations that place and maintain it — harass and interfere with the feeding and movement of Northern Right Whales and other Endangered Whales in this area. Over one million pieces of Fixed Fishing Gear are annually deployed into Northern Right Whale critical habitat in Cape Cod Bay by agents of the Defendants. The Defendants are in violation of the take prohibitions

from adversely altering the listed critical habitat of the Northern Right Whale in amanner that results in the death or injury of whales.

8.     This civil action is necessary because The National Marine Fisheries Service ("NMFS") and the U. S. Coast Guard ("USCG") have abrogated their mandatory and non-discretionary authority to enforce the Section 9 take prohibitions of the ESA. Both of these federal agencies are given by Congress the necessary authority and non-discretionary mandate to independently enforce the Section 9 take prohibitions of the ESA pursuant to Section 11(e) of the Act. *Id* at 1540(e). Both the NMFS and the USCG refuse — and have done so since the beginning of the Act — to enforce the Section 9 take prohibitions of the ESA against individuals entangling whales through commercial fishing activity licensed by state agencies or licensed by NMFS itself. The NMFS and the USCG has never issued even a single civil citation to any commercial fisherman whose fishing gear entangled an endangered whale. Further, the National Marine Fisheries Service currently and historically violates the Section 9 take prohibitions of the ESA by itself licensing and regulating the deployment of commercial fishing gear in U. S. coastal waters that routinely kills and injures Endangered Whales by entanglement. NMFS and the USCG have never notified any state government that its commercial fishing activities that entangle listed species of Endangered Whales is unlawful or advised them in any manner on how to make their state authorized commercial fisheries Whale Safe.

### Parties

9.     Plaintiff Richard Max Strahan ("Strahan") is a citizen of the United States, a conservation biologist, and also serves as the National Campaign Director for GreenWorld, an environmental movement that seeks to implement conservation plans for endangered species of wildlife. His business address is Suite 195, 276 West Portal Avenue San Francisco CA 94127i.

10.     Defendant Herzfelder is a citizen of the United States. She is being sued in her official capacity as the Secretary of the Massachusetts Executive Office of Environmental Affairs. The address of her place of business is % the Massachusetts Executive Office of Environmental Affairs, 100 Cambridge Street, Boston MA 02108.

11.     Defendant Allen is a citizen of the United States. He is being sued in his official capacity as the Commissioner of the Massachusetts Department of Fisheries and Game. The address of his place of business is % the Massachusetts Department of Fisheries and Game, 100 Cambridge Street, Boston MA 02108.

12.     Defendant Diodati is a citizen of the United States. He is being sued in his official capacity as the Director of the Massachusetts Division of Marine Fisheries. The address of his place of business is % the Massachusetts Division of Marine Fisheries, 100 Cambridge Street, Boston MA 02108.

### Jurisdiction and Standing

14.     The Court has jurisdiction over the subject matter of this action by virtue of 28 U. S. C. § 1331 (action under the laws of the United States); 16 U. S. C. § 1540(c) (action arising under the ESA); 16 U. S. C. § 1540(g) (citizen suit provision of the ESA); and 28 U. S. C. §§ 2201-2202 (power to issue declaratory judgment). Pursuant to Section 11(g) of the ESA, Plaintiff has previously sent written notice to each of the Defendants — and the Secretary of the Department of Commerce and its infra-agency NMFS — informing them of his intent to bring suit against the Defendants if they do not voluntarily stop their said unlawful takings of listed endangered species. None of the Defendants has responded to the Plaintiffs' notices and they continue to the present day their unlawful said activities. The NMFS has informed the Plaintiff that it has no intention of enforcing the ESA Section 9 take prohibitions against state commercial fisheries.

15.     Strahan has standing to bring the instant civil action owing to his extended history of researching and developing conservation plans for species of Endangered Whales. Strahan is an avid whale watcher. Courts have repeatedly found Strahan to have standing to act as a "citizen attorney general" and to bring civil actions under the ESA to enforce the take prohibitions of the ESA in order to protect listed species of Endangered Whales from unlawful takings in the Atlantic Ocean.

## Plaintiff's Claims Against the Defendants

Count I:     Violation of Section 9 of the Endangered Species Act: the Defendants
             Killing and Injuring of Northern Right Whales

16.     Plaintiff realleges and incorporates herein by reference each and every allegation
contained in paragraphs 1 through 16 of this Complaint.

