UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN,              )
                                  )
          Plaintiff,              )   Civil Action No. 05-10140-
                                  )            NMG
     v.                           )
                                  )
ROY-HERZFELDER, et al.,           )
                                  )
          Defendants.             )


ORDER ON APPLICATION FOR TEMPORARY RESTRAINING ORDER

GORTON, District Judge

     For the reasons stated below, the Court denies the

plaintiff's application for a temporary restraining order.

BACKGROUND

     On January 21, 2005, plaintiff Richard Max Strahan,

proceeding pro se, filed the following pleadings: (1) Verified

Complaint and Request for Declaratory and Injunctive Relief;

(2) Application for a Temporary Restraining Order and Motion

for a Preliminary Injunction; and (3) Application to Proceed

Without Prepayment of Fees.[1]  Strahan alleges that the

defendants, three Massachusetts state officials, are violating

the Endangered Species Act, 16 U.S.C. § 1531 et seq., by

"licensing and regulating the deployment of commercial fishing

gear that routinely kills and injures Northern Right Whales

---

[1]The Court addresses Strahan's application to proceed
without prepayment of fees in a separate order.

and other listed species of endangered whales through the act

of entanglement." Compl. at 1.

In his application for a temporary restraining order,

Strahan asks that the Court

> 1.   Enjoin the Defendants from licensing the
> deployment of gill nets and lobster gear within the
> boundaries of the area in Cape Cod Bay that has been
> designated by the National Marine Fisheries Service
> as a listed critical habitat for the Northern Right
> Whale;
>
> 2.   Order the Defendants to require all holders
> of commercial fishing permits to report immediately
> the loss of any fishing gear to the Defendants and
> that the Defendants then in turn immediately provide
> the Plaintiff a copy and accounting of these
> reports.

Application for T.R.O. at 1.  In support of his request for

temporary injunctive relief, Strahan simply incorporates by

reference the allegations in his complaint.

<u>DISCUSSION</u>

Strahan's request for an <u>ex parte</u> temporary restraining

order pursuant to Fed. R. Civ. P. 65(b) is denied.[2]  In order

---

[2]Rule 65(b) states that

> a temporary restraining order may be granted without
> written or oral notice to the adverse party or that
> party's attorney only if (1) it clearly appears from
> specific facts shown by affidavit or by the verified
> complaint that immediate and irreparable injury,
> loss, or damage will result to the applicant before
> the adverse party or that party's attorney can be
> heard in opposition, and (2) the applicant's
> attorney certifies to the court in writing the

to show that he is entitled to such an order, the plaintiff

must satisfy the same four-factor test applicable to requests

for preliminary injunctions.  See Levesque v. Maine, 587 F.2d

78, 80 (1st Cir. 1976); see Butler v. Maine Sup. Jud. Ct., 758

F. Supp. 37, 38 (D. Me. 1991).  Specifically, Strahan bears

the burden of demonstrating: (1) a likelihood of success on

the merits; (2) a potential for irreparable injury; (3) the

balance of the relevant equities favors him; and (4) the

public interest would not be adversely affected by an

injunction.  Narragansett Indian Tribe v. Guilbert, 934 F.2d

4, 5 (1st Cir. 1991) (standard for preliminary injunctions).

In addition, a party seeking an ex parte temporary

restraining order must also allege that his injury or loss is

"immediate and irreparable" and will occur before the adverse

party or that party's attorney can be heard in opposition to

the motion.  Fed. R. Civ. P. 65(b).  Further, the party must

certify to the court in writing the efforts, if any, which

have been made to give the defendant notice and the reasons

supporting the claim that notice should not be required.  Id.

In this case, plaintiff has not certified his efforts to

---

efforts, if any, which have been made to give the
notice and the reasons supporting the claim that
notice should not be required.

Fed. R. Civ. P. 65(b).

give notice to the named defendants in this action.  His

failure to do so provides sufficient grounds for denial of the

motion.  See Thompson v. Ramirez, 597 F. Supp. 726, 726

(D.P.R. 1984) (denying temporary restraining order, in part,

where there had been no certification to court in writing, of

the efforts, if any, of notification to adverse parties).

Further, Strahan has not alleged that any "immediate and

irreparable" harm will occur before the defendants or their

attorneys can be heard in opposition to the motion.

CONCLUSION

Accordingly, the Court denies Strahan's application for a

temporary restraining order.  Strahan is advised that once the

defendants receive notice of this case, Strahan may request

that the Court schedule a hearing on an expedited basis to

address the motion for a preliminary injunction.

SO ORDERED.

January 25, 2005               /s/ Nathaniel M. Gorton
DATE                           UNITED STATES DISTRICT JUDGE