UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIVED
APR 15 2005
OFFICE OF THE ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION

RICHARD MAX STRAHAN )
 )
*Plaintiff* )
 ) Civil Action No.
v. )
 ) 05 – 10140 NMG
ELLEN ROY-HERZFELDER, *et al.* )
 ) 15 April 2005
*Defendants* )

## PLAINTIFF'S MOTION FOR A PROTECTION ORDER TO COMPEL THE PRODUCTION OF DISCOVERY

The Plaintiff — Richard Max Strahan — moves the Court for an order to compel the Defendant to respond to his 7 March 2005 request for discovery and to produce the requested materials. <u>See</u> Attached "Plaintiff's Request for Discovery to the Defendants". The Plaintiff served each of the Defendants IN HAND on 7 March 2005. Strahan personally consulted with the attorney for the Defendants who informed him that the Defendants had no intention of responding to his request for discovery. *See attached Discovery Request*

For the above reasons the Plaintiff asks the Court to grant his requested relief.

BY:

_____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

## CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

I certify that I consulted with the Defendants attorney Daniel Hammond of the Office of the Massachusetts Attorney General on the above motion on several occasions. .

_____
Richard Strahan, Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that a copy of this motion has been served IN HAND on the atteorney for the Defendants on 15 April 2005.

_____
Richard Strahan, Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIVED MAR 07 2005 EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS

| | |
|---|---|
| RICHARD MAX STRAHAN ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 05 - 10140 - NMG |
| ELLEN ROY-HERZFELDER, *et al.* ) | |
| ) | 7 March 2005 |
| *Defendants* ) | |

PLAINTIFF'S REQUEST FOR DISCOVERY TO DEFENDANTS

Pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, Plaintiff Richard Max Strahan requests that Defendants Herzfelder, Peters, and Diodati ("Defendants") produce for inspection and copying at the offices of Sierra Club of New England, 100 Boylston Street, Boston, Massachusetts, all documents described below on or before 9:00 A.M. on 7 April 2005. If the Defendants choose to reproduce the requested records on their own and supply them to Strahan on or before 7 April 2005, then they do not need to make their original copies of requested records available for inspection and copying on the said date and location.

### DEFINITIONS

The following definitions shall apply to this request:

1. "Strahan" shall refer to the Plaintiff, Richard Max Strahan.
2. "EOEA" shall mean any office and all employees/agents of the Massachusetts Executive Office of Environmental Affairs and any of its infra-agencies and/or offices.
3. "DFG" shall mean any agency and/or agent of the Massachusetts Department of Fish and Game its infra-agencies and/or offices.

4. "DMF" shall mean any agency and/or agent of the Massachusetts Division of Marine Fisheries its infra-agencies and/or offices.

5. "Correspondence" includes, but is not limited to, any letter, telegram, telex, TWX, notice, message, E-mail, memorandum or other written communication or transcription or notes of a communication.

6. "Whale" or "whales" shall mean any member of a biological species taxonomically listed as belonging to the biological Order Cetacea.

7. "Entangled Whale(s)" shall mean a whale or whales that physically in contact for any length of time on any given day with any rope, net, pot, and/or any physical object that is deployed into the marine environment by an individual for the purpose of catching and/or harvesting marine wildlife of any biological species.

8. "And" and "or" shall mean, where the context permits, "and/or."

9. "All" and "any" shall mean, where the context permits, "any and all."

10. "Documents" shall mean any conceivable type of recorded information on any kind of conceivable material — including (but not exclusively) printed material, notes, hand written material, E-mails, computer files of any format, magnetic audio and/or video recordings, and photographs.

11. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular.

## INSTRUCTIONS

1. As to any document requested herein but withheld on the ground of privilege, please state the following:

    a. The nature of the claimed privilege;

    b. The title of the document;

    c. The type of document (e.g. letter, note, memorandum, etc.);

    d. The date of the document;

e. Names and positions of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared;

f. Names and positions of all persons to whom the document was addressed; or to whom it was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof;

g. Names and positions of all persons from whom the document was received;

h. The present location of the document and all copies thereof;

I. Names and positions of all persons having custody or control of the document and all copies thereof; and

j. Subject matter of the document.

2. In producing documents, documents responsive to each request are to be segregated and labeled so as to indicate which request each segregated set of documents to which it is in response.

3. If a document has been generated as a computer file and then converted into a printed format, the computer file is requested first and only the printed document too if in any way it has been personalized with a signature, date stamp and/or annotations of any type.

## DOCUMENTS REQUESTED

1. All digital computer files of images of entangled whales at the highest available resolution as measured in absolute size of pixels (e. g. if two distinct files exist of the same image but one of them is higher in resolution as measured in pixels, the higher resolution and larger as measured in bytes of a particular format constitutes the requested file).

2. All photographs depicting entangled whales in coastal waters under Massachusetts state jurisdiction.

3. All documents in any way describing and/or reporting the observation of entangled whales in coastal waters under Massachusetts state jurisdiction.

4. All documents concerning the DFG and any of its infra agencies entering into a cooperative agreement with the National Marine Fisheries Service pursuant to Section 6 the federal Endangered Species Act ("ESA") for the purposes of its managing and protecting species of whales resident to Massachusetts and listed as protected species under the provisions of the ESA.

5. All correspondence between the Defendants, EOEA, DFG, and/or DMF with any employee and/or member of the International Fund for Animal Welfare in any way concerning whales and/or sea turtles or any subject concerning whales, sea turtles, commercial fishing and/or fishing gear.

6. All correspondence between the Defendants, EOEA, DFG, and/or DMF with any member and/or employee of the Massachusetts Lobsterman's Association in any way concerning whales and/or sea turtles.

7. All correspondence between the Defendants, EOEA, DFG, and/or DMF with any employee of the National Ocean and Atmospheric Administration ("NOAA") in any way concerning whales and/or sea turtles or any subject concerning whales and/or sea turtles.

8. All documents concerning any memorandum of understanding entered into between the DMF and the Massachusetts Division of Fish and Wildlife and/or any of its employees in any way concerning whales and/or sea turtles or any subject concerning whales, including commercial fishing and/or fishing gear.

9. All correspondence between any of the Defendants, EOEA, DFG, and/or DMF with any member and/or employee of the Center for Coastal Studies in any way concerning whales, sea turtles, commercial fishing, and/or fishing gear

10. All documents concerning the expenditure of funds by the Defendants, the EOEA, the DFG and/or the the DMF for the conservation, observation and/or any kind of research on and/or concerning whales and/or sea turtles.

11. All documents mentioning and/or referring to Plaintiff Strahan.

12. All correspondence between David Gouveia – an employee of NOAA – and any of the Defendants, the EOEA, the DFG, the DMF, David Hoover and/or Daniel MacKiernien (the latter two are employees of the DFG/DMF).

By:

_____
RICHARD MAX STRAHAN, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*PRO SE AND PROUD!*