UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>ELLEN ROY-HERZFELDER, *et al.* )<br>)<br>*Defendants* ) | Civil Action No.<br><br>05 – 10140 - NMG<br><br>3 May 2005 |

---

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
ENLARGE TIME TO FILE RESPONSIVE PLEADINGS

---

The Plaintiff — Richard Max Strahan — OPPOSES the 15 April 2005 "Defendants' Motion to Enlarge Time to File Responsive Pleadings" ("Defendants' Motion"). The Defendants deliberately refused to file the Defendants' Motion within the time required by the summons for them to answer the pleadings and did not timely serve it on Strahan either.[1] The Defendants' have failed to make any respond at all to the Plaintiff's outstanding motion to default the Defendants for failing to file a responsive pleading and for the Court to enter a judgment by default in his favor. See Attachment #1. The Defendants deliberately waited nearly sixty days after being served the summons to ask the Court for more time to answer offering no emergency to justify their continuing refusal to answer the pleadings. The Defendants' Motion asks the Court to allow them to continue their failure to file a timely answer for no other reason than to allow them to pursue an exotic and desperate legal defense that requires no delay to for them to

---

[1] The Defendants did not serve a copy of the Defendants' Motion on Strahan till 27 April 2005 and only till after Strahan demanded service. The Defendants' attorney deliberately made original service to an address for Strahan that is not the address listed in the Summons and is not the address of record for Strahan by the Court. Strahan alleges that this was deliberate to delay the proceedings.

claim it to the Court. Strahan is suffering irreparable harm as the Defendants continue to kill and injure federally protected endangered species of whales. Strahan asks the Court to deny the Defendants' Motion, grant his outstanding motion to default them, and to not tolerate any manner of delay to the Court expeditiously adjudicating Strahan's wholly meritorious claims. The Public Interest demands this as the Defendants documented killing of federally protected endangered species of whales is the core issue of the instant action.

This is the second civil action against the Massachusetts' Division of Marine Fisheries ("MDMF") to stop it and the other Defendants from licensing fishing gear that kills and injures federally protected endangered species of whales in violation of the Endangered Species Act ("ESA"). See *Strahan v. Coxe*, 939 F. Supp. 963 (D. Mass. 1996), aff'd in part and vacated in part, *Strahan v. Coxe*, 127 F. 3d 155 (1st Cir. 1997), cert. denied *Coates v. Strahan*, 525 U. S. 978 (1998). The court in that action found that the MDMF and the other defendants were in violation of the Section 9 take prohibitions Endangered Species Act for killing and injuring endangered whales by licensing fishing gear that killed and injured these whales by entanglement. Despite these findings the Defendants have not significantly altered their actions and continue to license fishing gear that kills and injures endangered whales. These whales face imminent extinction because of the Defendants' continued killing of these animals.

### Plaintiff Opposes the Defendants' Request to Delay Discovery and Motion to Order Requested Admissions to Defendants Admitted for Failure to Answer Requests

The Defendants' Motion also asks the Court to order a stay in discovery also and Strahan opposes this request. The Plaintiff asks the Court to allow discovery to go forward despite the Defendants' filing any Rule 12 motion challenging his standing or the Court's jurisdiction to grant meaningful relief. The Defendants are irreparably killing endangered whales and in violation of the ESA. Any meaningful relief from the Court for Strahan requires an expeditious

adjudication of his claims against the Defendants. Since the court already in *Strahan* ruled that these same Defendants were illegally killing endangered whales, the Court must allow Strahan without delay to complete discovery as soon as possible so that he can move for a final judgment against the Defendants and obtain meaningful injunctive relief against the Defendants that will finally end their current violation of the Endangered Species Act. A delay in discovery means another dead endangered whales.

The Defendants have failed to provide any response to Strahan's outstanding discovery request despite the date for the response has past. See Attachment #2. On 7 March 2005 Strahan served on the defendants a Rule 34 request for a production of documents after complying with pre-discovery consultation. On that date he also served a Rule 36 request for admissions on the Defendants. See Attachment #3. Almost sixty days have transpired without any response from the Defendants. He served a Motion to Compel Discovery on the Defendants on 15 April 2005. SEE Attachment # 4 The Defendants have refused to make any timely response to his motion to compel the production of the requested documents.

Since the Defendants have refused to file a timely response to his request for admissions to the Defendants, Strahan is asking the Court to find that the Defendants have made the requested admissions — this includes the admission that endangered whales are currently being entangled by fishing gear licensed by the Defendants.

