UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD MAX STRAHAN, <br><br> and <br><br> JEREMY SHUGAR, <br><br>    Plaintiffs <br><br> v. <br><br> ELLEN ROY-HERZFELDER, in her official capacity as Secretary of the Massachusetts Executive Office of Environmental Affairs, <br><br> DAVID M. PETERS, in his official capacity as Commissioner of the Massachusetts Department of Fish and Game, <br><br> and <br><br> PAUL DIODATI, in his official capacity as Director of the Massachusetts Division of Marine Fisheries, <br><br>    Defendants | Civil Action <br> No. 05-10140-NMG |

## DEFENDANTS' ANSWER
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Ellen Roy Herzfelder, in her capacity as Secretary of the Massachusetts Executive Office

of Environmental Affairs (the "Secretary"), David M. Peters, in his capacity as Commissioner of

the Massachusetts Department of Fish and Game (the "Commissioner"), and Paul Diodati, in his

capacity as Director of the Massachusetts Division of Marine Fisheries (the "Director"),

defendants in this action (together, the "State Defendants"), hereby answer the first amended complaint of Richard Max Strahan and Jeremy Shugar (together, the "Plaintiffs"), as follows:

1.    The State Defendants are without sufficient knowledge to admit or deny the factual allegations contained in paragraph 1 of the Complaint. Further answering, the State Defendants admit that they, and/or their predecessors in their present positions, are or were defendants in the federal civil actions enumerated in paragraph 1.

2.    The State Defendants admit the allegations in Paragraph 2 of the Complaint, to the extent that they are factual allegations pertaining to the history of the Northern Right Whale census. Further answering, to the extent that Paragraph 2 purports to characterize the status of federal and state regulatory efforts with respect to the Northern Right Whale, these allegations state legal conclusions, as to which no responsive pleading is required. Further answering, the State Defendants are without sufficient knowledge to admit or deny the allegation that the population of Northern Right Whales in the Atlantic Ocean is "in the low 200s."

3.    The State Defendants deny the allegations contained in Paragraph 3 of the Complaint. Further answering, to the extent that Paragraph 3 purports to characterize the substance of Massachusetts statutes and regulations pertaining to the deployment and licensing of fishing gear, these statutes and regulations speak for themselves. Further answering, to the extent that Paragraph 3 contains allegations pertaining to the State Defendants' liability under one or more federal statutes, these allegations state legal conclusions, as to which no responsive pleading is required.

4.    The State Defendants are without sufficient information to admit or deny the factual allegations contained in Paragraph 4 of the Complaint. Further answering, to the extent

2

that Paragraph 4 alleges that any gear type is "inherently dangerous" within the meaning of the

Endangered Species Act (the "ESA"), this allegation states a legal conclusion, as to which no

responsive pleading is required.

5.      Paragraph 5 of the Complaint states a legal conclusion, as to which no responsive

pleading is required.  Further answering, to the extent that Paragraph 5 purports to quote from

the text of the ESA and federal regulations, such statute and regulation speak for themselves.

6.      The State Defendants are without sufficient knowledge to admit or deny the

factual allegations contained in Paragraph 6 of the Complaint.  To the extent that paragraph 6

purports to describe the State Defendants' obligations or liabilities under the ESA, these

allegations state a legal conclusion, as to which no responsive pleading is required.

7.      Paragraph 7 of the Complaint states legal conclusions, as to which no responsive

pleading is required.

8.      The State Defendants are without sufficient knowledge to admit or deny the

allegations contained in Paragraph 8 of the Complaint.

## Parties

9a.      The State Defendants are without sufficient knowledge to admit or deny the

allegations contained in Paragraph 9a of the Complaint.

9b.      The State Defendants are without sufficient knowledge to admit or deny the

allegations contained in Paragraph 9b of the Complaint.

10.      The State Defendants admit the allegations contained in Paragraph 10 of the

Complaint.

11.      The State Defendants admit the allegations contained in Paragraph 11 of the

Complaint.

12.    The State Defendants admit the allegations contained in Paragraph 12 of the Complaint.

## Jurisdiction and Standing

[There appears to be no paragraph in the Complaint denoted as Paragraph 13.]

