UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN  )<br>  )<br>*Plaintiff*  )<br>  )  Civil Action No.<br>v.  )<br>  )  05 – 10140 - NMG<br>ELLEN ROY-HERZFELDER, *et al.*  )<br>  )  14 June 2005<br>*Defendants*  ) | |

---

**PLAINTIFF'S MOTION FOR A PROTECTION ORDER TO
COMPEL THE PRODUCTION OF DISCOVERY**

---

The Plaintiff — Richard Max Strahan — moves the Court for an order to compel Peter Borrelli and the center for Coastal Studies to comply with the subpoena that was served on them by Strahan to produce for copying requested materials. . See Attached subpoena. The CCS and Borrelli was served VIA TRACKED U. S. Priority Mai on 16 April 2005. These parties have wholly failed to comply with the subpoena's request for the production of documents by 16 May 2005. .

Strahan requests that the Court entertain argument on this subpoena on the status conference in the instant action scheduled for 24 June 2005.

For the above reasons the Plaintiff asks the Court to grant his requested relief.

BY:

_____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

## CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

I certify that I consulted with the Defendants attorney Daniel Hammond of the Office of the Massachusetts Attorney General on the above motion on several occasions. .

_____
Richard Strahan, Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that a copy of this motion has been served VIA Mail and E-mail on the attorney for the Center for Coastal Studies on 14 June 2005 and also e-mailed to Borrelli at the CCS.

_____
Richard Strahan, Plaintiff

Issued by the
# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

Richard Max Strahan

V.

Ellen Roy-Herzfelder et al

SUBPOENA IN A CIVIL CASE

Case Number: 05-10140-NMG

TO: Peter Borrelli, Director
Center for Coastal Studies
Provincetown, MA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHMENT

at Massachusetts Sierra Club
100 Boylston Street, 7th Floor
Boston, MA

| PLACE | DATE AND TIME |
|---|---|
| | 15 May 2005 at 9 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Courtroom dept clerk | 3/11/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
UNITED STATES DISTRICT COURT
1 COURTHOUSE WAY
SUITE 2301
BOSTON, MA 02210  617-748-9158

CRAIG NICEWICZ, Deputy Clerk

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 16 April 2005 | via Tracked U.S. Priority Mail # |

SERVED ON (PRINT NAME): Peter Borrelli and Center for Coastal Studies

MANNER OF SERVICE: 

SERVED BY (PRINT NAME): 

TITLE: 

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 16 April 2005

SIGNATURE OF SERVER

ADDRESS OF SERVER: 928 Dorchester Ave #5, Boston MA 02125

Richard Max Strahan
# 0304 1560 0006 0139 2206

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>*Plaintiff* )<br>)<br>)<br>v. )<br>)<br>ELLEN ROY-HERZFELDER, *et al.* )<br>)<br>*Defendants* ) | Civil Action No.<br><br>05 – 10140 - NMG<br><br>15 April 2005 |

---

**PLAINTIFF'S SUBPOENA TO PETER BORRELLI AND THE CENTER FOR COASTAL STUDIES TO PRODUCE DOCUMENTS FOR INSPECTION AND COPYING**

---

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Richard Max Strahan DEMANDS that Peter Borrelli and the Center for Coastal Studies of Providence MA produce for inspection and copying at the offices of Sierra Club of New England, 100 Boylston Street, Boston, Massachusetts, all documents described below on or before 9:00 A.M. on 16 May 2005. If the Defendants choose to reproduce the requested records on their own and supply them to Strahan on or before 16 May 2005, then they do not need to make their original copies of requested records available for inspection and copying on the said date and location.

### DEFINITIONS

The following definitions shall apply to this request:

1. "Strahan " shall refer to the Plaintiff, Richard Max Strahan.

2. "EOEA" shall mean any office and all employees/agents of the Massachusetts Executive Office of Environmental Affairs and any of its infra-agencies and/or offices.

3. "DFG" shall mean any agency and/or agent of the Massachusetts Department of Fish and Game its infra-agencies and/or offices.

4. "DMF" shall mean any agency and/or agent of the Massachusetts Division of Marine Fisheries its infra-agencies and/or offices.

