UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN,

                Plaintiff,

v.

SECRETARY ELLEN ROY-HERZFELDER;
COMMISSIONER DAVID PETERS; and
DIRECTOR PAUL DIODATI,

                Defendants.

Civil Action No. 05-10140-NMG

## PROVINCETOWN CENTER FOR COASTAL STUDIES CROSS-MOTION TO QUASH

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv), Provincetown Center for Coastal Studies (the "Center"), though its attorneys, Nixon Peabody LLP, hereby moves this Court for an ordering quashing the Subpoena, served on or about April 15, 2005, by Plaintiff Richard Max Strahan. In support of this Motion, the Center submits the following: Affidavit of Peter Borrelli; Affidavit of Amy R. George, Esq.; and the Memorandum of Law in Opposition to Plaintiff's Motion to Compel and in Support of the Center's Cross-Motion to Quash. In addition, the Center states as follows:

    1.    On or about April 15, 2005, Plaintiff served the Center with a Subpoena in the above-captioned matter.

    2.    The Center is a not-for-profit organization that, with respect to whales, conducts marine mammal research relating to humpback and right whales and performs whale rescues.

    3.    The Center is federally-authorized to perform large whale disentanglement under the authority of Scientific Research and Enhancement Permit Number 932-1489-04/PRT009526,

issued by the National Oceanic and Atmospheric Administration ("NOAA") National Marine Fisheries Service and United States Fish and Wildlife Service, under the authority of the Marine Mammal Protection Act and the Endangered Species Act.

4. On April 28, 2005, the Center timely sent Plaintiff its written objection to the Subpoena, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), indicating that, among other things, responding to the Subpoena would be unduly burdensome for the Center.

5. The Subpoena requests eight (8) categories of documents, dating from 1999 to 2005, including photographs, computer records, correspondence, and other documents relating to whale entanglements and sightings.

6. The Center seeks an order quashing this Subpoena for the foregoing reasons, which are set forth in more detail in the Affidavits and Memorandum of Law submitted herewith:

    a. In response to the Subpoena, the Center produced its on-line whale entanglement database, which contains virtually all of the information in the Center's possession on whale entanglements and is responsive to six of Plaintiff's requests;

    b. Requiring the Center to collect, review, and produce additional whale entanglement documents responsive to the Subpoena would be unduly burdensome upon the Center, requiring resources that would cripple the Center and its day-to-day operations; and

    c. Much of the information requested by Plaintiff in the Subpoena is duplicative of information in the possession of NOAA.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the Center hereby certifies that it has made a good faith attempt to resolve this matter prior to filing this Motion, during numerous conversations between Plaintiff and counsel for the Center, as well as conversations between Plaintiff and Peter Borrelli, Executive Director of the Center.

## REQUEST FOR ORAL ARGUMENT

The Center hereby requests that the Court conduct a hearing on its Motion to Quash.

WHEREFORE, the Provincetown Center for Coastal Studies requests that this Court grant its Cross-Motion to Quash, and such other just and equitable relief as the Court deems appropriate.

Respectfully submitted,

PROVINCETOWN CENTER FOR COASTAL STUDIES

By its attorneys,

*/s/ Amy R. George*

David M. Ryan (BBO No. 644037)
Amy R. George (BBO No. 629548)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
617-345-1000 (phone)
617-345-1300 (fax)

Dated:      June 23, 2005

3

## CERTIFICATE OF SERVICE

I, Amy R. George, Esq., do hereby certify that the above Cross-Motion to Quash was served, by hand delivery, upon Richard Max Strahan, 928 Dorchester Avenue, Unit 5, Boston, MA 02125, on this 23th day of June, 2005.

*Amy R. George*
Amy R. George