Copy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN ) <br> ) <br> *Plaintiff* ) <br> ) Civil Action No. <br> v. ) <br> ) 05 – 10140 - NMG <br> ELLEN ROY-HERZFELDER, *et al.* ) <br> ) 29 July 2005 <br> *Defendants* ) | |

---

**PLAINTIFF'S SECOND MOTION FOR A PROTECTION ORDER TO COMPEL THE PRODUCTION OF REQUESTED DOCUMENTS AND REQUESTED ADMISSIONS**

---

The Plaintiff — Richard Max Strahan — moves the Court for an order to compel the Defendant to supply him all the documents requested in his 7 March 2005 request for discovery to them ("Discovery Request") and to fully respond to his 7 March 2005 request for admissions to them ("Admissions Request"). See Attached "Plaintiff's Request for Discovery to the Defendants" AND "Plaintiff's Request for Admissions to All Defendants." The Plaintiff served each of the Defendants IN HAND on 7 March 2005 both his Admissions Request and his Discovery Request. Strahan met with the attorney for the Defendants on 18 July 2005 to discuss the Defendants' response to his request for Discovery Request and his Admissions Request. Despite Strahan's stated objections to the Defendants' lack of full and proper response to his Discovery and Admissions Requests, the Defendants' attorney refused to agree to fully and properly comply with Strahan's Discovery Request and Admissions Request.

For the above reasons the Plaintiff asks the Court to grant his requested relief.

BY:

_____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

---

### CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

---

I certify that I consulted with the Defendants attorney Daniel Hammond of the Office of the Massachusetts Attorney General on the above motion on several occasions.

_____
Richard Strahan, Plaintiff

---

### CERTIFICATION OF SERVICE

---

I hereby certify that a copy of this motion has been served VIA U. S. Mail and E-mail on the attorney for the Defendants on 29 July 2005.

_____
Richard Strahan, Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN )
)
    *Plaintiff* )
) Civil Action No.
v. )
) 05 – 10140 - NMG
ELLEN ROY-HERZFELDER, *et al.* )
) 7 March 2005
    *Defendants* )

PLAINTIFF'S REQUEST FOR ADMISSIONS TO ALL THE DEFENDANTS

Plaintiff — Richard Max Strahan — makes the following requests for admissions on Defendants Herzfelder, Peters and Diodati pursuant to Rule 36 of the Fed. R. Civ. Proc. on all of the Defendants --

1. At least one Northern Right Whale has been entangled in commercial fishing gear deployed in U. S. coastal waters under license of the Massachusetts Division of Marine Fisheries at some point between the years 1999 to the present time.

2. At least one Humpback Whale has been entangled in commercial fishing gear deployed in U. S. coastal waters under license of the Massachusetts Division of Marine Fisheries at some point between the years 1999 to the present time.

3. At least one Minke Whale has been entangled in commercial fishing gear deployed in U. S. coastal waters under license of the Massachusetts Division of Marine Fisheries at some point between years 1999 to the present time.

4. At least one Fin Whale has been entangled in commercial fishing gear under license of the Massachusetts Division of Marine Fisheries at some point between years 1999 to the present time.

5. At least one Blue Whale has been entangled in commercial fishing gear deployed in U. S. coastal waters under license of the Massachusetts Division of Marine Fisheries at some point between years 1999 to the present time.

6. At least one Harbor Porpoise has been entangled in commercial fishing gear deployed in U. S. coastal waters under license of the Massachusetts Division of Marine Fisheries at some point between years 1999 to the present time.

7. From 1999 to the present time there has been no survey effort made of Massachusetts coastal waters that would accurately detect on any given day of the year whether any marine mammal on that day became entangled or not in commercial fishing gear deployed in U. S. coastal waters under license by the Massachusetts Division of Marine Fisheries.

8. The Massachusetts Division of Marine Fisheries has not developed and//or enforces a policy that mandates that *no* member of a state-listed endangered species of whale will be entangled by fishing gear deployed in U. S. coastal waters under its license.

9. The Defendant Herzfelder has never issued any directive or now enforces any past directive to any employee of the Executive Office of Environmental Affairs and/or its infra-agencies that whales are not allowed to be entangled in commercial fishing gear licensed the Massachusetts Division of Marine Fisheries and that any said entanglement is to be treated as a violation of state and federal wildlife laws.

10. The Defendants have no intention without being ordered by a court to obey the take prohibitions of the federal Endangered Species Act without being ordered to do so by a court of law.

11. The Defendants and the/or the Environmental Police has never cited or fined any commercial fisherman for violating the Massachusetts Endangered Species whose fishing gear was found to have killed and/or injured a listed species of whale by entangling it.

Pursuant to the requirements of Rule 36(a), if you refuse to make the requested admissions, then you must supply a factual basis under oath for your refusal to make the requested admission.

