Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN )
)
*Plaintiff* )
) Civil Action No.
v. )
) 05 – 10140 - NMG
ELLEN ROY-HERZFELDER, *et al.* )
) 29 July 2005
*Defendants* )

---

PLAINTIFF'S MOTION FOR A PROTECTION ORDER TO ENFORCE HIS SUBPOENA
ON EDMUND TOOMEY AND THE NEW ENGLAND AQUARIUM

---

The Plaintiff — Richard Max Strahan — moves the Court for an order to Edmund Toomey and the New England Aquarium ("NEA") to comply with the subpoena and its supplament ("Subpoena") that was served on them by Strahan to produce for copying requested materials. See Attached Subpoena. The NEA and Toomey was served the original Subpoena VIA TRACKED U. S. Priority Mai on 20 June 2005. These parties have wholly failed to comply with the subpoena's request for the production of documents by 20 July 2005 and continue to do so to the present day. On 7 July 2005 Strahan was notified by the NEA's attorney that it objected to the Subpoena and would not comply with it. On 22 July 2005 Strahan engaged in a phone conference with NEA's attorney on the issue of NEA's complying with the Subpoena. The attorney for the NEA told Strahan that NEA has no intent of supplying Strahan with a single document requested by the Subpoena. The NEA hasfailed to this day to supply Strahan with one single document request by the Subpoena.

For the above reasons the Plaintiff asks the Court to grant his requested relief.

BY:

*/s/ Richard Max Strahan*

Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

---

### CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

---

I certify that I consulted with the attorney of NEA on two occasions.

*/s/ Richard Strahan*

Richard Strahan, Plaintiff

---

### CERTIFICATION OF SERVICE

---

I hereby certify that a copy of this motion has been served VIA Mail and E-mail on the Defendants' attorney and the attorney for the NEA and Toomey on 29 July 2005.

*/s/ Richard Strahan*

Richard Strahan, Plaintiff

Issued by the
# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

Richard Max Strahan
v.
Ellen Roy-Herzfelder et.al.

SUBPOENA IN A CIVIL CASE

Case Number: 05-10140-NMG

TO: Edmund C. Toomey, President
New England Aquarium
Central Wharf, Boston MA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Document

| PLACE | DATE AND TIME |
|---|---|
| ~~SOS~~ Sierra Club, 100 Boylston Street, Rm. 706, Boston MA | 20 July 2005 9AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 5/17/05

[signature] deputy clerk

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

SARAH A. THORNTON
CLERKS OFFICE
UNITED STATES DISTRICT COURT
1 COURTHOUSE WAY
SUITE 2301
BOSTON, MA 02210

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 20 June 2005 | Boston MA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Edmund C. Toomey, N.D. Aquarium | U.S. tracked Priority Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Richard Max Strahan | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  20 June 2005
DATE

SIGNATURE OF SERVER
Richard Max Strahan

ADDRESS OF SERVER
228 Dorchester Ave
Boston MA 02125

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>*Plaintiff* )<br>)<br>)<br>v. )<br>)<br>ELLEN ROY-HERZFELDER, *et al.* )<br>)<br>)<br>*Defendants* ) | Civil Action No.<br><br>05 – 10140 - NMG<br><br>19 June 2005 |

---

**PLAINTIFF'S SUBPOENA TO EDMUND C. TOOMEY AND THE NEW ENGLAND AQUARIUM TO PRODUCE DOCUMENTS FOR INSPECTION AND COPYING**

---

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Richard Max Strahan DEMANDS that Edmund C. Toomey and the New England Aquarium ("NEA") at the offices of Sierra Club of New England, 100 Boylston Street, Boston, Massachusetts, all documents described below on or before 9:00 A.M. on 20 July 2005. If the Defendants choose to reproduce the requested records on their own and supply them to Strahan on or before 20 July 2005, then they do not need to make their original copies of requested records available for inspection and copying on the said date and location.

## DEFINITIONS

The following definitions shall apply to this request:

1. "Strahan" shall refer to the Plaintiff, Richard Max Strahan.

2. "EOEA" shall mean any office and all employees/agents of the Massachusetts Executive Office of Environmental Affairs and any of its infra-agencies and/or offices.

3. "DFG" shall mean any agency and/or agent of the Massachusetts Department of Fish and Game its infra-agencies and/or offices.

4. "DMF" shall mean any agency and/or agent of the Massachusetts Division of Marine Fisheries its infra-agencies and/or offices.

5. "NOAA" shall mean the federal National Oceanographic and Atmospheric Agency and any of its infra-agencies and employees.

6. "CCS" shall mean the Center for Coastal Studies in Provincetown, MA.

7. "Correspondence" includes, but is not limited to, any letter, telegram, telex, TWX, notice, message, E-mail, memorandum or other written communication or transcription or notes of a communication.

