Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>*Plaintiff* )<br>)<br>) Civil Action No.<br>v. )<br>) 05 – 10140 - NMG<br>ELLEN ROY-HERZFELDER, *et al.* )<br>) 29 July 2005<br>*Defendants* ) | |

---

**PLAINTIFF'S SECOND MOTION FOR A PROTECTION ORDER TO ENFORCE HIS SUBPOENA TO PETER BORRELLI AND THE CENTER FOR COASTAL STUDIES**

---

The Plaintiff — Richard Max Strahan — moves the Court for an order to compel Peter Borrelli and the Center for Coastal Studies to comply with the subpoena and the 19 June 2005 supplement ("Subpoena") that was served on them by Strahan to produce for copying requested materials. See Attached Subpoena. The CCS and Borrelli were served VIA TRACKED U. S. Priority Mai on 16 April 2005. These parties have wholly failed to comply with the subpoena's request for the production of documents by 16 May 2005 and continue to do so to the present day. On 19 July 2005 Strahan engaged in a two and a half hour phone conference with employees of the CCS and its attorney on the issue of CCS' complying with the Subpoena. They have failed to this day to supply Strahan with one single document request by the Subpoena.

For the above reasons the Plaintiff asks the Court to grant his requested relief.

BY:

_____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

## CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

I certify that I consulted with the attorney of CCS on several occasions.

_____
Richard Strahan, Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that a copy of this motion has been served VIA Mail and E-mail on the Defendants' attorney and the attorney for the Center for Coastal Studies and Borrelli on 29 July 2005.

_____
Richard Strahan, Plaintiff

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__EASTERN__ DISTRICT OF __MASSACHUSETTS__

Richard Max Strahan

v.

Ellen Roy-Herzfelder et al

**SUBPOENA IN A CIVIL CASE**

Case Number: 05-10140-NM

TO: Peter Borrelli, Director
Center for Coastal Studies
Provincetown, MA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHMENT

at Massachusetts Sierra Club
100 Boylston Street, 7th Floor
Boston, MA

| PLACE | DATE AND TIME |
|---|---|
|  | 16 May 2005 at 9: |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Courtroom dept clerk | 3/11/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
UNITED STATES DISTRICT COURT
1 COURTHOUSE WAY
SUITE 2301
BOSTON, MA 02210  617-748-9158

CRAIG NICEWICZ, Deputy Clerk

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 16 April 2005 | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Peter Borrelli and Center for Coastal Studies | | VIA Tracked U.S. Priority MAIL # |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    16 April 2005
                    (DATE)

SIGNATURE OF SERVER

ADDRESS OF SERVER
928 Dorchester ave #5
Boston MA 02125
Richard Max Strahan
# 0304 1560 006
  0139    2206

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

trial be commanded to travel from any such place within the state in which a trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.