UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) 05-10140-NMG |
| | ) |
| ELLEN ROY-HERZFELDER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**NATIONAL MARINE FISHERIES SERVICE'S OPPOSITION TO PLAINTIFF'S "SECOND MOTION FOR PROTECTION ORDER"**

The National Marine Fisheries Service ("NMFS") by and through its undersigned attorneys, respectfully submits the following opposition to Plaintiff's "Second Motion for Protection Order to Enforce His Subpoena."

NMFS received a third-party subpoena from Plaintiff on or about April 16, 2005, which sought production of a variety of documents and photographs relating to whale entanglements. NMFS sent via Federal Express on May 13, 2005, written responses to each of the subpoena requests, over a thousand pages of materials responsive to Plaintiff's request, as well as several CD-ROMs containing photographs and other information responsive to Plaintiff's subpoena. The materials were sent to the Sierra Club address listed on the subpoena. See Exhibit 1 (FedEx bill); Exhibit 2 (FedEx tracking statement); Exhibit 3 (FedEx signature); Exhibit 4 (written response to subpoena requests).

Plaintiff filed his first motion for "protection order" against NMFS on June 14, 2005, stating that NMFS failed to comply with the subpoena and that he had never received the materials (FedEx tracking information notwithstanding). In his June 21, 2005 memorandum in

support of this first motion, Plaintiff apparently conceded that he did receive the materials, but challenged the sufficiency of the production. That first motion was denied by the Court on June 24, 2005.

Plaintiff then filed a second motion, on or about July 29, 2005, stating simply that "[t]hese parties have wholly failed to comply with the subpoena's request for the production of documents by 16 May 2005."[1] Contrary to Plaintiff's unsupported allegations, NMFS hereby states that it has fully complied with its obligations under the subpoena. In support of its position, NMFS submits the Declaration of David Gouveia, the NMFS supervisory fishery biologist who compiled the materials provided in response to the subpoena. In his declaration, Mr. Gouveia explains the procedure followed by NMFS in compiling over a thousand pages of documents, including entanglement reports dating back to 1999, as well as several hundred digital images of entangled whales and fishing gear removed from marine mammals, which were compiled onto CD-ROM format. Mr. Gouveia notes that over 200 digital images of whales were provided by NMFS, and over 150 images of gear were provided in response to the subpoena. Gouveia Decl. at ¶¶ 3, 5. To the extent that Plaintiff is dissatisfied with these images, his arguments are without basis. In the memorandum of law filed in connection with his June 14, 2005, motion, Plaintiff protests, among other things, NMFS's failure to include "associate metadata" including the date photos were taken, and by whom. NMFS provided the information it had available, and is not required to generate new information in responding to the subpoena

---

[1] Plaintiff suggests that he "repeatedly attempted to consult with the attorney for NMFS who refused to discuss the subpoena at all" and that he "attempted to consult with the attorney for NMFS but was spurned in doing so." Assistant U.S. Attorney Anton Giedt was unavailable on two instances when Plaintiff visited the reception area of the U.S. Attorney's Office. Plaintiff was specifically instructed by U. S. Attorney's Office reception staff to contact undersigned counsel or Mr. Giedt by electronic mail or correspondence to arrange for a conference. No such correpondence was received regarding this motion.

request.

Moreover, Mr. Gouveia attests that "[t]he Regional Office forwarded copies of all records in its possession responsive to the subpoena. To the extent any of the subpoena's requests were not responded to, it is because no responsive records exist." Gouveia Decl. at ¶ 7. Thus, to the extent that Plaintiff is dissatisfied with the content or format of the materials he received, those assertions simply cannot be sustained.[2]

Respectfully submitted this 12th day of August, 2005.

        MICHAEL J. SULLIVAN, United States Attorney
        ANTON GIEDT, Assistant United States Attorney

        KELLY A. JOHNSON, Acting Assistant Attorney General
        United States Department of Justice
        Environment and Natural Resources Division
        JEAN E. WILLIAMS, Chief
        SETH M. BARSKY, Assistant Chief

By: _____ 8/12/05
        S. JAY GOVINDAN, Trial Attorney
        United States Department of Justice
        Environment and Natural Resources Division
        Wildlife and Marine Resources Section
        Benjamin Franklin Station, P.O. Box 7369
        Washington, D.C. 20044-7369
        Telephone: (202) 305-0237
        Facsimile: (202) 305-0275

        Attorneys for Federal Defendants

---

[2] To the extent it would assist the Court in facilitating its review of this matter, NMFS would be willing to provide the Court with a copy of the materials provided in response to the subpoena.

