UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN,

            Plaintiff,

v.

SECRETARY ELLEN ROY-HERZFELDER;
COMMISSIONER DAVID PETERS; and
DIRECTOR PAUL DIODATI,

            Defendants.

Civil Action No. 05-10140-NMG

### PROVINCETOWN CENTER FOR COASTAL STUDIES' CROSS-MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Provincetown Center for Coastal Studies (the "Center"), a not-for-profit organization, though its attorneys, Nixon Peabody LLP, hereby moves this Court for (1) an ordering quashing the Subpoena, pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv), and (2) a Protective Order that Plaintiff is not entitled to any additional discovery from the Center, pursuant to Federal Rule of Civil Procedure 26(c).

In support of its Cross-Motion, the Center submits the Affidavit of Amy R. George, Esq., sworn to August 12, 2005. Attached to the George Affidavit are the following pleadings, previously filed by the Center in opposition to Plaintiff's first Motion to Compel and in support of the Center's first Cross-Motion to Quash: Cross-Motion to Quash; Affidavit of Peter Borrelli, dated June 22, 2005 ("Borrelli Aff."); Affidavit of Amy R. George, Esq., dated June 22, 2005 ("George Aff."); and the Memorandum of Law in Opposition to Plaintiff's Motion to Compel and in Support of the Center's Cross-Motion to Quash ("Memo."). The Center incorporates by reference these pleadings and the facts and arguments set forth therein in opposition to Plaintiff's Motion and in support of the Center's Cross-Motion. In addition, the Center states as follows:

BOS1516885.1

1. On or about April 15, 2005, Plaintiff Richard Max Strahan served the Center with a Subpoena in the above-captioned matter. The Subpoena requests eight (8) categories of documents, dating from 1999 to 2005, including photographs, computer records, correspondence, and other documents relating to whale entanglements and sightings.

2. On April 28, 2005, the Center timely sent Plaintiff its written objection to the Subpoena, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), indicating that, among other things, responding to the Subpoena would be unduly burdensome for the Center.

3. On June 14, 2005, Plaintiff served a Motion for a Protection Order to Compel the Production of Discovery. The Center filed an opposition to Plaintiff's Motion on June 23, 2005, and also cross-moved to quash the Subpoena.

4. The Court held a hearing on, *inter alia*, Plaintiff's Motion to Compel on June 24, 2005. At that time, Judge Gorton denied Plaintiff's Motion without prejudice, and ordered Plaintiff, Defendants, and the Center to participate in a face-to-face meeting in an attempt to resolve the discovery dispute. Judge Gorton did not rule on the Center's Cross-Motion to Quash, which is still pending before the Court, having been referred to Magistrate Judge Sorokin for consideration.

5. Plaintiff refused to conduct the discovery meeting as ordered by the Court, but rather requested that the Center discuss matters with him on an individual basis. The Center agreed and, on July 20, 2005, Peter Borrelli, Executive Director for the Center, Scott Landry, Rescue Coordinator for the Center, and counsel for the Center engaged in the court-ordered negotiation with Plaintiff concerning the Subpoena by telephone conference. This conference call produced little results due to Plaintiff's hostile and obstructive conduct.

6. On or about July 29, 2005, Plaintiff filed his Second Motion for a Protection Order to Enforce His Subpoena.

7. The Center seeks an order quashing the Subpoena and for a Protective Order that Plaintiff is not entitled to any additional discovery from the Center for the foregoing reasons, which are set forth in more detail in the Affidavits and Memoranda submitted herewith:

   a. Many of the documents and other information requested in the Subpoena are obtainable (and were obtained) from the National Oceanic and Atmospheric Administration National Marine Fisheries Service, subject to a subpoena nearly identical to the Center's Subpoena.

   b. In response to the Subpoena, the Center produced its on-line whale entanglement database, which contains virtually all of the information in the Center's possession on whale entanglements and is responsive to six of Plaintiff's requests. Plaintiff's notion that the database is "useless" – based upon his unauthorized hacking into the database to review the information contained therein, as well as his review of the produced database – is simply wrong.

   c. Requiring the Center to collect, review, and produce additional whale entanglement documents responsive to the Subpoena would be unduly burdensome upon the Center, requiring resources that would cripple the Center and its day-to-day operations. Moreover, Plaintiff's improper behavior during the course of this discovery dispute, including a complete disregard for the Court's rules, ulterior motives in seeking discovery, and his hostile and obstructive behavior towards the Center and its counsel, demonstrates his bad faith concerning the Center and the Subpoena, necessitating a request by the Center for the Court's intervention.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the Center hereby certifies that it has made a good faith attempt to resolve this matter prior to filing this Cross-Motion, during numerous conversations between Plaintiff and counsel for the Center, as well as conversations between Plaintiff and Peter Borrelli, Executive Director of the Center.

## REQUEST FOR ORAL ARGUMENT

The Center hereby requests that the Court conduct a hearing on its Cross-Motion to Quash the Subpoena and for a Protective Order.

**WHEREFORE**, the Provincetown Center for Coastal Studies requests that this Court grant its Cross-Motion to Quash and for a Protective Order that Plaintiff is not entitled to any additional discovery from the Center, and such other just and equitable relief as the Court deems appropriate.

Respectfully submitted,

PROVINCETOWN CENTER FOR COASTAL STUDIES

By its attorneys,

*/s/ Amy R. George*

David M. Ryan (BBO No. 644087)
Amy R. George (BBO No. 629548)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
617-345-1000 (phone)
617-345-1300 (fax)

Dated:       August 12, 2005

## CERTIFICATE OF SERVICE

I, Amy R. George, Esq., do hereby certify that the above Cross-Motion to Quash and for a Protective Order was served, by overnight mail, upon Richard Max Strahan, 928 Dorchester Avenue, Unit 5, Boston, MA 02125, on this 12th day of August, 2005.

*Amy R. George*
Amy R. George

BOS1504008.1