UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN, <br><br> and <br><br> JEREMY SHUGAR, <br><br>     Plaintiffs <br><br> v. <br><br> ELLEN ROY-HERZFELDER, in her official capacity as Secretary of the Massachusetts Executive Office of Environmental Affairs, <br><br> DAVID M. PETERS, in his official capacity as Commissioner of the Massachusetts Department of Fish and Game, <br><br> and <br><br> PAUL DIODATI, in his official capacity as Director of the Massachusetts Division of Marine Fisheries, <br><br>     Defendants | Civil Action <br> No. 05-10140-NMG |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION TO COMPEL**

Ellen Roy-Herzfelder, in her official capacity as Secretary of the Massachusetts Executive Office of Environmental Affairs, David M. Peters, in his official capacity as Commissioner of the Massachusetts Department of Fish and Game, and Paul Diodati, in his official capacity as Director of the Massachusetts Division of Marine Fisheries (together, the

"State Defendants") hereby oppose the motion of the plaintiff, Richard Max Strahan ("Strahan"), for an order compelling the State Defendants to comply with outstanding discovery requests, on the ground that the State Defendants have already fully responded to those requests.

In support of their opposition, the State Defendants state as follows:

1. Strahan has, to date, served two discovery requests upon the State Defendants: his first request for production of documents and his first set of interrogatories.

2. The State Defendants served their responses to Strahan's discovery requests upon Strahan, in hand, on or about July 6, 2005.

3. On July 14, 2005, pursuant to an order of this Court (Gorton, J.), the State Defendants conducted an in-person discovery conference with Strahan, so as to consider any issues arising from the State Defendants' responses.

4. At that discovery conference, Strahan raised four issues with respect to the State Defendants' responses. They were as follows:

   a. Strahan objected to the State Defendants' production of black-and-white reproductions of photographs, requesting that they also produce color copies of same. In response, the State Defendants have, by letter of even date, supplemented their response by producing to Strahan a computer disk containing files of all of the photographs in question, in color.

   b. Strahan widened the scope of one of his requests for production of documents, asking that the State Defendants produce documents relating to a 1994 memorandum of understanding between the Department of Fish and Wildlife and the Division of Marine Fisheries. In response, the State Defendants have, by letter of even date, supplemented their

response by producing the requested documents.

        c.    Strahan objected to the absence of an index to the documents produced to him pursuant to his request for production of documents. The State Defendants explained that it was impracticable to create an index for the documents because (a) the documents were produced by three different state agencies; (b) the documents were produced in the same sequence as the numbered paragraphs in Strahan's request for production of documents; and (c) the documents, which filled two bankers' boxes, were not so voluminous as to require indexing.

        d.    Strahan raised his theory that all documents in the possession of the Center for Coastal Studies, a non-party entity with which the State Defendants contract, should be treated as documents in the possession, custody or control of the State Defendants for the purposes of responding to his discovery requests. The State Defendants did not agree with this interpretation. Strahan stated his intention to serve an amended discovery request specifically requesting such documents of the State Defendants. That issue is not before the Court at this time.

    5.    In light of the above, the State Defendants submit that they have fully and in good faith responded to the outstanding discovery requests served by Strahan.

WHEREFORE, the State Defendants respectfully request that this Court deny Strahan's motion to compel their further responding to Strahan's outstanding discovery.

Respectfully submitted,

ELLEN ROY-HERZFELDER, in her official capacity as Massachusetts Secretary of Environmental Affairs;

DAVID M. PETERS, in his official capacity as Massachusetts Commissioner of the Department of Fish and Game;

and

PAUL DIODATI, in his official capacity as Director of the Massachusetts Division of Marine Fisheries

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Daniel J. Hammond
Daniel J. Hammond
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2078

Dated: August 12, 2005

4

## CERTIFICATE OF SERVICE

I, Daniel J. Hammond, hereby certify that I caused a true and accurate copy of the attached Motion to Enlarge to be served upon the parties listed below by first-class mail, postage pre-paid, on August 22, 2005.

Daniel J. Hammond
Assistant Attorney General
Government Bureau

Richard Max Strahan
928 Dorchester Avenue, Unit 5
Boston, Massachusetts 02125

Jeremy Shugar
86 Norfolk Street, Unit 3
Cambridge, Massachusetts 02138