UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELLEN ROY-HERZFELDER, et. al. )<br>)<br>Defendants. ) | Civil Action No.05-10140NMG |

ORDER ON DISCOVERY MOTIONS

SOROKIN, M.J.                                                                              September 8, 2005

Pending before the Court are motions by the plaintiff for protective orders seeking to compel further production of discovery from the United States, the New England Aquarium, the Provincetown Center for Coastal Studies (CCS) and the defendants as well as cross-motions to quash filed by some of the foregoing entities. The pending motions are docket numbers 23, 32, 33, 34, 35, 43, 47 and 48.

The Aquarium and the CCS have physical possession of most of the discovery that plaintiff seeks. These two entities have made substantial efforts to respond to the subpoenas as documented in their comprehensive filings before the Court. The same is true of the United States National Marine Fishery Service (not a defendant but the target of a subpoena). Plaintiff's moving papers with respect to all of the motions simply assert that the target of the discovery request or subpoena failed to comply. At the start of the hearing yesterday, plaintiff filed an Affidavit with exhibits explaining generally the significance to his case of the discovery he seeks. By filing the pleading at the hearing, as a practical matter, plaintiff denied both the defendants

and the targets of the subpoenas an opportunity to respond to this filing.[1]

As a general matter, requiring the targets of the subpoenas to produce more would impose an undue burden within the meaning of Fed. R. Civ. P. 45. Insofar as plaintiff argues that discoverable information in the physical possession of the Aquarium or the CCS or the United States is under the custody or control of the defendants, I find that all the discovery produced, especially in light of the showings by the parties and non-parties before the Court, suffices under Rule 26 such that, even accepting for sake of discussion plaintiff's legal argument (a point I find unnecessary to resolve at this time), the Court declines to Order further discovery except as noted below.

In light of the arguments made at the hearing as well as a review of the papers, the Court DENIES docket #s 33, ,34, 35, and 47 and ALLOWS docket #s, 23, 43 and 48 EXCEPT as set forth below.

1. The United States Marine Fishery Service is ORDERED to file a status report with the Court by Friday September 16, 2005, explaining whether it has photographs of fishing gear relating to entanglements, which are otherwise responsive to the subpoenas, located at either the New England Fishery Science Center in Woods Hole, the Narragansett Storage facility or the Gloucester Office. If such photographs exist the Fishery Service is ORDERED to state whether it will produce the photographs (and if so by when) or if not, briefly, the basis for declining to produce the photographs.

2. The Provincetown CCS is ORDERED to file a status report with the Court by Friday

---

[1] The date of this hearing was set on August 18, 2005 after plaintiff had already filed his motions.

September 16, 2005 explaining (1) whether it has a list of identified whales with an indication of whether the whale has been entangled; (2) whether Mr. Landry is aware of an entanglement database (other than the one already produced to the plaintiff); and (3) whether the CCS has an approximately 150 field sighting database as opposed to the 2 to 3 field database plaintiff states he received in response to the subpoena. As to these three items, if any exist, the CCS should also state either when it will produce the item or why it declines to so produce.

/s/ LEO T. SOROKIN
Leo T. Sorokin
United States Magistrate Judge