UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD MAX STRAHAN,**            ) | |
| )                            | |
| Plaintiff,            ) | Civil Action No. |
| )                            | |
| v.            ) | 05-10140-NMG |
| )                            | |
| **ELLEN ROY-HERZFELDER,** *et al.*,            ) | |
| )                            | |
| Defendants.            ) | |
| _____) | |

**NATIONAL MARINE FISHERIES SERVICE'S STATUS REPORT**

The National Marine Fisheries Service ("NMFS"), a non-party to the above-captioned case, by and through its undersigned attorneys, respectfully submits the following status report, pursuant to this Court's September 8, 2005 Order.

Following the September 7, 2005 hearing before Magistrate Judge Sorokin, the Court issued an Order requiring NMFS to

> explain[] whether it has photographs of fishing gear relating to entanglements, which are otherwise responsive to the subpoenas, located at either the New England Fishery Science Center in Woods Hole, the Narragansett Storage facility or the Gloucester Office. If such photographs exist [NMFS] is ORDERED to state whether it will produce the photographs (and if so by when) or if not, briefly, the basis for declining to produce the photographs.

Order at p. 2. In response, NMFS provides the attached three (3) declarations.

The first, from Richard Merrick, the Chief of the Protected Species Branch at the Northeast Fishery Science Center ("NEFSC") in Woods Hole, Massachusetts, states that the NEFSC does not have in its possession either digital images or physical samples of fishing gear obtained from entangled whales. Merrick Declaration at ¶ 3. The NEFSC canvassed its

employees when the Plaintiffs' subpoena was first received in April 2005, and again following the Court's order in September 2005, and the NEFSC reaffirms that no photographs responsive to the subpoena are in its possession. Merrick Decl. at ¶ 4.

The second declaration is from John F. Kenney, a NMFS Fisheries Engineer in the Northeast Regional Office in Rhode Island, who is the individual responsible for documenting and maintaining fishing gear recovered from entangled whales. Kenney Decl. at ¶ 1. Mr. Kenney explains that while some of the physical gear is stored at the Narragansett, Rhode Island facility, the remainder of the gear, and the entire (and only) NMFS database of gear photographs is maintained in North Kingstown, Rhode Island. Kenney Decl. at ¶¶ 1, 3. He further explains that in responding to the subpoena in May 2005, he provided up to 10 representative images of gear from each entanglement incident for which images were maintained. Kenney Decl. at ¶ 3. Initially, only one or a few photographs of gear were taken per incident; subsequent entanglements were documented with more. Id. In responding to the subpoena for the time period embraced by the request, Mr. Kenney provided gear images from 41 incidents, totaling approximately 190 photographs. Id. Those images were provided at the same resolution as which they were kept on the database. Id. While he acknowledges that some photographs have been added to the database since May 2005, the production made was fully responsive to the subpoena as the database existed at the time of the request. Id.

The final declaration, from David Gouveia at the Gloucester, Massachusetts, similarly confirms that the only gear images maintained by the NMFS Northeast Regional Office are found at the North Kingstown, Rhode Island location. Gouveia Decl. at ¶ 4. He further states that the Gloucester office was canvassed for photographs and no images of gear were found at

the Gloucester facility.  Id.

     Accordingly, NMFS respectfully submits that it has fully complied with its obligations under Plaintiff's April 15, 2005 subpoena, and no further production is necessary.

     Respectfully submitted this 16th day of September, 2005.

          MICHAEL J. SULLIVAN, United States Attorney
          ANTON GIEDT, Assistant United States Attorney

          KELLY A. JOHNSON, Acting Assistant Attorney General
          United States Department of Justice
          Environment and Natural Resources Division
          JEAN E. WILLIAMS, Chief
          SETH M. BARSKY, Assistant Chief

By:      _/s/__S. Jay Govindan_____
          S. JAY GOVINDAN, Trial Attorney
          United States Department of Justice
          Environment and Natural Resources Division
          Wildlife and Marine Resources Section
          Benjamin Franklin Station, P.O. Box 7369
          Washington, D.C. 20044-7369
          Telephone: (202) 305-0237/ Facsimile: (202) 305-0275

## CERTIFICATE OF SERVICE

     I hereby certify that on this 16th day of September, 2005, a copy of the foregoing Status Report was sent via first-class mail, postage prepaid to:

Richard Max Strahan
928 Dorchester Avenue, #5
Boston, MA 02125

Daniel J. Hammond
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108

          _/s/___S. Jay Govindan_____
          S. Jay Govindan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

RICHARD MAX STRAHAN      )
                          )
         Plaintiff        )
                          )
v.                        )
                          )   Civil Case No. 05-10140-NMG
ELLEN ROY-HERZFELDER, *et al*  )
                          )
         Defendants.      )
                          )

**DECLARATION OF RICHARD MERRICK**

I, RICHARD MERRICK, declare as follows:

1.      I am the Chief (Supervisory Research Oceanographer) of the Protected Species Branch, Resource Evaluation and Assessment Division, Northeast Fisheries Science Center (NEFSC), National Marine Fisheries Service ("NMFS"), National Oceanic and Atmospheric Administration, U.S. Department of Commerce, located in Woods Hole, Massachusetts.

2. In this capacity I formulate and direct NMFS research in the Northeast region for marine mammal and turtle species. I am responsible for: 1) direction of staff, 2) development of research program, 3) administration of funding to support Branch operations, and 4) overseeing development of funding proposals, budget, and work plans. The research I direct includes annual population assessments, stock identification, bycatch estimation/reduction, and a variety of ecological studies. I also oversee the NEFSC's gear research program designed to develop gear-based solutions to reduce bycatch of protected species. I am the national lead for a variety of Protected Species science issues including development of quantitative criteria for ESA listings, development of a protected species stock assessment improvement plan, and development of an ecosystem based approach to protected species science and management.

