UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 NOV 10  A 11: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| RICHARD MAX STRAHAN | ) | |
| | ) | |
| JEREMY SHUGAR | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 05 – 10140 - NMG |
| STEVEN PRITCHARD, Secretary | ) | |
| EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS | ) | |
| | ) | |
| DAVID M. PETERS,  Commissioner | ) | |
| DEPARTMENT OF FISH AND GAME | ) | 30 September 2005 |
| | ) | |
| PAUL DIODATI, Director | ) | |
| DIVISION OF MARINE FISHERIES | ) | |
| | ) | |
| CHARLES MAYO | ) | |
| | ) | |
| CENTER FOR COASTAL STUDIES | ) | |
| | ) | |
| *Defendants* | ) | |

VERIFIED AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND REQUEST FOR A JURY TRIAL

This an enforcement action — brought pursuant to the "citizen attorney general"

provision of Section 11 the Endangered Species Act ("ESA")[1] — for the Court to enforce the

Act's Section 9 take prohibitions against the Defendants to stop their further killing members of

endangered species of whales and sea turtles listed protected under the Act and to reverse the

enhanced threat of extinction facing these said endangered species as a result of the Defendants

accumulative past unlawful takings of them.  See 16 U. S. C. §§ 1540(g) and 1538(a and g).  The

---

[1] See 16 U. S. C. §§ 1531 *et seq.*

Plaintiffs are seeking to have the Court order the Defendants not to further license any commercial fishing operation in U. S. coastal waters unless it is pre-certified as Whale Safe[2] and does not pose any significant risk of entanglement to endangered species of whales and sea turtles. In addition the Plaintiffs are seeking an order against the Defendants to for them to fund pro active efforts to negate the current enhanced threat of future extinction of these said endangered species ("Enhanced Extinction Threat") caused by the adverse impact on the said endangered species populations of the Defendants years of said unlawful takings (e. g. the current size of the remaining populations of said endangered species is much smaller than they would otherwise be without the Defendants past killings of members of these said endangered species).[3] The Plaintiffs are asking the Court to order the Defendants to provide up a billion dollars to fund the said pro active recovery efforts for the said endangered species of whales and sea turtles.

1.     Defendants Pritchard, Peters and Diodati ("State Defendants") are being sued pursuant to their official duties as administrators of Massachusetts state agencies. The Plaintiffs

---

[2] "Whale Safe Fishing" is defined for purposes of the instant action as commercial fishing that is not expected to cause on an annual basis a single incident of death or serious injury of a listed species of endangered whale.

[3] The Defendants unlawful killings have cause the current remaining populations of these endangered species to be smaller than they would have been had they not been subject to the Defendants unlawful "harvesting" of them. The Defendants reduction in the size of the remaining populations of endangered species of whales and sea turtles has enhanced the likelihood of these species going extinct and prevented any possible recovery form their endangered status that they would have achieved without the adverse impact of the Defendants' unlawful takings of their members. The "small population" effect in conservation science asserts that the smaller a population becomes its chances of extinction rise exponentially. Even if the Court enjoins the Defendant from further killings of the said endangered species, the enhanced threat of extinction that the Defendants created by depleting these populations for years remains and therefore the Defendants continue to inure the Plaintiffs. To correct the Defendants' "enhanced threat of extinction" injury of the Plaintiff requires the proactive efforts to artificially increase the size of the depleted populations to at least the level that they would be absent the Defendants unlawful takings. The Plaintiff seeks an order requiring the Defendants to pay for these proactive efforts.

are bringing a claim under the Massachusetts Torts Act[4]against the State Defendants under the Court's supplemental jurisdiction. The Plaintiffs maintain that they have been personally injured by the Defendants continuing negligent conduct in not only licensing and regulating commercial fishing gear in said violation of the Section 9 take prohibitions of the ESA but also through the Defendants negligent and complete failure to make any attempt to obey and enforce the prohibitions of the Massachusetts Endangered Species Act — that similarly prohibits the Defendants' licensing and regulating fishing gear that entangles, kills, injures and otherwise takes the same said endangered species of whales and sea turtles. See M. G. L. Ch. 131A. These negligent acts of the State Defendants have substantially injured the Plaintiffs' right under the Massachusetts Constitution to enjoy the environment and also their ability to make a living. The Plaintiffs are asking the Court for an award of $100,000,000 in compensatory damages from each of the Defendants and an award of $1,000,000,000 dollars in punitive damages from each of the State Defendants. The Defendants have previously presented the State Defendants as required by the Massachusetts Torts Act notification of their intent to bring suit for the said alleged injuries to them.[5]

2.      Defendants Mayo and the Center for Coastal Studies ("Corporate Defendants") are being sued in their individual capacities for engaging in a conspiracy with the State Defendants to assist them in the licensing and regulation of commercial fishing that kills, injures and otherwise takes listed species of endangered wildlife in violation of Section 9(a and g) of the Act. The Corporate Defendants are business partners of the State Defendants. The State Defendants pay the Corporate Defendants millions of dollars to — in part – to assist them in designing and regulating commercial fishing gear that they license that unlawfully takes

---

[4] The Massachusetts Torts Act, 258 M. G. L. § 1 et seq.
[5] See 258 M. G. L. § 4.

