UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 NOV 28  P 4: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

RICHARD MAX STRAHAN )
)
  *Plaintiff* )
)
v. )   Civil Action No.
)
)   05 – 10140 - NMG
ELLEN ROY-HERZFELDER, *et al.* )
)   28 November 2005
  *Defendants* )

PLAINTIFF'S MOTION TO STRIKE 18 NOVEMBER 2005
MOTION BY CENTER OF COASTAL STUDIES

The Public-Citizen Plaintiff — Richard Max Strahan —moves the Court to strike from the record the 18 November "Provincetown Ceneter for Coastal Studies' Motion to Strike Plaintiff's Amended Complaint" ("Non-Party Motion"). The alleged Provincetown Center for Coastal Studies ("PCCS") is not a party to these proceedings and has absolutely no status that would lawfully allow it to bring any request to the Court pursuant to the instant action except in opposition to subpoenas issued by any of the parties to it. It absolutely has no lawful basis to file any opposition or ask the Court to strike any amended complaint filed by the Plaintiff, including one that names it as a new defendant.

The Court has no lawful authority to entertain the Non-Party Motion and is compelled as part of its non-discretionary duties to strike it from the record. To do less by the Court, is an open admission of bias and prejudice against the Plaintiff.

Despite the above fact, the Court unlawfully acted on the Non-Party Motion without affording the Plaintiff his right under the Court's rules to oppose the the Third Party Motion. On 21 November 2005 – only three days after the filing of the Non-Party Motion with the Court -- the Court granted the Non-Party Motion and issued an order entitled "Order on Motion to Strike" ("Strike Order") that only struck the PCCS and its employee as defendants. The Court did not strike the new named plaintiff and the new claims raised against the Defendants. In the Strike Order the Court directly referred to the Non-Party Motion and directly ruled that "this motion is ALLOWED [original emphasis]." The Court's actions in issuing is Strike Order where outside it's lawful authority and it gave the appearance of an impermissable bias by the Court against the Plaintiffs.

Additionally, the attorney for the PCCS violated the Rule 7.1 of the Court's local rules by refusing at all to consult with Strahan on its Non-Party Motion before he filed it with the Court. This was deliberate so that he could file it with the Court without Strahan knowing about it and get the Court to agree to it without Strahan having a chance to oppose it on the record. The fact

2

that this scumbag strategy worked is troubling. Apparently the Magistrate's bias against Strahan is very obvious and well known.

For the above reasons the Plaintiff asks the Court to GRANT his requested relief. .

BY:

_____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

I certify that I consulted with the attorney for the Defendants on several occasions.

_____
Richard Strahan, Plaintiff

I hereby certify that a copy of this opposition will be served VIA E-mail and will also electronically filed with the Court later this day. Strahan refuses to serve a copy of this motion on the PCCS and Defendant Mayo until they have been served a summons in the instant action as they are not current parties in it and Strahan is under no obligation to serve them copies of his filings in the instant action.

_____
Richard Strahan, Plaintiff