UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN | ) |
| *Plaintiff* | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) 05 – 10140 - NMG |
| ELLEN ROY-HERZFELDER, *et al.* | ) |
| | ) 28 November 2005 |
| *Defendants* | ) |

PLAINTIFF'S MOTION TO THE DISTRICT JUDGE FOR RECONSIDERATION OF THE
21 NOVEMBER 2005 ORDER STRIKING PARTS OF HIS AMENDED COMPLAINT

The Public-Citizen Plaintiff — Richard Max Strahan — makes a motion to the District Judge (J. Gorton) to reconsider the Magistrate's (J. Sorokin) 21 November 2005 "Order on Motion to Strike"[1] ("Strike Order") striking from Strahan's 30 September 2005 amended complaint ("Amended Complaint") one of the new defendants – the Provincetown Center for Coastal Studies.[2] Strahan is asking the Court to schedule a hearing for oral argument on this and the other motions that he has filed this day with the Court.[3]

The bottom line is that Strahan has a First Amendment right to petition the Court. The Strike Order violates this constitutionally protected right. Strahan has the right to bring any lawful claim against anyone that he wishes to without any restraint imposed by a court of law. Strahan has served pursuant to the relevant section of the Endangered Species Act on the PCCS a requisite 60 day notice of intent to bring suit against the PCCS for conspiring with the Defendants to violate the Section 9 take prohibitions of the ESA. Strahan is fully allowed by law to bring an independent action against the PCCS right now -- incorporating the current

---

[1] The Strike Order was in direct response to a motion from a non-party – the Providence Center for Coastal Studies – asking the Court to strike Strahan's Amended Complaint becuase it was included as a defendant. See 18 November 2005 "Provincetown Center for Coastal Studies' Motion to Strike Plaintiff's Amended Complaint" ("Non-Party Motion"). On 28 November 2005, Strahan moved the Court to strike the Non-Party Motion.

[2] Oddly the Magistrate in its 21 November 2005 Straike Order did not strike the other added Defendant Charles Mayo or the added plaintiff – Jeremy Shugar. This despite the fact that the Non-Party Motion asked for Strahan's entire Amended Complaint be stricken from the record. The Magistrate gave no reason for its only partially granting the sought after relief in the Non-Party Motion.

[3] Strahan has also filed this day the following motions: "Plaintiff's Motion to Strike 18 November 2005 Motion by Center for Coastal Studies" and a motion for a hearing for oral argument and for a scheduling conference.

Defendants into the instant action. The interests of Judicial economy dictate that the Court instead allow Strahan to include the PCCS as a defendant in the instant action rather than have Strahan commence a new civil action action naming both PCCS and the current Defendants as defendants. Whatever the Magistrate's legitimate concerns where with a conflict with an established date for trial, that concern is secondary to Strahan's right to amend his Complaint in order to previal in his claims against the Defendants and to obtain the relief that he seeks. Adding the PCCS – the business partners of the Defendants – as defendants is absolutely required to facilitate Strahan's ability to obtain the relief that he is seeking from the Court – a permanent injunction stopping the Defendants from licensing fishing gear that kills and injures endangered species of wildlife and compensation to pay for species enhancement efforts by Strahan.

The Magistrate exceeded his assigned duties in this matter by striking Strahan's Amended Complaint. The Magistrate was assigned only oversight of discovery matters by the Court (J. Gorton) on 24 June 2005. It was not given oversight of the pleadings and possible amendemnts to them. By issuing its Strike Order and otherwise attenmpting to restrain Strahan's opportunities to amend his Complaint -- the Magistrate improperly exceeded its assigned role in the proceedings. Only the District Judge has oversight over amendents to the original complaint and the scheduling of a trial date.

The Defendants did not oppose the Amended Complaint being filed with the Court and chose not to file any opposition by the 18 June 2005 date set by the Magistrate in its Strike Order for it to do so. Therefore there was no compelling reason for the Magistrate to deny Strahan his Constitutional right to bring to the Court the claims he wants to bring against the parties he seeks to bring them against. In its Strike Order the Magistrate raised issues of possible disruption of a previously scheduled date for trial and issues of limiting Strahan's discovery efforts towrds third parties. None of these concerns addressed by the Magistrate in its Strike Order has any relevant bearing on denying Strahan his right to amend his original complaint. The only possibly relevant issue – a conflict with the previously set trial date – is only within the province of the District Judge and not the Magistrate.

The Magistrate should not have entertained the motion by a non-party to strike Strahan's amended complaint and especially to do so without affording Strahan and the Defendants the opportunity to oppose said motion. See Strahan's 28 November 2005 "Plaintiff's Motion to Strike 18 November 2005 Motion by Center for Coastal Studies."

When the Magistrate chose to strike the added defendant PCCS and his claims against it, it did so without affording Strahan any opportunity to file another amended version of his Complaint that would take into account these restrictions. Simply "striking" PCCS as a defendant and his claims against it now renders the existing Amended Complaint an incoherant and disjointed mess. Strahan has to be afforded the opportunity to file another amended version of his Complaint that is drafted with whatever restrictions the Court attempts to impose on his claims and defendants mentioned therein. The Court cannot write Strahan's complaint for him by simply ordering that whole parts of it be stricken and chopped up.

For the above reasons the Plaintiff asks the Court to GRANT his requested relief. .

BY:

_____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

I certify that I consulted with the attorney for the Defendants on several occasions.

_____
Richard Strahan, Plaintiff

I hereby certify that a copy of this opposition will be served VIA E-mail and will also electronically filed with the Court later this day. Strahan refuses to serve a copy of this motion on the PCCS and Defendant Mayo until they have been served a summons in the instant action as they are not current parties in it and Strahan is under no obligation to serve them copies of his filings in the instant action.

_____
Richard Strahan, Plaintiff