17.     The Defendants are currently and historically violating the Section 9 take
prohibitions of the ESA by authorizing and regulating the annual deployment of millions of
pieces of Lobster Gear, Gill Nets and other kinds of fishing gear into U. S. coastal waters that
routinely kills and injures Northern Right Whales and other Endangered Whales by
entanglement.

18.     On or about 3 August 2002, a Northern Right Whale was entangled in fishing
gear in U. S. coastal waters off Gloucester MA in commercial fishing gear licensed by the
Defendants. The whale was discovered dead in a Gill Net by licensed by the owner of the gear
and the licensed agent of the Defendants.

19.     On or about 1 November 2002 a Northern Right Whale was seen entangled in
commercial fishing gear just outside of Sesuit Harbor in Dennis MA. The Northern Right Whale
was seen entangled in commercial fishing gear anchored to the sea floor outside of Sesuit harbor
in Dennis MA on the same day with a commercial fisherman attempting to remove its gear from
the entangled whale. This individual never reported the entanglements and was trying to remove
the evidence of the unlawful entanglement.

20.     Federal courts have ruled that a state agency is liable under Section 9 of the ESA
for the killing and injuring of members of listed endangered species caused by fishing gear
whose deployment that it authorizes and regulates. See _Strahan supra._

21.     The entanglement of Endangered Whales in commercial fishing gear licensed and
regulated by the Defendants is a violation of the Section 9 take prohibitions of the ESA. Such
unlawful entanglements occur routinely and have been occurring for many decades. Unless the
Court grants the Plaintiff his requested injunctive relief to stop these unlawful entanglements
they will continue and many more endangered Northern Right Whales will be killed and injured

by the Defendants which will also precipitate this critically endangered species into n irreversible path to imminent extinction.

**Count II:**    Violation of Section 9 of the Endangered Species Act: the Defendants Adversely Altering and "Harming" the Designated Listed Critical Habitat of the Northern Right Whales

22.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint.

23.    On 3 June 1994, the National Marine Fisheries Service issued a final rule designating most of Cape Cod Bay in Massachusetts as a listed critical habitat for the Northern Right Whale. See 59 Fed. Reg. 28,793. The presence of fishing gear in this critical habitat is a modification of that habitat that results in enhanced risk to kill and injure species from adverse activities that would not be as significant elsewhere. Such an adverse modification of habitat particularly essential to the survival of an endangered species constitutes a taking by "harm" because it results in the death from entanglement or impairment to feeding, birthing etc.

24.    The Defendants are violating the take prohibitions of Section 9 of the ESA by taking the Northern Right Whale through "harm." by annually licensing and regulating the deployment of over a million pieces of fixed-fishing gear (in the form of gill nets and lobster gear) into Massachusetts Bay in habitat that has been designated by NMFS as listed critical habitat of the Northern Right Whale In so doing the Defendants are intentionally degrading the habitat of the designated listed critical habitat of this endangered species and significantly impairing the Northern Right Whale's ability to survive. The Defendants' said deployment of gill nets, lobster gear, and other fishing gear in waters in an area that is within boundaries of the listed critical habitat for these whales in Cape Cod Bay, has significantly affected the designated listed critical habitat of the Northern right Whale to the point where these endangered whales will likely become killed and injured, directly through the entanglements with the deployed fishing gear, as well as through the significant impairment of their feeding, swimming, and other essential behaviors necessary for the whale's survival by the physical presence of the said fishing

gear. This includes impairment of the Northern Right Whale's ability to recover from its endangered status.

25.     In so doing the Defendants are in continuous violation of the take prohibitions of the ESA. 16 U. S. C. 1538(a)(1)(B) and 1538(g) through "harm." Such unlawful deployment of commercial fishing gear in designated listed Northern Right Whale critical habitat occurs routinely and has been occurring for many decades. Unless the Court grants the Plaintiff his requested injunctive relief to stop these unlawful deployments they will continue and many more endangered Northern Right Whales will be killed and injured by the Defendants which will also precipitate this critically endangered species into an irreversible path to imminent extinction.

**Count III:**     Violation of Section 9 of the Endangered Species Act: the Defendants Killing and Injuring of Humpback Whales

26.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 of this Complaint.

27.     The Defendants are currently and historically violating the Section 9 take prohibitions of the ESA by authorizing and regulating the annual deployment of millions of pieces of Lobster Gear, Gill Nets and other kinds of fishing gear into U.S. coastal waters that routinely kills and injures Humpback Whales and other Endangered Whales by entanglement.