For the above reasons the Plaintiff asks the Court to DENY the Defendants' Motion and grant his outstanding motions and instant requested relief.

BY: _____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

## CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

I certify that I consulted with the Defendants attorney Daniel Hammond of the Office of the Massachusetts Attorney General on the above motion on several occasions. .

_____
Richard Strahan, Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that a copy of this motion has been served IN HAND on the attorney for the Defendants on 3 May 2005.

_____
Richard Strahan, Plaintiff

ATTACH #1

Copy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN )
)
Plaintiff )  05 – 10140 - NMG
)
v. )
)  5 April 2005
)
ELLEN ROY-HERZFELDER, et al. )
)
Defendants )

## MOTION TO DEFAULT DEFENDANTS FOR FAILURE TO FILE A TIMELY ANSWER

The Plaintiff Richard Max Strahan moves the Court to default the Defendants for failing to file a timely answer to his complaint. He asks the Court to enter a default final judgement in his favor for all the claims that his complaint brings against the Defendants. The Plaintiff requests that the Court schedule a hearing for all parties on the issue of the entering of a specific Final Judgment in his favor in this matter. Alternatively, the Plaintiff moves the Court to order the Defendants to file the required answer by 12 April 2005 or another date deemed appropriate by the Court. Strahan is suffering ongoing irreparable harm by the Defendants and seeks an expeditious adjudication by the Court of his claims against the Defendants.

This action was commenced on 21 January 2005. The U. S. Marshals made service of the summons and pleadings on the Defendants on 22 February 2005. The summons commanded the Defendants to serve an answer to the Plaintiff's complaint within twenty days from their being served the summons. See attached copy of summons and certificate of service by the U. S. Marshals Service for each of the Defendants. Up to the present date, none of the Defendants or any attorney representing them has served on the Pliantiff or the Court the required answer that was commanded by the summons to be filed by 14 March 2005. Strahan has communicated

...attorney who claims to represent the Defendants without any success at getting an agreed date for the answer to be served on the Plaintiff and the Court by the Defendants.

For the above reasons, the Plaintiff asks the Court to grant his requested relief.

BY:

_____
Richard Max Strahan, Plaintiff
617.233.3854
esisfoo@yahoo.com

*Pro Se and Proud!*

---

## CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULE 7

On 29 March 2005 I spoke with assistant Attorney General Daniel Hammond of the Massachusetts Office of the Attorney General. I was told by Hammond that he would be the attorney of record for the Defendants. I asked him to file an answer. He informed me that the Defendants had no intention of filing the required answer in the immediate future nor would he agree to file an answer by any given date in the future.

_____
Richard Max Strahan

---

## CERTIFICATE OF SERVICE

I served IN HAND a copy of the instant motion w/attachments on the Defendants attorney and/or the Office of the Massachusetts Attorney General on 5 April 2005.

_____
Richard Max Strahan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN                )
                                   )
        *Plaintiff*                )
                                   )
                                   )   Civil Action No.
v.                                 )
                                   )   05 – 10140 - NMG
ELLEN ROY-HERZFELDER, *et al.*     )
                                   )   7 March 2005
        *Defendants*               )

RECEIVED MAR 07 2005 EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS

Attachment #2

### PLAINTIFF'S REQUEST FOR DISCOVERY TO DEFENDANTS

Pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, Plaintiff Richard Max Strahan requests that Defendants Herzfelder, Peters, and Diodati ("Defendants") produce for inspection and copying at the offices of Sierra Club of New England, 100 Boylston Street, Boston, Massachusetts, all documents described below on or before 9:00 A.M. on 7 April 2005. If the Defendants choose to reproduce the requested records on their own and supply them to Strahan on or before 7 April 2005, then they do not need to make their original copies of requested records available for inspection and copying on the said date and location.

### DEFINITIONS

The following definitions shall apply to this request:

1. "Strahan" shall refer to the Plaintiff, Richard Max Strahan.
2. "EOEA" shall mean any office and all employees/agents of the Massachusetts Executive Office of Environmental Affairs and any of its infra-agencies and/or offices.
3. "DFG" shall mean any agency and/or agent of the Massachusetts Department of Fish and Game its infra-agencies and/or offices.

4. "DMF" shall mean any agency and/or agent of the Massachusetts Division of Marine Fisheries its infra-agencies and/or offices.