14.    Paragraph 14 of the Complaint states a legal conclusion, as to which no responsive pleading is required.  Further answering, the State Defendants are without sufficient information to admit or deny the factual allegations pertaining to communications between the federal National Marine Fisheries Service and the Plaintiffs.

15.    To the extent that Paragraph 15 of the Complaint contains factual allegations, the State Defendants are without sufficient knowledge to admit or deny these allegations.  Further answering, to the extent that Paragraph 15 states a legal conclusion, it requires no responsive pleading.

## Plaintiffs' Claims Against the Defendants

### Count I

16.    The State Defendants restate and reincorporate their responses to Paragraphs 1 through 15 above, as though restated here in full.

17.    Paragraph 17 of the Complaint states a legal conclusion, as to which no responsive pleading is required.

18.    The State Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19a.    The State Defendants are without sufficient knowledge to admit or deny the

allegations contained in Paragraph 19a of the Complaint.

19b.    The State Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 19b of the Complaint.

19c.    The State Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 19c of the Complaint.

20.    Paragraph 20 of the Complaint states a legal conclusion, as to which no responsive pleading is required.

21.    Paragraph 21 of the Complaint states a legal conclusion, as to which no responsive pleading is required.

**Count II**

22.    The State Defendants restate and reincorporate their responses to Paragraphs 1 through 21 above, as though restated here in full.

23.    To the extent that Paragraph 23 of the Complaint purports to summarize the contents of a federal regulation, that regulation speaks for itself.  Further answering, the remaining allegations in Paragraph 23 of the Complaint state a legal conclusion, as to which no responsive pleading is required.

24.    Paragraph 24 of the Complaint states a legal conclusion, as to which no responsive pleading is required.

25.    Paragraph 25 of the Complaint states a legal conclusion, as to which no responsive pleading is required.

**Count III**

26.    The State Defendants restate and reincorporate their responses to Paragraphs 1

through 25 above, as though set forth here in full.

27.    Paragraph 27 of the Complaint states a legal conclusion, as to which no responsive pleading is required.

28.    The State Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29.    The State Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30.    The State Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31.    The State Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 31 of the Complaint.

32.    Paragraph 32 of the Complaint states legal conclusions, as to which no responsive pleading is required.

**Count IV**

33.    The State Defendants restate and reincorporate their responses to Paragraphs 1 through 32 of the Complaint, as though set forth here in full.

34.    Paragraph 34 of the Complaint states legal conclusions, as to which no responsive pleading is required.

35.    Paragraph 35 of the Complaint states legal conclusions, as to which no responsive pleading is required.

**Count V**

36.    The State Defendants restate and reincorporate their responses to Paragraphs 1

through 35 of the Complaint, as though set forth here in full.

37.    Paragraph 37 of the Complaint states legal conclusions, as to which no responsive pleading is required.  Further answering, to the extent that Paragraph 37 purports to summarize the content of a Massachusetts statute, that statute speaks for itself.

38.    Paragraph 38 of the Complaint states legal conclusions, as to which no responsive pleading is required.

## AFFIRMATIVE DEFENSES

1.  The Plaintiffs lack standing to prosecute this case.

2.  The Complaint fails to state a claim upon which relief may be granted.

3.  The State Defendants are qualifiedly immune from suit in this matter.

4.  This action is barred by the doctrine of res judicata.

5.  The claims set forth in this action are barred by the doctrine of issue preclusion.

Respectfully submitted,

ELLEN ROY-HERZFELDER, in her
official capacity as Massachusetts
Secretary of Environmental Affairs;

DAVID M. PETERS, in his official
capacity as Massachusetts Commissioner
of the Department of Fish and Game;

and

PAUL DIODATI, in his official capacity
as Director of the Massachusetts Division
of Marine Fisheries

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Daniel J. Hammond
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachsuetts 02108
(617) 727-2200, ext. 2078

## CERTIFICATE OF SERVICE

I, Daniel J. Hammond, hereby certify that I caused a true and accurate copy of the attached Answer to be served upon the parties listed below by first-class mail, postage pre-paid, on May 13, 2005.

Daniel J. Hammond
Assistant Attorney General
Government Bureau

Richard Max Strahan
928 Dorchester Avenue, Unit 5
Boston, Massachusetts 02125

Jeremy Shugar
86 Norfolk Street, Unit 3
Cambridge, Massachusetts 02138