5. "CCS" shall mean the Center for Coastal Studies in Provincetown, MA.

6. "Correspondence" includes, but is not limited to, any letter, telegram, telex, TWX, notice, message, E-mail, memorandum or other written communication or transcription or notes of a communication.

7. "Whale" or "whales" shall mean any member of a biological species taxonomically listed as belonging to the biological Order Cetacea.

8. "Entangled Whale(s)" shall mean a whale or whales that physically in contact for any length of time on any given day with any rope, net, pot, and/or any physical object that is deployed into the marine environment by an individual for the purpose of catching and/or harvesting marine wildlife of any biological species.

9. "And" and "or" shall mean, where the context permits, "and/or."

10. "All" and "any" shall mean, where the context permits, "any and all."

11. "Documents" shall mean any conceivable type of recorded information on any kind of conceivable material — including (but not exclusively) printed material, notes, hand written material, E-mails, computer files of any format, magnetic audio and/or video recordings, and photographs.

12. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular.

## INSTRUCTIONS

1. As to any document requested herein but withheld on the ground of privilege, please state the following:

    a. The nature of the claimed privilege;

    b. The title of the document;

    c. The type of document (e.g. letter, note, memorandum, etc.);

  d. The date of the document;

  e. Names and positions of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared;

  f. Names and positions of all persons to whom the document was addressed; or to whom it was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof;

  g. Names and positions of all persons from whom the document was received;

  h. The present location of the document and all copies thereof;

  I. Names and positions of all persons having custody or control of the document and all copies thereof; and

  j. Subject matter of the document.

2. In producing documents, documents responsive to each request are to be segregated and labeled so as to indicate which request each segregated set of documents to which it is in response.

3. If a document has been generated as a computer file and then converted into a printed format, the computer file is requested first and only the printed document too if in any way it has been personalized with a signature, date stamp and/or annotations of any type.

## DOCUMENTS REQUESTED

1. Ten representative digital images of each and every whale observed entangled in fishing gear within fifty miles of U. S. coastal waters under Massachusetts state jurisdiction between the years 1999 – 2005. The digital images provided should be the highest available resolution as measured in absolute size of pixels (e. g. if two distinct files exist of the same image but one of them is higher in resolution as measured in pixels, the higher resolution and larger as measured in bytes of a particular format constitutes the

requested file). In addition necessary documentation that identifies the date any provided picture was taken, the location it was taken in latitude and longitude, the species of the whale that is being depicted, and the name of the photographer that took the image,

2. All documents concerning reports of any whale observed entangled in fishing gear within 50 miles of U. S. coastal waters under Massachusetts state jurisdiction (e. g. within 53 miles of any point on the Massachusetts coastline) between the years 1999 - 2005.

3. All documents in any way describing and/or reporting the observation of entangled whales in coastal waters under Massachusetts state jurisdiction.

4. Documents concerning and detailing the removal of fishing gear from whales between 1999 - 2005 and the subsequent handling and disposal/storage of this fishing gear.

5. Ten representative digital images of the fishing gear removed from each whale disentangled by employees and agents of the CCS between the years 1999 – 2005. The digital images provided should be the highest available resolution as measured in absolute size of pixels (e. g. if two distinct files exist of the same image but one of them is higher in resolution as measured in pixels, the higher resolution and larger as measured in bytes of a particular format constitutes the requested file). In addition the necessary documentation that identifies the date any provided picture was taken, the location it was taken in latitude and longitude, and the name of the photographer that took the image,

6. All computer records detailing observations of the occurrence of individual Northern Right Whales, Humpback Whales, Fin Whales, Minke Whales and Blue Whales between the years 1999 – 2005 in coastal waters under Massachusetts state jurisdiction and the area within fifty miles of any point on the Massachusetts coastline,

7. All correspondence between any employee and/or agent of the EOEA, DFG, and/or DMF and any employee or agent of the CCS in any way concerning and/or naming Richard Max Strahan.

8.  Any report and/or other results — including high resolution photographs — of studies of the scarring on individual Humpback Whales and the correlation of this scarring on the whale with its possible entanglement in commercial and sports fishing gear.

By:



RICHARD MAX STRAHAN, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*PRO SE AND PROUD!*