BY:

_____
Richard Max Strahan
928 Dorchester Avenue, #5
Boston, MA 02125

*Pro Se and Proud!*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>ELLEN ROY-HERZFELDER, *et al.* )<br>)<br>*Defendants* ) | Civil Action No.<br><br>05 – 10140 - NMG<br><br>7 March 2005 |

PLAINTIFF'S REQUEST FOR DISCOVERY TO DEFENDANTS

Pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, Plaintiff Richard Max Strahan requests that Defendants Herzfelder, Peters, and Diodati ("Defendants") produce for inspection and copying at the offices of Sierra Club of New England, 100 Boylston Street, Boston, Massachusetts, all documents described below on or before 9:00 A.M. on 7 April 2005. If the Defendants choose to reproduce the requested records on their own and supply them to Strahan on or before 7 April 2005, then they do not need to make their original copies of requested records available for inspection and copying on the said date and location.

### DEFINITIONS

The following definitions shall apply to this request:

1. "Strahan " shall refer to the Plaintiff, Richard Max Strahan.
2. "EOEA" shall mean any office and all employees/agents of the Massachusetts Executive Office of Environmental Affairs and any of its infra-agencies and/or offices.
3. "DFG" shall mean any agency and/or agent of the Massachusetts Department of Fish and Game its infra-agencies and/or offices.

4. "DMF" shall mean any agency and/or agent of the Massachusetts Division of Marine Fisheries its infra-agencies and/or offices.

5. "Correspondence" includes, but is not limited to, any letter, telegram, telex, TWX, notice, message, E-mail, memorandum or other written communication or transcription or notes of a communication.

6. "Whale" or "whales" shall mean any member of a biological species taxonomically listed as belonging to the biological Order Cetacea.

7. "Entangled Whale(s)" shall mean a whale or whales that physically in contact for any length of time on any given day with any rope, net, pot, and/or any physical object that is deployed into the marine environment by an individual for the purpose of catching and/or harvesting marine wildlife of any biological species.

8. "And" and "or" shall mean, where the context permits, "and/or."

9. "All" and "any" shall mean, where the context permits, "any and all."

10. "Documents" shall mean any conceivable type of recorded information on any kind of conceivable material — including (but not exclusively) printed material, notes, hand written material, E-mails, computer files of any format, magnetic audio and/or video recordings, and photographs.

11. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular.

## INSTRUCTIONS

1. As to any document requested herein but withheld on the ground of privilege, please state the following:

    a. The nature of the claimed privilege;

    b. The title of the document;

    c. The type of document (e.g. letter, note, memorandum, etc.);

    d. The date of the document;

  e. Names and positions of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared;

  f. Names and positions of all persons to whom the document was addressed; or to whom it was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof;

  g. Names and positions of all persons from whom the document was received;

  h. The present location of the document and all copies thereof;

  I. Names and positions of all persons having custody or control of the document and all copies thereof; and

  j. Subject matter of the document.

2. In producing documents, documents responsive to each request are to be segregated and labeled so as to indicate which request each segregated set of documents to which it is in response.

3. If a document has been generated as a computer file and then converted into a printed format, the computer file is requested first and only the printed document too if in any way it has been personalized with a signature, date stamp and/or annotations of any type.

## DOCUMENTS REQUESTED

1. All digital computer files of images of entangled whales at the highest available resolution as measured in absolute size of pixels (e. g. if two distinct files exist of the same image but one of them is higher in resolution as measured in pixels, the higher resolution and larger as measured in bytes of a particular format constitutes the requested file).

2. All photographs depicting entangled whales in coastal waters under Massachusetts state jurisdiction.

3. All documents in any way describing and/or reporting the observation of entangled whales in coastal waters under Massachusetts state jurisdiction.

4. All documents concerning the DFG and any of its infra agencies entering into a cooperative agreement with the National Marine Fisheries Service pursuant to Section 6 the federal Endangered Species Act ("ESA") for the purposes of its managing and protecting species of whales resident to Massachusetts and listed as protected species under the provisions of the ESA.

5. All correspondence between the Defendants, EOEA, DFG, and/or DMF with any employee and/or member of the International Fund for Animal Welfare in any way concerning whales and/or sea turtles or any subject concerning whales, sea turtles, commercial fishing and/or fishing gear.

6. All correspondence between the Defendants, EOEA, DFG, and/or DMF with any member and/or employee of the Massachusetts Lobsterman's Association in any way concerning whales and/or sea turtles.

7. All correspondence between the Defendants, EOEA, DFG, and/or DMF with any employee of the National Ocean and Atmospheric Administration ("NOAA") in any way concerning whales and/or sea turtles or any subject concerning whales and/or sea turtles.

8. All documents concerning any memorandum of understanding entered into between the DMF and the Massachusetts Division of Fish and Wildlife and/or any of its employees in any way concerning whales and/or sea turtles or any subject concerning whales, including commercial fishing and/or fishing gear.

9. All correspondence between any of the Defendants, EOEA, DFG, and/or DMF with any member and/or employee of the Center for Coastal Studies in any way concerning whales, sea turtles, commercial fishing, and/or fishing gear

10. All documents concerning the expenditure of funds by the Defendants, the EOEA, the DFG and/or the the DMF for the conservation, observation and/or any kind of research on and/or concerning whales and/or sea turtles.

11. All documents mentioning and/or referring to Plaintiff Strahan.

12. All correspondence between David Gouveia -- an employee of NOAA -- and any of the Defendants, the EOEA, the DFG, the DMF, David Hoover and/or Daniel MacKiernien (the latter two are employees of the DFG/DMF).

By:

_____
RICHARD MAX STRAHAN, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*PRO SE AND PROUD!*