8. "Whale" or "whales" shall mean any member of a biological species taxonomically listed as belonging to the biological Order Cetacea.

9. "Entangled Whale(s)" shall mean a whale or whales that physically in contact for any length of time on any given day with any rope, net, pot, and/or any physical object that is deployed into the marine environment by an individual for the purpose of catching and/or harvesting marine wildlife of any biological species.

10. "Metadata" shall mean information about a record and/or item of data including — but not exclusively — the author of the datum and facts associated with its origin and/or source.

11. "And" and "or" shall mean, where the context permits, "and/or."

12. "All" and "any" shall mean, where the context permits, "any and all."

13. "Documents" shall mean any conceivable type of recorded information on any kind of conceivable material — including (but not exclusively) printed material, notes, hand written material, E-mails, computer files of any format, magnetic audio and/or video recordings, and photographs.

14. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular.

## INSTRUCTIONS

1. As to any document requested herein but withheld on the ground of privilege, please state the following:

   a. The nature of the claimed privilege;

   b. The title of the document;

   c. The type of document (e.g. letter, note, memorandum, etc.);

   d. The date of the document;

   e. Names and positions of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared;

   f. Names and positions of all persons to whom the document was addressed; or to whom it was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof;

   g. Names and positions of all persons from whom the document was received;

   h. The present location of the document and all copies thereof;

   I. Names and positions of all persons having custody or control of the document and all copies thereof; and

   j. Subject matter of the document.

2. In producing documents, documents responsive to each request are to be segregated and labeled so as to indicate which request each segregated set of documents to which it is in response.

3. If a document has been generated as a computer file and then converted into a printed format, the computer file is requested first and only the printed document too if in any way it has been personalized with a signature, date stamp and/or annotations of any type.

## DOCUMENTS REQUESTED

1. Ten of the best original digital image files of every Northern Right Whale sighted between 1999 - 2005

2. Ten of the best original digital image files taken of each Northern Right Whale sighted entangled in fishing gear, stranded, or sighted injured in any way in the format of the original captured digital images of the said which may be originally in RAW, JPEG, and/or TIF format.

3. Digital images of a Northern Right Whale and its calf off the South Carolina coast seen earlier in 2005.

4. Digital images and video of a Humpback Whale repeatedly seen frequenting Boston Harbor in the spring of 2005.

5. All correspondence between New England Aquarium ("NEA") and employees of state and/or federal agencies concerning this whale that is the subject of item #4 and all reports and records generated from sightings of this whale.

6. For each of the digital images supplied pursuant to #1 and #2, I want to be supplied its associated metadata including the name of the photographer, the date and time of the capture of the digital image, the location of the digital image capture in longitude and latitude, the platform used to take the digital image, and the elevation in feet of the platform when the digital image was captured.

7. Relevant documents on the sighting and the actions taken by NEA personnel/employees after the sightings were made.

8. Correspondence between NOAA employees and employees the New England Aquarium concerning entangled, stranded, and/or otherwise injured whales sighted by anyone.

9. Correspondence between NOAA employees and employees the New England Aquarium concerning Richard Max Strahan.

10. Correspondence between NEA employees and employees of the Center for Coastal Studies concerning entangled, stranded, and/or otherwise injured whales sighted by anyone.

11. Correspondence between NEA employees and employees of the International Fund for Animal Welfare concerning Richard Max Strahan.

12. Correspondence between NEA employees and employees of the International Fund for Animal Welfare concerning whales.

5

13. Correspondence between NEA employees and employees of the Center for Coastal Studies concerning Richard Max Strahan

14. Correspondence between NEA employees and employees of the U. S. Coast Guard concerning whales and/or Richard Max Strahan.

15. Correspondence between NEA employees and employees the State of Massachusetts concerning whales and/or Richard Max Strahan

16. Correspondence between NEA employees and employees the U. S. Navy concerning entangled, stranded, and/or otherwise injured whales sighted by anyone.

17. Correspondence between NEA employees and employees the U. S. Navy concerning Richard Max Strahan

18. Computer database of all sighting of Northern Right Whales and associated metadata.

19. Computer database of all sighting of members of species of Whales and associated metadata.

20. Documents associated with the application and granting of research permit to Scott Kraus by NOAA.

21. Documents associated with mitigating the impact of fishing gear on endangered whales.

It is the intent of Richard Max Strahan to obtain the requested documents in a manner that minimizes the inconvenience to NEA of complying with the instant subpoena. Strahan encourages representatives of NEA to meaningfully discuss with him the production of the requested documents. Such a discussion will make it possible to minimize NEA's need to produce much of the requested documents.

By:

_____
RICHARD MAX STRAHAN, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*PRO SE AND PROUD!*