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2005, a copy of the foregoing Opposition was sent via first-class mail, postage prepaid to:

Richard Max Strahan
928 Dorchester Avenue, #5
Boston, MA 02125


Daniel J. Hammond
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108

_____  8/12/05
Anton P. Giedt
Assistant U.S. Attorney

# EXHIBIT 1

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE.

**FedEx USA Airbill** — Sender's Copy

FedEx Tracking Number: 8407 9636 6297
K. Poffenbarger 5/16 9:27 am

**1 From**
Date: 5/13/05
Sender's FedEx Account Number: 5B1520 1510-1380-5
Sender's Name: Jay Govindan
Phone: (202) 305-0210
Company: USDOJ/ENR/WILDLIFE & MARINE
Address: 601 D ST NW
Room 3028
City: WASHINGTON   State: DC   ZIP: 20004-2904

**2 Your Internal Billing Reference**
OPTIONAL

**3 To**
Recipient's Name: Mr. Richard Max Strahan   Phone: (617) 423-5775
Company: c/o Sierra Club of New England
Address: 100 Boylston Street
City: Boston   State: MA   ZIP: 02116

**4a Express Package Service**
[X] FedEx Priority Overnight
[ ] FedEx Standard Overnight
[ ] FedEx First Overnight
[ ] FedEx 2Day
[ ] FedEx Express Saver

**4b Express Freight Service**
[ ] FedEx 1Day Freight
[ ] FedEx 2Day Freight
[ ] FedEx 3Day Freight

**5 Packaging**
[ ] FedEx Envelope
[ ] FedEx Pak
[X] Other

**6 Special Handling**
[ ] SATURDAY Delivery
[ ] HOLD Weekday at FedEx Location
[ ] HOLD Saturday at FedEx Location
Does this shipment contain dangerous goods?
[ ] No  [ ] Yes As per attached Shipper's Declaration  [ ] Yes Shipper's Declaration not required  [ ] Dry Ice
[ ] Cargo Aircraft Only

**7 Payment Bill to:**
[X] Sender   [ ] Recipient   [ ] Third Party   [ ] Credit Card   [ ] Cash/Check

Total Packages   Total Weight   Total Declared Value: $ .00

**8 Release Signature**

02447524475

447

Try online shipping at fedex.com

# EXHIBIT 2



**EXHIBIT 3**

Page 1 of 1



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

05/27/2005

Dear Customer:

Here is the proof of delivery for the shipment with tracking number **840796366297**. Our records reflect the following information.

## Delivery Information:

**Signed for by:** K.PEFFER



**Delivery Date:** May 16, 2005 09:27

## Shipping Information:

**Tracking number:** 840796366297

**Ship Date:** May 13, 2005
**Weight:** 12.0 lbs.

If you are the shipper, recipient, or third-party payor for this shipment and require additional Signature Proof of Delivery information, please log-in using your My FedEx login ID.

**Recipient:**
US

**Shipper:**
WAS US

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx®

http://www.fedex.com/Spod?ascend_header=1&clienttype=dotcom&show_custom_form=...    5/27/2005

# EXHIBIT 4

Case 1:05-cv-10140-NMG   Document 41   Filed 08/12/2005   Page 11 of 19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | 05-10140-NMG |
| ) | |
| ELLEN ROY-HERZFELDER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## NATIONAL MARINE FISHERIES SERVICE'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA *DUCES TECUM*

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the National Marine Fisheries Service ("NMFS") responds to Plaintiff's Subpoena *Duces Tecum* as follows:

### GENERAL OBJECTIONS

1. NMFS objects to each of the requests to the extent it is unreasonable, unduly burdensome or expensive under the circumstances of this case.

2. NMFS objects to each of the requests to the extent it seeks information protected by the attorney-client privilege, the attorney work product privilege, or any other applicable privilege.

3. NMFS objects to each of the requests, and the prefatory "Definitions" and "Instructions" to the extent they seek to impose obligations that exceed the requirements of the Federal Rules of Civil Procedure.

4. NMFS objects to each of the requests to the extent that it seeks the production of documents that are already in Plaintiff's possession, custody or control or that are public records,

and thus are equally available to Plaintiff.

5. NMFS objects to each of the requests to the extent it is cumulative, duplicative, or the subject of prior Freedom of Information Act ("FOIA") requests.