2.      The purpose of this declaration is to advise the Court of the data and materials maintained at the NEFSC to respond to the Plaintiff's April 15, 2005 Subpoena *Duces Tecum* concerning digital images and physical samples of fishing gear obtained from entangled whales; and documents of correspondence relating to these materials between any employee and/or agent of the Massachusetts Executive Office of Environmental Affairs, Massachusetts Department of Fish and Game, and/or Massachusetts Division of Marine Fisheries, and any employee of the Provincetown Center for Coastal Studies (PCCS) and the Plaintiff.

3.      The NEFSC does not have in its possession either digital images or physical samples of fishing gear obtained from entangled whales.

4.      Upon receipt of Plaintiff's subpoena in April 2005, and again, in September 2005, pursuant to Magistrate Judge Sorokin's order, the NEFSC canvassed its staff for any documents relating to digital images or physical samples of fishing gear obtained from entangled whales which would be responsive to the Plaintiff's request for correspondence between any employee and/or agent of the Massachusetts Executive Office of Environmental Affairs, Massachusetts Department of Fish and Game, and/or Massachusetts Division of Marine Fisheries, and any employee of the Provincetown Center for Coastal Studies (PCCS) and the Plaintiff.   The NEFSC did not find any documents responsive to the Plaintiff's subpoena requests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Woods Hole, Massachusetts on this 9th day of September 2005.

_____
Richard Merrick, Chief
Protected Species Branch
Resource Evaluation and Assessment Division
Northeast Fisheries Science Center
National Marine Fisheries Service

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

RICHARD MAX STRAHAN           )
                              )
          Plaintiff           )
                              )
v.                            )
                              )   Civil Case No. 05-10140-NMG
ELLEN ROY-HERZFELDER, et al ) 
                              )
          Defendants.         )
                              )

**DECLARATION OF JOHN F. KENNEY**

I, JOHN F. KENNEY, declare as follows:

1.  I am a Fisheries Engineer with the Protected Resources Division, Northeast Regional Office, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, U.S. Department of Commerce in a field office located at 113 Bruce Boyer Street, North Kingstown, Rhode Island. In this capacity I am responsible for documenting and maintaining the gear recovered from entangled whales. Some of this gear is stored at this location and the rest is in a National Marine Fisheries Service warehouse in Narragansett, Rhode Island.

2.  The purpose of this declaration is to advise the Court of the data used by the Regional Office to respond to the Plaintiff's Subpoena *Duces Tecum* concerning digital images of gear recovered from disentanglements.

3.  The Regional Office maintains a database of digital images of gear removed from entangled marine mammals and sea turtles at the North Kingstown, RI. field office. This is the sole database of the National Marine Fisheries Service, Northeast Region, containing digital images of the gear that has been removed from whales. In response to Plaintiff's April 15, 2005 subpoena, I provided a maximum of 10 digital images of the recovered gear from the 41 entanglement events from which gear was recovered. During the early years gear from most incidents was documented with few images, in some cases only one image per event. In more recent years a new camera increased image resolution and in general more images were taken per event. In May of 2005, I provided approximately 190 digital images of the above-mentioned 41 entanglement incidents, all of which were provided at the same quality as they are in the database. Although there have been some images added to the database since May 2005, the images provided to the Plaintiff were fully responsive to the subpoena as the database existed at that time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in North Kingstown, Rhode Island on this 15th day of September 2005.

_____
John F. Kenney
Protected Resources Division
Northeast Region
National Marine Fisheries Service
North Kingstown, Rhode Island

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

RICHARD MAX STRAHAN )
)
        Plaintiff )
)
v. )
) Civil Case No. 05-10140-NMG
ELLEN ROY-HERZFELDER, et al )
)
        Defendants. )
)

### DECLARATION OF DAVID M. GOUVEIA

I, DAVID M. GOUVEIA, declare as follows:

1.    I am a Supervisory Fishery Biologist with the Protected Resources Division, Northeast Regional Office, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, U.S. Department of Commerce located in Gloucester, Massachusetts. In this capacity I am responsible for overseeing and coordinating the Marine Mammal Program for the Northeast Regional Office including a field station located in North Kingstown, Rhode Island.

2.    The purpose of this declaration is to advise the Court of the data used by the Regional Office to respond to the Plaintiff's Subpoena *Duces Tecum* concerning digital images of entangled whales and gear recovered from disentanglements.

3.    The Northeast Regional Office (NER) does not maintain its own database concerning digital images of entangled whales. For several years the NER has contracted the Provincetown Center for Coastal Studies (CSS) for disentanglement response. As part of that contract, CCS maintains a database containing images of entangled whales. The NER has access to CCS' entanglement database. In response to the Plaintiff's April 15, 2005 subpoena, the Regional Office canvassed its files and CCS entanglement database concerning any entanglement images requested by the plaintiff. All responding images within the possession of NER and the CCS database were provided to the Plaintiff.

4.    The NER does maintain its own digital images of gear removed from entangled marine mammals at the North Kingstown, RI field office. In response to Plaintiff's April 15, 2005 subpoena, the NER canvassed its database located in North Kingstown, RI as well as files located in Gloucester, MA for information responding to the Plaintiff's request. Images responding to the Plaintiff's request located at the North Kingstown, RI

facility were provided to the Plaintiff. No additional images were found at the Gloucester facility.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Gloucester, Massachusetts on this 15th day of September 2005.

*/s/ David M. Gouveia*
David M. Gouveia
Protected Resources Division
Northeast Region
National Marine Fisheries Service
Gloucester, Massachusetts