endangered whales and sea turtles, to assist them in evading the enforcement of the ESA's Section 9 take prohibitions against their said unlawful takings of endangered wildlife and also to aid them in defrauding the Public in order to prevent any political pressure on the State Defendants to cease their said unlawful activities. There is no question that if it were not for the unlawful support of the Corporate Defendants in assisting them in evading the enforcement against them of the protective provision of the ESA, Endangered Whales and Turtles would no longer be entangled by fishing gear. j

2a.    The Plaintiffs seek an order enjoining the State Defendants from further said funding the Corporate Defendants and to enjoin the Corporate Defendants from any further assisting of the State Defendants' licensing and regulating of commercial fishing gear that entangles, kill, injures and otherwise unlawfully takes said listed species of endangered whales and sea turtles. The Plaintiffs are also seeking an order requiring that the Corporate Defendants to share the burden of the funding by the State Defendants of pro active measures to eliminate the Enhances Extinction Threat caused by their part in the joint effort with the State Defendants to said unlawfully take listed species of whales and sea turtles in violation of the Section 9(a and g) take prohibitions of the ESA.

3.    This action is brought to protect the Plaintiffs and the Public's interest in the continued existence and recovery from their endangered status four endangered species of whales and three endangered species of Sea Turtles that currently inhabit the United States coastal areas under the concurrent state jurisdiction of Massachusetts and that have been designated pursuant to the Act as listed species. See 50 C. F. R. § 17.3. The four listed species of whale are the Northern Right Whale (*Eubalaena glacialis*); the Humpback Whale (*Megaptera novaeangliae*); the Fin Whale (*Balaenoptera physalus*); and the Blue Whale (*Balaenoptera*

*musculus*) (collectively known henceforth as "Endangered Whales"). The four listed species of Sea Turtles are the Hawksbill (*Eretmochelys imbricata*), Kemp's Ridley ( *Lepidochelys kempii*), Leatherback (*Dermochelys coriacea*), and the Loggerhead (*Caretta caretta*) ("Endangered Turtles").

4.      Upon information and belief, neither the State nor Corporate Defendants have been issued any permit by the National Marine Fisheries Service ("NMFS") pursuant to the Section 10 of the ESA — the section of the act that provides for the issuing of permits to allow the incidental taking of listed endangered species of wildlife — to allow them to lawfully take any listed species of Endangered Whale or Endangered Turtle.

5.      The Plaintiff — Richard Max Strahan — is a conservation scientist who researches and protects Endangered Whales and other species of wildlife. Strahan is currently the leading proponent for private and government efforts to protect endangered whales from commercial fishing gear and from being struck and harassed by ships. Strahan has brought numerous civil actions to enforce the Section 9 take prohibitions of the Act to stop the Defendants and others from killing and injuring of listed species. See *Strahan v. Coxe,* 939 F. Supp. 963 (D. Mass. 1996), aff'd in part and vacated in part, *Strahan v. Coxe,* 127 F. 3d 155 (1st Cir. 1997), cert. denied *Coates v. Strahan*, 525 U. S. 978 (1998); *Strahan v. Linnon*, 967 F. Supp. 581 (D. Mass. 1995).

6.      The U. S. Fish and Wildlife Service designated the Endangered Whales and Turtles as listed endangered species by 1970. Hunting was the initial cause for the decline of these species. Northern Right Whales are one of the most endangered species of whale in the world and an example of the reason why species of Endangered Whales are facing extinction. Their principal remaining range is almost entirely in coastal waters under United States

jurisdiction. Hunting of Northern Right Whales began in the 1200's and continued into the 1980's in the North Pacific. Hunting was first banned internationally on Northern Right Whales in 1937 and currently no hunting is allowed for any species of Endangered Whales under federal and international law. Current anthropogenic mortality and injury of Endangered Whales is principally caused by entanglement in commercial fishing gear and from ship strikes/harassment.

7.    Massachusetts state law prohibits the deployment of commercial fishing gear in United States coastal waters under its concurrent state jurisdiction without first obtaining a license from the Defendants and the Massachusetts Division of Marine Fisheries. Massachusetts state law and the regulations adopted by the Defendants under their state regulatory authority mandate that the type of fishing gear deployed by individuals. These requirements result in licensing of fishing gear that is of a character that causes it to routinely kill and injure Endangered Whales and Endangered Turtles by entanglement. The most deadly type of commercial fishing gear for Endangered Whales and Turtles licensed by the Defendants is known as fixed fishing gear — i. e. Gill Nets and Lobster Gear ("Fixed Fishing Gear"). Fixed Fishing Gear causes the majority of unlawful entanglements inflicted on Endangered Whales and Turtles by the Defendants. The individual licensees of the Defendants who actually deploy Fixed Fishing Gear and other types of entangling fishing gear into U. S. coastal waters are the official agents of the State Defendants. Both they and the Defendants are liable under Section 9 of the ESA for the unlawful taking of Endangered Whales Turtles by entanglement caused by the their commercial fishing gear deployed in U. S. coastal waters under license and permit by the State Defendants.