28.     On or about 17 June 2002 a Humpback Whale was entangled in fishing gear licensed by the Defendants in U.S. coastal waters off Sesuit Harbor in Dennis MA. The whale was emaciated and severely distressed when it was discovered entangled in Fixed Fishing Gear on 17 June 2002. Upon inspection it was discovered that the Humpback Whale had sustained numerous injuries from its entanglement. Some buoy lines had become permanently embedded in the whale's flesh and were not removable. It also had sustained several deep cuts on the sides of its flukes. Its flukes were also twisted abnormally and had become dislocated by the entanglement.

29.     On or about 29 June 2002 a Humpback Whale was entangled in fishing gear in U. S. coastal waters just north of Race Point in Provincetown MA. This gear licensed by the Defendants. The whale was emaciated and severely distressed when it was discovered entangled

in Fixed Fishing Gear licensed by the Defendants on 29 June 2002. The same Humpback Whale was later seen on 11 July 2002 at the same location still entangled in commercial fishing gear licensed by the Defendants.

30.     On or about 26 August 2002 a Humpback Whale was entangled in Lobster Gear licensed by the Defendants off Long Point in Provincetown MA. On 26 August 2002 it was observed entangled in two vertical buoy lines of Lobster Gear owned by a licensed agent of the Defendants and this person reported the entanglement.

31.     On or about 1 October 2002 a Humpback Whale was seen entangled in anchored commercial fishing gear licensed by the Defendants about 1.5 miles northeast of Plymouth MA in Cape Cod Bay. The Humpback Whale was dead. It eventually washed ashore off Race Point in Provincetown MA. A detailed physical examination showed deep scarring from entanglement in commercial fishing gear with numerous strands of plastic line buried deep in the wounds in the Humpback Whale's flesh.

32.     The entanglement of Endangered Whales in commercial fishing gear licensed and regulated by the Defendants is a violation of the Section 9 take prohibitions of the ESA. Such unlawful entanglements occur routinely and have been occurring for many decades. Unless the Court grants the Plaintiff his requested injunctive relief to stop these unlawful entanglements they will continue and many more endangered Humpback Whales will be killed and injured by the Defendants which will also unlawfully impede the recovery of this endangered species from its endangered status.

**Count IV**:     Violation of Section 9 of the Endangered Species Act: the Defendants
                  Killing and Injuring of Fin Whales

33.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 of this Complaint.

34.     The Defendants are currently and historically violating the Section 9 take prohibitions of the ESA by authorizing and regulating the annual deployment of millions of pieces of Lobster Gear, Gill Nets and other kinds of fishing gear into U. S. coastal waters that routinely kills and injures Fin Whales and other Endangered Whales by entanglement. The

commercial fishing gear of the Defendants pose a significant and unlawful risk to kill and injure Fin Whales by entanglement in U. S. coastal waters under the concurrent state jurisdiction of Massachusetts. The Blue Whale is listed as a resident native endangered species pursuant to the Massachusetts Endangered Species Act. See M. G. L. Ch. 131A.

35.    The entanglement of any Endangered Whale in commercial fishing gear licensed and regulated by the Defendants is a violation of the Section 9 take prohibitions of the ESA. Such unlawful entanglements occur routinely and have been occurring for many decades. Unless the Court grants the Plaintiff his requested injunctive relief to stop these unlawful entanglements they will continue and many more endangered Fin Whales will be killed and injured by the Defendants which will also unlawfully impede the recovery of this endangered species from its endangered status.

**Count V:**    Violation of Section 9 of the Endangered Species Act:  the Defendants Killing and Injuring of Blue Whales

36.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint.

37.    The Defendants are currently and historically violating the Section 9 take prohibitions of the ESA by authorizing and regulating the annual deployment of millions of pieces of Lobster Gear, Gill Nets and other kinds of fishing gear into U. S. coastal waters that routinely kills and injures Blue Whales and other Endangered Whales by entanglement. The commercial fishing gear of the Defendants pose a significant and unlawful risk to kill and injure Blue Whales by entanglement in U. S. coastal waters under the concurrent state jurisdiction of Massachusetts. The Blue Whale is listed as a resident native endangered species pursuant to the Massachusetts Endangered Species Act. See M. G. L. Ch. 131A.