5. "Correspondence" includes, but is not limited to, any letter, telegram, telex, TWX, notice, message, E-mail, memorandum or other written communication or transcription or notes of a communication.

6. "Whale" or "whales" shall mean any member of a biological species taxonomically listed as belonging to the biological Order Cetacea.

7. "Entangled Whale(s)" shall mean a whale or whales that physically in contact for any length of time on any given day with any rope, net, pot, and/or any physical object that is deployed into the marine environment by an individual for the purpose of catching and/or harvesting marine wildlife of any biological species.

8. "And" and "or" shall mean, where the context permits, "and/or."

9. "All" and "any" shall mean, where the context permits, "any and all."

10. "Documents" shall mean any conceivable type of recorded information on any kind of conceivable material — including (but not exclusively) printed material, notes, hand written material, E-mails, computer files of any format, magnetic audio and/or video recordings, and photographs.

11. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular.

## INSTRUCTIONS

1. As to any document requested herein but withheld on the ground of privilege, please state the following:

   a. The nature of the claimed privilege;

   b. The title of the document;

   c. The type of document (e.g. letter, note, memorandum, etc.);

   d. The date of the document;

  e. Names and positions of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared;

  f. Names and positions of all persons to whom the document was addressed; or to whom it was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof;

  g. Names and positions of all persons from whom the document was received;

  h. The present location of the document and all copies thereof;

  I. Names and positions of all persons having custody or control of the document and all copies thereof; and

  j. Subject matter of the document.

2. In producing documents, documents responsive to each request are to be segregated and labeled so as to indicate which request each segregated set of documents to which it is in response.

3. If a document has been generated as a computer file and then converted into a printed format, the computer file is requested first and only the printed document too if in any way it has been personalized with a signature, date stamp and/or annotations of any type.

## DOCUMENTS REQUESTED

1. All digital computer files of images of entangled whales at the highest available resolution as measured in absolute size of pixels (e. g. if two distinct files exist of the same image but one of them is higher in resolution as measured in pixels, the higher resolution and larger as measured in bytes of a particular format constitutes the requested file).

2. All photographs depicting entangled whales in coastal waters under Massachusetts state jurisdiction.

3.  All documents in any way describing and/or reporting the observation of entangled whales in coastal waters under Massachusetts state jurisdiction.

4.  All documents concerning the DFG and any of its infra agencies entering into a cooperative agreement with the National Marine Fisheries Service pursuant to Section 6 the federal Endangered Species Act ("ESA") for the purposes of its managing and protecting species of whales resident to Massachusetts and listed as protected species under the provisions of the ESA.

5.  All correspondence between the Defendants, EOEA, DFG, and/or DMF with any employee and/or member of the International Fund for Animal Welfare in any way concerning whales and/or sea turtles or any subject concerning whales, sea turtles, commercial fishing and/or fishing gear.

6.  All correspondence between the Defendants, EOEA, DFG, and/or DMF with any member and/or employee of the Massachusetts Lobsterman's Association in any way concerning whales and/or sea turtles.

7.  All correspondence between the Defendants, EOEA, DFG, and/or DMF with any employee of the National Ocean and Atmospheric Administration ("NOAA") in any way concerning whales and/or sea turtles or any subject concerning whales and/or sea turtles.

8.  All documents concerning any memorandum of understanding entered into between the DMF and the Massachusetts Division of Fish and Wildlife and/or any of its employees in any way concerning whales and/or sea turtles or any subject concerning whales, including commercial fishing and/or fishing gear.

9.  All correspondence between any of the Defendants, EOEA, DFG, and/or DMF with any member and/or employee of the Center for Coastal Studies in any way concerning whales, sea turtles, commercial fishing, and/or fishing gear

10. All documents concerning the expenditure of funds by the Defendants, the EOEA, the DFG and/or the the DMF for the conservation, observation and/or any kind of research on and/or concerning whales and/or sea turtles.

11.   All documents mentioning and/or referring to Plaintiff Strahan.

12.   All correspondence between David Gouveia -- an employee of NOAA -- and any of the Defendants, the EOEA, the DFG, the DMF, David Hoover and/or Daniel MacKiernien (the latter two are employees of the DFG/DMF).