Subject to and incorporating the foregoing objections and without waiving these objections or the right to file later motions, NMFS responds as follows:

## DOCUMENTS REQUESTED

**REQUEST NO. 1**

Ten representative digital images of each and every whale observed entangled in fishing gear within fifty miles of U.S. coastal waters under Massachusetts state jurisdiction between the years 1999-2005. The digital images provided should be the highest available resolution as measured in absolute size of pixels (e.g. if two distinct files exist of the same image but one of the is higher in resolution as measured in pixels, the higher resolution and larger as measured in bytes of a particular format constitutes the requested file). In addition necessary documentation that identifies the date any provided picture was taken, the location it was taken in latitude and longitude, the species of the whale that is being depicted, and the name of the photographer that took the image.

**RESPONSE TO REQUEST NO. 1**

NMFS specifically objects to this request insofar as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, responsive materials are contained on the first of two CD-ROMs enclosed herein.

**REQUEST NO. 2**

All documents concerning reports of any whale observed entangled in fishing gear within 50

miles of U.S. coastal waters under Massachusetts state jurisdiction (e.g. within 53 miles of any point on the Massachusetts coastline) between the years 1999-2005.

**RESPONSE TO REQUEST NO. 2**

NMFS specifically objects to this request insofar as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, responsive materials are contained on the first of two CD-ROMs enclosed herein.

**REQUEST NO. 3**

All documents in any way describing and/or reporting the observation of entangled whales in coastal waters under Massachusetts state jurisdiction.

**RESPONSE TO REQUEST NO. 3**

NMFS specifically objects to this request insofar as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, responsive materials are contained on the first of two CD-ROMs enclosed herein. The materials responsive to Request No. 2 above are responsive to this request as well.

**REQUEST NO. 4**

Documents concerning and detailing the removal of fishing gear from whales between 1999-2005 and the subsequent handling and disposal/storage of this fishing gear.

**RESPONSE TO REQUEST NO. 4**

NMFS specifically objects to this request insofar as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, responsive materials are contained on the first of two CD-ROMs enclosed herein. The materials responsive to Request No. 2 above are responsive to this request as well.

**REQUEST NO. 5**

Ten representative digital images of the fishing gear removed from each whale disentangled by employees and agents of the CCS and/or the Coast Guard and/or commercial fisherm[e]n between the years 1999-2005. The digital images provided should be the highest available resolution as measured in absolute size of pixels (e.g., if two distinct files exist of the same image but one of them is higher in resolution as measured in pixels, the higher resolution and larger as measured in bytes of a particular format constitutes the requested file). In addition[,] the necessary documentation that identifies the date any provided picture was taken, the location it was taken in latitude and longitude, and the name of the photographer that took the image[.]

**RESPONSE TO REQUEST NO. 5**

NMFS specifically objects to this request insofar as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, responsive materials are contained on the first of two CD-ROMs enclosed herein.

**REQUEST NO. 6**

All computer records detailing observations of the occurrence of individual Northern Right Whales, Humpback Whales, Fin Whales, Minke Whales and Blue Whales between the years 1999-2005 in coastal waters under Massachusetts state jurisdiction and the area within fifty miles of any point on the Massachusetts coastline.

**RESPONSE TO REQUEST NO. 6**

NMFS specifically objects to this request insofar as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, responsive materials are contained on the first of two CD-ROMs enclosed herein.

**REQUEST NO. 7**

All correspondence between any employee and/or agent of the EOEA, DFG and/or DMF and any employee or agent of the CCS in any way concerning and/or naming Richard Max Strahan.

**RESPONSE TO REQUEST NO. 7**

NMFS specifically objects to this request insofar as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, NMFS states that it has no documents responsive to this request.

**REQUEST NO. 8**

Any report and/or other results - including high resolution photographs - of studies of the scarring on individual Humpback Whales and Northern Right Whales and the correlation of this scarring on the whale with its possible entanglement in commercial and sports fishing gear.

**RESPONSE TO REQUEST NO. 8**

NMFS specifically objects to this request insofar as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, responsive materials are being provided herein.

**REQUEST NO. 9**

Documents that were used as a basis for NOAA to develop its Draft Environmental Impact Statement for the revision of its Atlantic Large Whale Take Reduction Plan. The specific documents for which copies are sought are listed on pp. 77-79 of Chapter 5 of the DEIS/ALWTRP entitled "Biological Impacts." If computer PDF or other formatted computer files of any of these requested documents exist then these are the ones that will be provided.