8.    When large whales become entangled in fishing gear, the gear routinely digs into the flesh of the whale causing tissue injury and blood loss in even the most trivial level of

entanglement. Vertical buoy lines used in Fixed Fishing Gear are a significant source of entanglement of Endangered Whales and Turtles. These lines are vertically suspended in the water column for hundreds of feet. They are fixed in place by a heavy anchor and remain in any location for months at a time. These lines are made of plastic and have an extremely rough surface that is ideal to ensure knotting and entanglement of endangered whales. To become entangled in a vertical buoy line, an Endangered Whales has merely to brush by a vertical buoy line to have it wrap around its flipper and "knot" into place. Gill Nets are vertical walls of plastic mesh that stretch out for miles and are anchored to the sea floor with vertical buoy lines and are left unattended for days in a row. All manner of marine wildlife including Endangered Whales and Turtles routinely run into Gill Nets, become entangled, and horribly die. Gill Nets are inherently dangerous to Endangered Whales and Turtles and cannot be used in any form in whale habitat without causing the death and injury of Endangered Whales and Turtles.

9. The entanglement of whales in commercial fishing gear constitutes a "taking" in violation of the Section 9 take prohibitions of the ESA. Section 2 of the Act defines a "taking" as to —

"harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." *Id.* at 1532(19).

By regulation, the Secretary of the Interior further defines at 50 C. F. R. § 17.3 (1999) the term "harm" to mean —

"an act which kills or injures wildlife. Such act may include significant habitat modification or degradation where it actually kills or injures wildlife by significantly impairing essential behavioral patterns, including breeding, feeding or sheltering."

10.    The case of Northern Right Whale (Catalog #2030)[6] is illustrative of the horrific type of death caused by Defendants' licensing of fishing gear. In May of 1999, Northern Right Whale #2030 became entangled in gill nets and lobster gear in U. S. coastal waters. As the whale struggled to free itself, the lines wrapped themselves first around one flipper and then around the whale's body several times, and then onto the other flipper. In the ensuing months, the fishing lines that were wrapped tight across the whale's back began to saw their way into its body. They literally began cutting the whale in two. This poor living thing suffered horribly for many months, experiencing a continual increase in pain and injury as the commercial fishing gear slowly sawed into its viscera. Eventually the fishing lines had cut away all the flesh on its back and caused a huge gash from the base of one flipper to another, fully exposing the bones of its shoulder blades, vertebrae, and most of its upper skeleton. The whale finally died from the trauma of pain, infection starvation and blood loss. This horrible death did not have to occur and could have been easily prevented if the Defendants had used "whale safe" fishing gear. However to this day they refuse to do so, despite being fully aware of the fact that their fishing gear is killing endangered wildlife and even wiping out the Northern Right Whale. The Defendants are solely responsible for commercial fishing gear deployed in U. S. coastal waters under the concurrent state jurisdiction Massachusetts and are liable under Section 9 of the ESA for the entanglements.

11.    Most of Cape Cod Bay has been listed by NMFS as designated critical habitat for the Northern Right Whale pursuant to the provisions of Section 3 of the ESA. The deployment of commercial fishing gear into the area of Cape Cod Bay designated under the ESA as critical for the survival of this whale species adversely impacts this marine environment and in so doing

---

[6] Most existing and recently dead Northern Right Whale have been assigned identification numbers based on photographic assessments.

reduces the ability of the Northern Right Whale to thrive and recover from its endangered species habitat. All this commercial fishing gear transforms Northern Right Whale critical habitat into a "death trap" for these endangered whales. The mere physical placement of this Fixed Fishing Gear in Northern Whale critical habitat in Cape Cod Bay — and the vessel operations that place and maintain it — harass and interfere with the feeding and movement of Northern Right Whales and other Endangered Whales in this area. Over one million pieces of Fixed Fishing Gear are annually deployed into Northern Right Whale critical habitat in Cape Cod Bay by agents of the Defendants. The Defendants are in violation of the take prohibitions from adversely altering the listed critical habitat of the Northern Right Whale in a manner that results in the death or injury of whales.

12.    This instant action was brought out of necessity, The State Defendants do not impose any requirement that the commercial fishing gear that they currently license and regulate must first be proven to not pose a significant threat to entangle any member of any species of Endangered Whales and Turtles before actually licensing its deployment by commercial fisherman. NMFS and the U. S. Coast Guard ("USCG") have abrogated their mandatory and non-discretionary authority to enforce the Section 9 take prohibitions of the ESA. Both of these federal agencies are given by Congress the necessary authority and non-discretionary mandate to independently enforce the Section 9 take prohibitions of the ESA pursuant to Section 11(e) of the Act. *Id* at 1540(e). Both the NMFS and the USCG refuse — and have done so since the beginning of the Act — to enforce the Section 9 take prohibitions of the ESA against individuals entangling whales and sea turtles through commercial fishing activity licensed by state agencies or licensed by NMFS itself. The NMFS and the USCG has never issued even a single civil citation to any commercial fisherman whose fishing gear entangled an endangered whale or sea

turtle. Further, the National Marine Fisheries Service currently and historically violates the Section 9 take prohibitions of the ESA by itself licensing and regulating the deployment of commercial fishing gear in U. S. coastal waters that routinely kills and injures Endangered Whales Turtles by entanglement. NMFS and the USCG have never notified any state government that its commercial fishing activities that entangle listed species of Endangered Whales and Turtles is unlawful or advised them in any manner on how to make their state authorized commercial fisheries Turtle and Whale Safe.