38.    The entanglement of any Endangered Whale in commercial fishing gear licensed and regulated by the Defendants is a violation of the Section 9 take prohibitions of the ESA. Such unlawful entanglements occur routinely and have been occurring for many decades. Unless the Court grants the Plaintiff his requested injunctive relief to stop these unlawful entanglements they will continue and many more endangered Blue Whales will be killed and injured by the

Defendants which will also unlawfully impede the recovery of this endangered species from its

endangered status.

## PRAYER FOR RELIEF

I.    For a judgment declaring that the Defendants are violating Section 9 take prohibitions of the ESA by their licensing and regulating the deployment of commercial fishing gear in the coastal waters of the United States that entangles listed species of endangered whales.

II.   For a judgment declaring that state and federal government agencies are liable under the Section 9 take prohibitions of the ESA for their licensing and regulating the deployment of commercial fishing gear in United States coastal waters that unlawfully takes members of listed species of wildlife.

III.  For an order, enjoining the Defendants from further licensing and regulating the deployment of commercial fishing gear that has not been scientifically demonstrated previously not to pose a significant risk to cause the entanglement of listed species of endangered whales and otherwise is Whale Safe.

IV.   For an award of the Plaintiffs direct costs of prosecution against the Defendants.

V.    For any further relief that the Court deems appropriate.

BY:

Richard Max Strahan
Suite #195
236 West Portal Avenue
San Francisco CA 94127

*Pro Se and Proud!*

---

### VERIFICATION OF THE COMPLAINT

---

I Richard Max Strahan verify under the pains and penalties of perjury that all the facts alleged in the above complaint are known to the best of my ability to be true. Signed under the pains and penalties of perjury this twenty-first day of January in the year two thousand and five.

Richard Max Strahan

# GreenWorld
Suit 195
236 West Portal Avenue
San Francisco

VIA U. S. CERTIFIED MAIL

TO:    Ellen Roy Herzfelder, Secretary
       Executive Office of Environmental Affairs
       251 Causeway Street
       Boston, MA 02114

       David M. Peters
       Department of Fisheries, Wildlife and Environmental Law Enforcement
       Suite 400
       251 Causeway Street
       Boston, MA 02114

       Paul Diodati
       Division of Marine Fisheries
       Suite 400
       251 Causeway Street
       Boston, MA 02114

June 29, 2003

### NOTICE OF INTENT TO BRING SUIT UNDER THE CLEAN WATER ACT AND THE ENDANGERED SPECIES ACT.

To the Above Parties:

    The commercial fishing industry that you license, fund, and promote causes numerous discharges of pollutants into the waters of the United States in violation of the Federal Water Pollution Control Act, 33 U. S. C. §§ 1251-1376 (hereinafter "CWA"). The deployment and disposal of commercial fishing gear in the navigable waters of the United States constitutes pollution under the CWA. You are causing this discharge of pollutants into to waters of the United States without having either applied for or obtained the requisite National Pollutant Discharge Elimination System ("NPDES") permits. By this letter, pursuant to 33 U. S .C. § 1365(a) and (b) of the CWA. GreenWorld and Strahan is providing you with notice of their intent to file suit to address the violations of the Clean Water Act referenced in this letter.

    Your licensing the use and deployment commercial fishing gear in U. S. coastal waters also results in the injuring and killing of. See 16 U. S. C. §§ 1531 *et seq*. Listed protected species of Whales and Sea Turtles are routinely entangled by the commercial fishing gear that you license and regulate. You are violating the Section 9 take prohibitions of the ESA by licensing and regulation the deployment and use of commercial fishing gear in U. S. coastal waters under concurrent state jurisdiction. See 16 U. S. C. § 1538.

    Since 1994, you have been notified of the unlawful killing and injuring of whales and sea turtles in your commercial fishing gear. You have chosen to flaunt the law and continue your unlawful conduct. You have also been subject to a prior enforcement action to end your violations of federal law. See *Strahan v. Coxe*, 939 F. Supp 963 (D. Mass. 1996), *aff'd mostly* in

*Strahan v. Coxe*, 127 F. 3d 155 (1st Cir. 1997), *cert. denied* in *Coates v. Strahan*, 119 S. Ct. 437 (1998). The court found that you unlawfully kill and injure endangered whales in your commercial fishing gear. Despite this you have continued to intentionally kill and injure thousands of endangered animals and will continue to do so unless you are brought to justice in a court of law.

We await your reply.

In Peace,

Richard Strahan
National Campaign Director