By:

_____
RICHARD MAX STRAHAN, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*PRO SE AND PROUD!*

Received 3/8/05
Division of Marine Fisheries

Received 3/8/05
Division of Marine Fisheries

**RECEIVED**
MAR 09 2005
EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN            )
                               )
         *Plaintiff*           )
                               )
v.                             )    Civil Action No.
                               )
ELLEN ROY-HERZFELDER, *et al.* )    05 – 10140 - NMG
                               )
         *Defendants*          )    7 March 2005
                               )

Attachment #2

---

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO ALL THE DEFENDANTS

---

Plaintiff — Richard Max Strahan — makes the following requests for admissions on Defendants Herzfelder, Peters and Diodati pursuant to Rule 36 of the Fed. R. Civ. Proc. on all of the Defendants —

1. At least one Northern Right Whale has been entangled in commercial fishing gear deployed in U. S. coastal waters under license of the Massachusetts Division of Marine Fisheries at some point between the years 1999 to the present time.

2. At least one Humpback Whale has been entangled in commercial fishing gear deployed in U. S. coastal waters under license of the Massachusetts Division of Marine Fisheries at some point between the years 1999 to the present time.

3. At least one Minke Whale has been entangled in commercial fishing gear deployed in U. S. coastal waters under license of the Massachusetts Division of Marine Fisheries at some point between years 1999 to the present time.

4. At least one Fin Whale has been entangled in commercial fishing gear under license of the Massachusetts Division of Marine Fisheries at some point between years 1999 to the present time.

5. At least one Blue Whale has been entangled in commercial fishing gear deployed in U. S. coastal waters under license of the Massachusetts Division of Marine Fisheries at some point between years 1999 to the present time.

6. At least one Harbor Porpoise has been entangled in commercial fishing gear deployed in U. S. coastal waters under license of the Massachusetts Division of Marine Fisheries at some point between years 1999 to the present time.

7. From 1999 to the present time there has been no survey effort made of Massachusetts coastal waters that would accurately detect on any given day of the year whether any marine mammal on that day became entangled or not in commercial fishing gear deployed in U. S. coastal waters under license by the Massachusetts Division of Marine Fisheries.

8. The Massachusetts Division of Marine Fisheries has not developed and//or enforces a policy that mandates that *no* member of a state-listed endangered species of whale will be entangled by fishing gear deployed in U. S. coastal waters under its license.

9. The Defendant Herzfelder has never issued any directive or now enforces any past directive to any employee of the Executive Office of Environmental Affairs and/or its infra-agencies that whales are not allowed to be entangled in commercial fishing gear licensed the Massachusetts Division of Marine Fisheries

3

and that any said entanglement is to be treated as a violation of state and federal wildlife laws.

10. The Defendants have no intention without being ordered by a court to obey the take prohibitions of the federal Endangered Species Act without being ordered to do so by a court of law.

11. The Defendants and the/or the Environmental Police has never cited or fined any commercial fisherman for violating the Massachusetts Endangered Species whose fishing gear was found to have killed and/or injured a listed species of whale by entangling it.

Pursuant to the requirements of Rule 36(a), if you refuse to make the requested admissions, then you must supply a factual basis under oath for your refusal to make the requested admission.

BY:

Richard Max Strahan
928 Dorchester Avenue, #5
Boston, MA 02125

*Pro Se and Proud!*

Copy

RECEIVED

APR 15 2005

OFFICE OF THE ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION

Attachment #4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN        )
                            )
        *Plaintiff*         )
                            )
v.                          )   Civil Action No.
                            )
ELLEN ROY-HERZFELDER, *et al.*  )   05 – 10140 - NMG
                            )
        *Defendants*        )   15 April 2005
                            )

## PLAINTIFF'S MOTION FOR A PROTECTION ORDER TO COMPEL THE PRODUCTION OF DISCOVERY

The Plaintiff — Richard Max Strahan — moves the Court for an order to compel the Defendant to respond to his 7 March 2005 request for discovery and to produce the requested materials. See Attached "Plaintiff's Request for Discovery to the Defendants". The Plaintiff served each of the Defendants IN HAND on 7 March 2005. Strahan personally consulted with the attorney for the Defendants who informed him that the Defendants had no intention of responding to his request for discovery.

For the above reasons the Plaintiff asks the Court to grant his requested relief.

BY: _____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

## CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

I certify that I consulted with the Defendants attorney Daniel Hammond of the Office of the Massachusetts Attorney General on the above motion on several occasions. .

*Richard Strahan, Plaintiff*

## CERTIFICATION OF SERVICE

I hereby certify that a copy of this motion has been served IN HAND on the atteorney for the Defendants on 15 April 2005.

*Richard Strahan, Plaintiff*