**RESPONSE TO REQUEST NO. 9**

NMFS specifically objects to this request insofar as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, responsive materials are being provided, in paper form and on the second of two CD-ROMs enclosed herein.

Respectfully submitted this 13th day of May, 2005.

By:

KELLY A. JOHNSON, Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
JEAN E. WILLIAMS, Chief
SETH M. BARSKY, Assistant Chief

/s/ S. Jay Govindan

S. JAY GOVINDAN, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0237
Facsimile: (202) 305-0275

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

RICHARD MAX STRAHAN            )
                               )
            Plaintiff          )
                               )
v.                             )
                               )   Civil Case No. 05-10140-NMG
ELLEN ROY-HERZFELDER, et al    )
                               )
            Defendants.        )
                               )

**DECLARATION OF DAVID GOUVEIA**

I, DAVID GOUVEIA, declare as follows:

1.      I am the Marine Mammal Coordinator (Supervisory Fishery Biologist) for the Protected Resources Division, Northeast Regional Office, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, U.S. Department of Commerce (Regional Office). In this capacity I am responsible for implementing and monitoring the Marine Mammal Protection Act (MMPA) fisheries interaction program. I supervise the personnel in the Regional Office who are charged with assessing and developing approaches to influence Federal decision making in conserving and protecting marine mammal resources and their habitats; developing policy and management for marine mammals using research results on the effect of various activities; and implement plans and actions related to regulatory mandates contained in the MMPA and Endangered Species Act (ESA).

2.      The purpose of this declaration is to advise the Court of the data used by the Regional Office to respond to the Plaintiff's Subpoena *Duces Tecum* concerning digital images; and documents of correspondence between any employee and/or agent of the Massachusetts Executive Office of Environmental Affairs, Massachusetts Department of Fish and Game, and/or Massachusetts Division of Marine Fisheries, and any employee of the Provincetown Center for Coastal Studies (PCCS) and the Plaintiff.

3.      The Regional Office maintains a contract with the PCCS. Among other tasks, in the contract PCCS agrees to maintain an entanglement database containing digital photographic images and reports of entangled large whales. All digital images taken by any source are housed in the PCCS database. The Regional Office does not maintain its own entanglement photographic database. In responding to the Plaintiff's subpoena for digital images of entangled whales, the Regional Office canvassed the PCCS database for the representative images of entangled whales. The Regional Office provided over 200 digital images to the Plaintiff in response to the subpoena. The images were exact copies of the images contained within the database maintained by PCCS.

4.   In responding to the Plaintiff's request concerning reports and documents that describe and/or report any whale observed entangled in fishing gear within 50 miles of Massachusetts' coastal waters between the years 1999 through 2005, the Regional Office provided final entanglement reports from 1999 through 2003 and preliminary large whale information for 2004 and 2005. The annual entanglement reports contain a complete report of each entanglement reported during the specified year including the disposition of the entanglement (fatal or live entanglement), species involved in the entanglement, location of the reported entanglement, and a complete description of the entanglement including a description of the gear and any wounds on the animal. If gear was recovered from an entanglement event, a complete fishery interaction analysis is provided including a complete description of the gear recovered and gear type, if identifiable. The annual reports provided to the Plaintiff contained all known entanglements inside and outside of Massachusetts' coastal waters.

5.   The Regional Office does maintain its own digital images of gear removed from entangled marine mammals and sea turtles. In responding to the Plaintiff's subpoena for digital images of the fishing gear removed from these whales, the Regional Office canvassed its records for the representative images of gear removed from entangled whales. The Regional Office provided over 150 digital images to the Plaintiff in response to the subpoena. The images provided to the Plaintiff in response to the subpoena were exact copies of the images contained within the Regional Office records.

6.   The Regional Office canvassed its staff for any documents responsive to the Plaintiff's request for correspondence between any employee and/or agent of the Massachusetts Executive Office of Environmental Affairs, Massachusetts Department of Fish and Game, and/or Massachusetts Division of Marine Fisheries, and any employee of the Provincetown Center for Coastal Studies (PCCS) and the Plaintiff. The Regional Office did not find any documents respondent to the plaintiff's request.

7.   The Regional Office forwarded copies of all records in its possession responsive to the subpoena. To the extent any of the subpoena's requests were not responded to, it is because no responsive records exist.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Gloucester, Massachusetts on this ___ day of June 2005.

David Gouveia
Marine Mammal Coordinator
Northeast Regional Office
National Marine Fisheries Service