### Parties

13.     Plaintiff Richard Max Strahan ("Strahan") is a citizen of the United States, a conservation biologist, and also serves as the National Campaign Director for GreenWorld; an environmental movement that seeks to implement conservation plans for endangered species of wildlife. His business address is 928 Dorchester Avenue, #5, Boston MA 02125.

14.     Plaintiff Jeremy Shugar is a citizen of the United States and a wildlife photographer. He actively seeks to photograph Endangered Whales and Sea Turtles in their natural habitat. His business address is 86 Norfolk Street, #3, Cambridge MA 02138.

15.     Defendant Prtichard is a citizen of the United States. She is being sued in her official capacity as the Secretary of the Massachusetts Executive Office of Environmental Affairs. The address of his place of business is % the Massachusetts Executive Office of Environmental Affairs, 100 Cambridge Street, Boston MA 02108.

16.     Defendant Allen is a citizen of the United States. He is being sued in his official capacity as the Commissioner of the Massachusetts Department of Fisheries and Game. The address of his place of business is % the Massachusetts Department of Fisheries and Game, 100 Cambridge Street, Boston MA 02108.

17.     Defendant Diodati is a citizen of the United States. He is being sued in his official capacity as the Director of the Massachusetts Division of Marine Fisheries. The address of his place of business is % the Massachusetts Division of Marine Fisheries, 100 Cambridge Street, Boston MA 02108.

18.     Defendant Charles Mayo is a United States citizen. His business address is % Center for Coastal Studies, 115 Bradford Street, Provincetown MA 02657.

19.     Defendant Center for Coastal Studies is a non-profit corporation incorporated under the laws of the Commonwealth of Massachusetts and it's business address is the Center for Coastal Studies, 115 Bradford Street, Provincetown MA 02657.

## Jurisdiction and Standing

20.     The Court has jurisdiction over the subject matter of this action by virtue of 28 U. S. C. § 1331 (action under the laws of the United States); 16 U. S. C. § 1540(c) (action arising under the ESA); 16 U. S. C. § 1540(g) (citizen suit provision of the ESA) and Declaratory Judgment Act 28 U. S. C. §§ 2201-2202 (power to issue declaratory judgment). Pursuant to Section 11(g) of the ESA, the Plaintiffs have previously sent written notice to each of the State Defendants — and the Secretary of the Department of Commerce and its infra-agency NMFS — informing them of his intent to bring suit against the Defendants if they do not voluntarily stop their said unlawful takings of listed endangered species. None of the State Defendants has responded to the Plaintiffs' notices and they continue to the present day their unlawful said activities. The NMFS has informed the Plaintiffs that it has no intention of enforcing the ESA Section 9 take prohibitions against state commercial fisheries. The Plaintiffs has also served the State Defendants with the requisite notice of intent to bring an action against them pursuant to the Massachusetts Torts Act.

21. The Plaintiffs have standing to bring the instant civil action owing to their

extended history of researching and developing conservation plans for species of Endangered

Whales. The Plaintiffs are avid whale watcher. Courts have repeatedly found Strahan to have

standing to act as a "citizen attorney general" and to bring civil actions under the ESA to enforce

the take prohibitions of the ESA in order to protect listed species of Endangered Whales from

unlawful takings in the Atlantic Ocean.

### Plaintiffs' Claims Against the Defendants

**Count I**: Violation of Section 9(a and g) of the Endangered Species Act: the
Defendants' Killing, Injuring and Otherwise Unlawful Taking of Northern
Right Whales

22. Plaintiffs reallege and incorporate herein by reference each and every allegation

contained in paragraphs 1 through 21 of this Complaint.

23. The Defendants are currently and historically engaged in a conspiracy to violate

the Section 9(a and g) take prohibitions of the ESA by the State Defendants authorizing and

regulating the annual deployment of millions of pieces of Lobster Gear, Gill Nets and other kinds

of fishing gear into U. S. coastal waters that routinely kills and injures Northern Right Whales by

entanglement. There are about 1000 Northern Right Whales remaining in the Atlantic Ocean.

There population has been slowly increasing since hunting of them ended in the 1930's.

Northern Right Whales are currently being routinely entangled by commercial fishing gear

licensed and regulated by the State Defendants. At least one Northern Right Whale is seriously

injured or killed each year from becoming entangled in commercial fishing gear licensed by the

State Defendants. Most of these entanglements go unreported. Many of these entanglements are

observed by the Corporate Defendants are reported to them by third parties. The Corporate

Defendants deliberately conceal these records of these reported entanglements to insure that the

information will not be used to enforce the ESA Section 9 take prohibitions against the State Defendants and the commercial fishing industry of the United States.

24.     On or about 3 August 2002, a Northern Right Whale was entangled in fishing gear in U. S. coastal waters off Gloucester MA in commercial fishing gear licensed by the Defendants. The whale was discovered dead in a Gill Net by licensed by the owner of the gear and the licensed agent of the Defendants.

25.     On or about 1 November 2002 a Northern Right Whale was seen entangled in commercial fishing gear just outside of Sesuit Harbor in Dennis MA. The Northern Right Whale was seen entangled in commercial fishing gear anchored to the sea floor outside of Sesuit harbor in Dennis MA on the same day with a commercial fisherman attempting to remove its gear from the entangled whale. This individual never reported the entanglements and was trying to remove the evidence of the unlawful entanglement.

26.     Federal courts have ruled that a state agency is liable under Section 9 of the ESA for the killing and injuring of members of listed endangered species caused by fishing gear whose deployment that it authorizes and regulates. See *Strahan supra*.

27.     The entanglement of Endangered Whales and Sea Turtles in commercial fishing gear licensed and regulated by the Defendants is a violation of the Section 9(a and g) take prohibitions of the ESA. Such unlawful entanglements occur routinely and have been occurring for many decades. Unless the Court grants the Plaintiffs their requested injunctive relief to stop these unlawful entanglements they will continue and many more endangered Northern Right Whales will be killed and injured by the Defendants which will also precipitate this endangered species into n irreversible path to imminent extinction.

**Count II**:  Violation of Section 9 of the Endangered Species Act: the Defendants Adversely Altering and "Harming" the Designated Listed Critical Habitat of the Northern Right Whales

28.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 27 of this Complaint.

29.     On 3 June 1994, the National Marine Fisheries Service issued a final rule designating most of Cape Cod Bay in Massachusetts as a listed critical habitat for the Northern Right Whale. See 59 Fed. Reg. 28,793. The presence of fishing gear in this critical habitat is a modification of that habitat that results in enhanced risk to kill and injure species from adverse activities that would not be as significant elsewhere. Such an adverse modification of habitat particularly essential to the survival of an endangered species constitutes a taking by "harm" because it results in the death from entanglement or impairment to feeding, birthing etc.

30.     The Defendants are violating the take prohibitions of Section 9 of the ESA by taking the Northern Right Whale through "harm." by annually licensing and regulating the deployment of over a million pieces of fixed-fishing gear (in the form of gill nets and lobster gear) into Massachusetts Bay in habitat that has been designated by NMFS as listed critical habitat of the Northern Right Whale In so doing the Defendants are intentionally degrading the habitat of the designated listed critical habitat of this endangered species and significantly impairing the Northern Right Whale's ability to survive. The Defendants' conspiracy to license and regulate the deployment of gill nets, lobster gear, and other fishing gear in waters in an area that is within boundaries of the listed critical habitat for these whales in Cape Cod Bay, has significantly affected the designated listed critical habitat of the Northern right Whale to the point where these endangered whales will likely become killed and injured, directly through the entanglements with the deployed fishing gear, as well as through the significant impairment of

their feeding, swimming, and other essential behaviors necessary for the whale's survival by the physical presence of the said fishing gear. This includes impairment of the Northern Right Whale's ability to recover from its endangered status.

31.    In so doing the State and Corporate Defendants are in continuous violation of the take prohibitions of the ESA. 16 U. S. C. 1538(a)(1)(B) and 1538(g) through "harm." Such unlawful deployment of commercial fishing gear in designated listed Northern Right Whale critical habitat occurs routinely and has been occurring for many decades. Unless the Court grants the Plaintiffs their requested injunctive relief to stop these unlawful deployments they will continue and many more endangered Northern Right Whales will be killed and injured by the Defendants which will also precipitate this endangered species into an irreversible path to imminent extinction.

**Count III**:    Violation of Section 9(a and g) of the Endangered Species Act: the Defendants' Killing, Injuring and Otherwise Unlawful Taking of Humpback Whales

32.    Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 31 of this Complaint.

33.    The Defendants are currently and historically violating the Section 9 take prohibitions of the ESA by authorizing and regulating the annual deployment of millions of pieces of Lobster Gear, Gill Nets and other kinds of fishing gear into U.S. coastal waters that routinely kills and injures Humpback Whales and other Endangered Whales by entanglement.

34.    On or about 17 June 2002 a Humpback Whale was entangled in fishing gear licensed by the Defendants in U.S. coastal waters off Sesuit Harbor in Dennis MA. The whale was emaciated and severely distressed when it was discovered entangled in Fixed Fishing Gear on 17 June 2002. Upon inspection it was discovered that the Humpback Whale had sustained

numerous injuries from its entanglement. Some buoy lines had become permanently embedded in the whale's flesh and were not removable. It also had sustained several deep cuts on the sides of its flukes. Its flukes were also twisted abnormally and had become dislocated by the entanglement.

35.    On or about 29 June 2002 a Humpback Whale was entangled in fishing gear in U. S. coastal waters just north of Race Point in Provincetown MA. This gear licensed by the Defendants. The whale was emaciated and severely distressed when it was discovered entangled in Fixed Fishing Gear licensed by the Defendants on 29 June 2002. The same Humpback Whale was later seen on 11 July 2002 at the same location still entangled in commercial fishing gear licensed by the Defendants.

36.    On or about 26 August 2002 a Humpback Whale was entangled in Lobster Gear licensed by the Defendants off Long Point in Provincetown MA. On 26 August 2002 it was observed entangled in two vertical buoy lines of Lobster Gear owned by a licensed agent of the Defendants and this person reported the entanglement.

37.    On or about 1 October 2002 a Humpback Whale was seen entangled in anchored commercial fishing gear licensed by the Defendants about 1.5 miles northeast of Plymouth MA in Cape Cod Bay. The Humpback Whale was dead. It eventually washed ashore off Race Point in Provincetown MA. A detailed physical examination showed deep scarring from entanglement in commercial fishing gear with numerous strands of plastic line buried deep in the wounds in the Humpback Whale's flesh.

38.    At least two Humpback Whales are seriously injured or killed each year from becoming entangled in commercial fishing gear licensed by the State Defendants. Most of these entanglements go unreported. Many of these entanglements are observed by the Corporate

Defendants are reported to them by third parties. The Corporate Defendants deliberately conceal these records of these reported entanglements to insure that the information will not be used to enforce the ESA Section 9 take prohibitions against the State Defendants and the commercial fishing industry of the United States.

39.     The entanglement of Endangered Whales in commercial fishing gear licensed and regulated by the Defendants is a violation of the Section 9(a and g) take prohibitions of the ESA. Such unlawful entanglements occur routinely and have been occurring for many decades. Unless the Court grants the Plaintiffs their requested injunctive relief to stop these unlawful entanglements they will continue and many more endangered Humpback Whales will be killed and injured by the Defendants which will also unlawfully impede the recovery of this endangered species from its endangered status.

**Count IV**:     Violation of Section 9(a and g) of the Endangered Species Act: the Defendants' Killing, Injuring and Otherwise Unlawful Taking of Fin Whales

40.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 39 of this Complaint.

41.     The State Defendants and the Corporate Defendants through their conspiracy are currently and historically violating the Section 9 take prohibitions of the ESA by the State Defendants authorizing and regulating the annual deployment of millions of pieces of Lobster Gear, Gill Nets and other kinds of fishing gear into U. S. coastal waters that routinely kills and injures Fin Whales and other Endangered Whales by entanglement. The commercial fishing gear of the Defendants pose a significant and unlawful risk to kill and injure Fin Whales by entanglement in U. S. coastal waters under the concurrent state jurisdiction of Massachusetts.

The Fin Whale is listed as a resident native endangered species pursuant to the Massachusetts Endangered Species Act. See M. G. L. Ch. 131A.

42.    At least one Fin Whale is seriously injured or killed each year from becoming entangled in commercial fishing gear licensed by the State Defendants. Most of these entanglements go unreported. Many of these entanglements are observed by the Corporate Defendants are reported to them by third parties. The Corporate Defendants deliberately conceal these records of these reported entanglements to insure that the information will not be used to enforce the ESA Section 9 take prohibitions against the State Defendants and the commercial fishing industry of the United States.

43.    The entanglement of any Endangered Whale in commercial fishing gear licensed and regulated by the State Defendants is a violation of the Section 9 take prohibitions of the ESA. Such unlawful entanglements occur routinely and have been occurring for many decades. Unless the Court grants the Plaintiffs their requested injunctive relief to stop these unlawful entanglements they will continue and many more endangered Fin Whales will be killed and injured by the Defendants which will also unlawfully impede the recovery of this endangered species from its endangered status.

**Count V:**    Violation of Section 9(a and g) of the Endangered Species Act: the Defendants' Killing, Injuring and Otherwise Unlawful Taking of Blue Whales

44.    Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 43 of this Complaint.

45.    The State Defendants and the Corporate Defendants through their conspiracy are currently and historically violating the Section 9(a and g) take prohibitions of the ESA by the State Defendants' authorizing and regulating the annual deployment of millions of pieces of

Lobster Gear, Gill Nets and other kinds of fishing gear into U. S. coastal waters that routinely

kills and injures Blue Whales and other Endangered Whales by entanglement. The commercial

fishing gear of the Defendants pose a significant and unlawful risk to kill and injure Blue Whales

by entanglement in U. S. coastal waters under the concurrent state jurisdiction of Massachusetts.

The Blue Whale is listed as a resident native endangered species pursuant to the Massachusetts

Endangered Species Act. See M. G. L. Ch. 131A.

46.     At least one Blue Whale is seriously injured or killed each year from becoming

entangled in commercial fishing gear licensed by the State Defendants. Most of these

entanglements go unreported. Many of these entanglements are observed by the Corporate

Defendants are reported to them by third parties. The Corporate Defendants deliberately conceal

these records of these reported entanglements to insure that the information will not be used to

enforce the ESA Section 9 take prohibitions against the State Defendants and the commercial

fishing industry of the United States.

47.     The entanglement of any Endangered Whale in commercial fishing gear licensed

and regulated by the Defendants is a violation of the Section 9(a) take prohibitions of the ESA.

Such unlawful entanglements occur routinely and have been occurring for many decades. Unless

the Court grants the Plaintiffs their requested injunctive relief to stop these unlawful

entanglements they will continue and many more endangered Blue Whales will be killed and

injured by the Defendants which will also unlawfully impede the recovery of this endangered

species from its endangered status.

**Count VI:**     Violation of Section 9(a and g) of the Endangered Species Act: the
                Defendants' Killing, Injuring and Otherwise Unlawful Taking of
                Endangered Turtles

48.     Plaintiffs re-allege and incorporate herein by reference each and every allegation

contained in paragraphs 1 through 47 of this Complaint.

49.    The State Defendants and the Corporate Defendants through their conspiracy are currently and historically violating the Section 9(a and g) take prohibitions of the ESA by the State Defendants' authorizing and regulating the annual deployment of millions of pieces of Lobster Gear, Gill Nets and other kinds of fishing gear into U. S. coastal waters that routinely kills and injures Blue Whales and other Endangered Whales by entanglement. The commercial fishing gear of the Defendants pose a significant and unlawful risk to kill and injure Blue Whales by entanglement in U. S. coastal waters under the concurrent state jurisdiction of Massachusetts. All species of Endangered Turtles are listed as a resident native endangered species pursuant to the Massachusetts Endangered Species Act. See M. G. L. Ch. 131A.

50.    At least one member of each species of Endangered Turtle is seriously injured or killed each year from becoming entangled in commercial fishing gear licensed by the State Defendants. Most of these entanglements go unreported. Many of these entanglements are observed by the Corporate Defendants are reported to them by third parties. The Corporate Defendants deliberately conceal these records of these reported entanglements to insure that the information will not be used to enforce the ESA Section 9 take prohibitions against the State Defendants and the commercial fishing industry of the United States.

51.    The entanglement of any Endangered Turtle in commercial fishing gear licensed and regulated by the Defendants is a violation of the Section 9(a) take prohibitions of the ESA. Such unlawful entanglements occur routinely and have been occurring for many decades. Unless the Court grants the Plaintiffs their requested injunctive relief to stop these unlawful entanglements they will continue and many more Endangered Turtles will be killed and injured by the Defendants which will also unlawfully impede the recovery of this endangered species from its endangered status.

### Claims Brought Under the Court's Supplemental Jurisdiction

**Count VI**    Claim of Negligence under the Massachusetts Torts Act Against the State Defendants for Failing to Lawfully License and Regulate Commercial in Compliance with the Endangered Species Take Prohibitions of the ESA and MESA and through Their Refusal to Enforce these Take Prohibitions

52.     Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 51 of this Complaint.

53.     Both the State and Corporate Defendants have personally injured the Plaintiffs out their acts of extreme negligence from decades of their alleged unlawful killing and injuring of Endangered Whales and Turtles from the State Defendants' licensing and regulating the deployment of commercial fishing gear in U. S. coastal waters under the concomitant state jurisdiction of Massachusetts. These killings and injuring of members of species of Endangered Whales and Turtles has depleted the remaining populations of these endangered species and greatly impaired the ability of the Plaintiffs to enjoy them as an irreplaceable part of their rights under the Massachusetts Constitution to enjoyment of the environment. Not only were these said killing and injuring of endangered wildlife unlawful, they were done with deliberate indifference in order to protect the private commercial interests of the Defendants from the enforcement of the take prohibitions of both the ESA and MESA on the commercial fishing industry, In addition, the State Defendants have further personally injured the Plaintiffs with negligent refusal to enforce the take prohibitions of both the ESA and MESA against the commercial fishing industry in order to protect Endangered Whales and Sea Turtles from being killed and injured from entanglement in commercial fishing gear. These negligent refusal to enforce these said prohibitions has caused the death and injury of many members of species of Endangered Whales and Turtles over the years, resulting in the significant depletion of their remaining populations and injuring the Plaintiffs ability to personally enjoy their right to enjoy the environment and their right to do so as protected under the Massachusetts Constitution.

54.     The State Defendants negligent said negligent killing and injuring of Endangered Whales and Turtles for many years has caused the size of their remaining populations to become smaller than they otherwise would be and causing an Enhanced Extinction Threat for these species of Endangered Whales and Turtles. This said negligence of the State Defendants has personally injured the Plaintiffs and will cause a continuing failure of these species to thrive and significantly contribute to their future possible extinction. Only by the Plaintiffs engaging in pro

active efforts to increase the populations of Endangered Whales and Turtles will the Plaintiffs be able to return the populations of Endangered Whales and Turtles to the numbers and biological status that they would have if it had not been for the negligent acts of the State Defendants.

55.   The Plaintiffs maintain that it will cost as much as one billion dollars to pay for the necessary pro active conservation measures to increase the populations of Endangered Whales and Turtles and to restore the designated critical habitat of the Northern Right Whale  to the size and/or state that they would be expected to be at if they had not been killed, injured and otherwise destroyed for decades by negligent acts the State Defendants. These said negligent acts of the State Defendants in conspiracy with the Corporate Defendants are associated with their unlawful licensing and regulating the deployment of commercial fishing gear in the marine habitat of Endangered Whales and sea Turtles.

56.   Among the many — inclusive but not exclusive – negligent acts by the State Defendants that have said personally injured the Plaintiffs are —

a.   Their negligent failure to first insure that commercial fishing gear licensed by them for deployment in the Ocean was certified to not pose any significant threat to entangle a single member of a species of Endangered Whale and Sea Turtle before the they issued any commercial fishing license for any type of specific fishing gear,

b.   Their negligent failure to require that the commercial fishing gear that they license is marked for identification purposes in order to assess accurately if aby fishing gear found toi have entangled Endangered Whales or Sea Turtles in United States coastal waters was fishing gear licensed by the State Defendants

c.   Their negligent failure to enforce the take prohibitions of the ESA and the MESA in regards to commercial fishing gear entangling Endangered Whales and Turtles — especially since the State Defendants have signed into an ESA Section 6 cooperative agreement with NMFS and agreeing to assume NMFS' mandatory and non-discretionary enforcement duties in Massachusetts coastal waters.

d.    Their negligent refusal to do the necessary scientific research and survey work to protect Endangered Whales and Turtles from the commercial fishing gear that they license and regulate.

e.    Their deliberate hiding important sighting and other scientific information form Public revelation in order to deliberate deceive the Public in order to minimize its demands that Endangered Whales and Turtles be protected from becoming entangled in commercial fishing gear.

f.

## PRAYER FOR RELIEF

I.    For a judgment declaring that the Defendants in their conspiracy are violating Section 9(a and g) take prohibitions of the ESA through the State Defendants' licensing and regulating the deployment of commercial fishing gear in the coastal waters of the United States that entangles listed species of endangered whales.

II.   For a judgment declaring the State and Corporate Defendants as a result of their conspiracy are liable under the Section 9(a and g) take prohibitions of the ESA for their licensing and regulating the deployment of commercial fishing gear in United States coastal waters that unlawfully takes members of listed species of wildlife and the resulting Enhanced Extinction Threat that it has inflicted on Endangered Whales and Turtles.

III.  For a judgment that the Corporate Defendants conspired with the State Defendants to violate the take prohibitions of the ESA and in so doing violated Section 9(g) through a fraudulent scheme for their commercial gain.

IV.   For an order, enjoining the Defendants from further licensing and regulating the deployment of commercial fishing gear unless it has been first scientifically certified previously not to pose a significant risk to cause a single entanglement of Endangered Whales and Turtles over the course of a single year.

V.    For an award of $100,000,000 in compensatory damages from each of the Defendants and an award of $1,000,000,000 in punitive damages from each of the Defendants.

VI.   For an award of the Plaintiffs direct costs of prosecution against the Defendants.

VII.  For any further relief that the Court deems appropriate.

BY:

Richard Max Strahan
928 Dorchester Avenue, #5
Boston MA 02125
617.233.3854

Jeremy Shugar
86 Norfolk Street, #3
Cambridge MA 02138
914.275.5608

*Pro Se and Proud!*

## VERIFICATION OF THE COMPLAINT

I Richard Max Strahan verify under the pains and penalties of perjury that all the facts alleged in the above complaint are known to the best of my ability to be true. Signed under the pains and penalties of perjury this twenty-first day of January in the year two thousand and five.

Richard Max Strahan

I hereby certify that a copy of the Amended Complaint has been served by E-mail and U. S. Mail on the Defendants' attorney on 2 October 2005.

Richard Strahan, Plaintiff

# GreenWorld

Suit 195
236 West Portal Avenue
San Francisco

VIA U. S. CERTIFIED MAIL

TO:    Ellen Roy Herzfelder, Secretary
       Executive Office of Environmental Affairs
       251 Causeway Street
       Boston, MA 02114

       David M. Peters
       Department of Fisheries, Wildlife and Environmental Law Enforcement
       Suite 400
       251 Causeway Street
       Boston, MA 02114

       Paul Diodati
       Division of Marine Fisheries
       Suite 400
       251 Causeway Street
       Boston, MA 02114

June 29, 2003

### NOTICE OF INTENT TO BRING SUIT UNDER THE CLEAN WATER ACT AND THE ENDANGERED SPECIES ACT.

To the Above Parties:

The commercial fishing industry that you license, fund, and promote causes numerous discharges of pollutants into the waters of the United States in violation of the Federal Water Pollution Control Act, 33 U. S. C. §§ 1251-1376 (hereinafter "CWA"). The deployment and disposal of commercial fishing gear in the navigable waters of the United States constitutes pollution under the CWA. You are causing this discharge of pollutants into to waters of the United States without having either applied for or obtained the requisite National Pollutant Discharge Elimination System ("NPDES") permits. By this letter, pursuant to 33 U. S .C. § 1365(a) and (b) of the CWA. GreenWorld and Strahan is providing you with notice of their intent to file suit to address the violations of the Clean Water Act referenced in this letter.

Your licensing the use and deployment commercial fishing gear in U. S. coastal waters also results in the injuring and killing of. See 16 U. S. C. §§ 1531 et seq. Listed protected species of Whales and Sea Turtles are routinely entangled by the commercial fishing gear that you license and regulate. You are violating the Section 9 take prohibitions of the ESA by licensing and regulation the deployment and use of commercial fishing gear in U. S. coastal waters under concurrent state jurisdiction. See 16 U. S. C. § 1538.

Since 1994, you have been notified of the unlawful killing and injuring of whales and sea turtles in your commercial fishing gear. You have chosen to flaunt the law and continue your unlawful conduct. You have also been subject to a prior enforcement action to end your violations of federal law. See *Strahan v. Coxe*, 939 F. Supp 963 (D. Mass. 1996), *aff'd mostly* in *Strahan v. Coxe*, 127 F. 3d 155 (1st Cir. 1997), *cert. denied* in *Coates v. Strahan*, 119 S. Ct. 437 (1998). The court found that you unlawfully kill and injure endangered whales in your commercial fishing gear. Despite this you have continued to intentionally kill and injure thousands of endangered animals and will continue to do so unless you are brought to justice in a court of law.

We await your reply.

In Peace,

Richard Strahan
National Campaign Director