UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN,<br><br>                             Plaintiff,<br><br>      v.<br><br>SECRETARY ELLEN ROY-HERZFELDER;<br>COMMISSIONER DAVID PETERS; and<br>DIRECTOR PAUL DIODATI,<br><br>                            Defendants. | Civil Action No. 05-10140-NMG |

**PROVINCETOWN CENTER FOR COASTAL STUDIES' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND PLAINTIFF'S MOTION FOR RECONSIDERATION**

Provincetown Center for Coastal Studies (the "Center"), though its attorneys, Nixon Peabody LLP, hereby opposes Plaintiff's Motion to Strike 18 November 2005 Motion By Center Of [sic] Coastal Studies and Plaintiff's Motion to the District Judge For Reconsideration of the 21 November 2005 Order Striking Parts of His Amended Complaint.

For the reasons set forth in the Center's November 18, 2005 Motion to Strike, a copy of which is attached as Exhibit A, Plaintiff's motions should be denied in their entirety. The Center further objects to Plaintiff's disrespectful accusations of bias against the Court. *See* Plaintiff's Motion To Strike at p. 2 ("Apparently the Magistrate's bias against Strahan is very obvious and well known."). *Compare In re E. Peter Mullane*, D. Mass. Civ. No. 05-MC-10395, November 22, 2005 (Young. J.) (attorney referred to Board of Bar Overseers for accusing District Court Judge of bias).

WHEREFORE, the Center respectfully requests that the Court deny Plaintiff's Motion to Strike 18 November 2005 Motion By Center Of [sic] Coastal Studies and Plaintiff's Motion to the District Judge For Reconsideration of the 21 November 2005 Order Striking Parts of His Amended Complaint, and requests that the Court grant such further relief as it deems just and proper.

    Respectfully submitted,

    PROVINCETOWN CENTER FOR COASTAL STUDIES

    By its attorneys,

    /s/ David M. Ryan
    _____
    David M. Ryan (BBO No. 644037)
    Amy R. George (BBO No. 629548)
    NIXON PEABODY LLP
    100 Summer Street
    Boston, MA  02110
    617-345-1000 (phone)
    617-345-1300 (fax)

Dated:      December 12, 2005

### CERTIFICATE OF SERVICE

I, David M. Ryan, do hereby certify that the above Motion to Strike, was served upon the following, who do not receive electronic notifications from the Court:

1. Jeremy Shugar, 86 Norfolk Street, #3, Cambridge, MA 02138; and

2. Daniel J. Hammond, Esq., Attorney General's Office, One Ashburton Place, Room 2019, Boston, MA  02108-1698, by first class mail, postage pre-paid,

on this 12th day of December, 2005.

    /s/ David M. Ryan
    _____
    David M. Ryan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN,<br><br>          Plaintiff,<br><br>    v.<br><br>SECRETARY ELLEN ROY-HERZFELDER;<br>COMMISSIONER DAVID PETERS; and<br>DIRECTOR PAUL DIODATI,<br><br>          Defendants. | Civil Action No. 05-10140-NMG |

**PROVINCETOWN CENTER FOR COASTAL STUDIES' MOTION TO STRIKE
PLAINTIFF'S AMENDED COMPLAINT**

Provincetown Center for Coastal Studies (the "Center"), though its attorneys, Nixon Peabody LLP, hereby moves to strike Plaintiff's Verified Amended Complaint For Declaratory And Injunctive Relief and Request For A Jury Trial because it purports to add the Center as a defendant to the action, in blatant contravention of the Court's crystal-clear orders denying Plaintiff leave to add additional parties. Plaintiff is fully capable of reading and comprehending the Court's prior orders, and should not be permitted to ignore them. His Amended Complaint should therefore be stricken.

**PROCEDURAL BACKGROUND**

Plaintiff filed his initial Complaint against the Massachusetts Office of Environmental Affairs, the Massachusetts Department of Fisheries and Game, and the Massachusetts Division of Marine Fisheries, contending that the Commonwealth causes the taking of endangered species, particularly whales, by licensing commercial fishing gear. Plaintiff seeks to enjoin the Commonwealth from "further licensing and regulating the deployment of commercial fishing

gear that has not been scientifically demonstrated previously not to pose a significant risk to cause the entanglement of listed species of endangered whales and otherwise is Whale Safe." Complt. p. 13.

The Center is a not-for-profit organization that conducts scientific research and educational activities relating to, among other things, humpback and right whales, and performs whale rescues. The Center is federally-authorized to perform large whale disentanglement under the authority of the Scientific Research and Enhancement Permit Number 932-1489-04/PRT009526. Since 1984, the Center has freed more than seventy large whales from life threatening entanglements, using techniques developed by the Center staff.

In connection with his lawsuit against the Commonwealth, Plaintiff has issued third-party subpoenas to the Center demanding the production of certain data and photographs. Those subpoenas were the subject of two motions to quash by the Center, in June and August of 2005. In course of his pursuit of the Center, Plaintiff threatened to add the Center as a defendant to his case in order to extract additional documents from the Center. *See, e.g.* June 22, 2005 Affidavit of Amy R. George at ¶ 11 (citing e-mail from Plaintiff stating: "I will ask the court for a hearing on my motion to compel. In addition I have asked the current defendants to accede to a request to add the Charles Mayo, Borelli and the CCS as defendants. If the court allows the motion then the issue with CCS will be discovery. Much better.").

At the September 7, 2005 hearing on the Center's Motion to Quash, Plaintiff's Motion for Leave to Amend, and other discovery issues, the Court informed Plaintiff from the bench that Plaintiff would not be granted leave to add the Center to his Complaint because he was seeking an injunction against the licensing of commercial fishing gear—an injunction against the Center, which does not license commercial fishing gear, would therefore make no sense whatsoever.

On September 7, 2005, the Court issued an Order holding that "Plaintiff may have until September 30, 2005 to amend the complaint except that the Motion is DENIED insofar as it seeks an opportunity to add more parties or new legal claims." Plaintiff did not file an amended complaint by September 30.

On October 7, 2005 the Court issued an Order holding that the Center's responses to Plaintiff's subpoenas were complete and that no further action by the Center was required. The Court's October 7 Order also once again made it crystal-clear that Plaintiff's request to add the Center as a party was denied:

> Plaintiff has filed a Motion to Amend the Complaint (docket # 61). Previously, the Court extended the time for such a filing to September 30, 2005, with the limitation that the complaint may not add more parties or new legal claims. Plaintiff is ORDERED to file a copy of the proposed Amended Complaint on the defendants.

On November 7, 2005, the Court issued another order requiring Plaintiff to file his proposed Amended Complaint by November 10, and serve a copy on defendants. The Court ordered that defendants file any objections to the proposed amended complaint by November 18, 2005.

On November 10, 2005, Plaintiff filed his Amended Complaint. In flagrant disregard of the Court's two explicit prior orders, Plaintiff's Amended Complaint purports to add both the Center and its employee Charles Mayo as defendants. As with his initial Complaint, Plaintiff alleges several causes of action under the Endangered Species Act. In addition, Plaintiff has alleged one count of negligence solely against the State Defendants. In addition, Plaintiff seeks $100,000,000 in alleged compensatory damages and $1,000,000,000 in alleged punitive damages from the not-for-profit Center.

**ARGUMENT**

I.   **Plaintiff's Amended Complaint Adding The Center As A Defendant Violates Two Prior Orders of this Court and Should Be Stricken**

The Court denied Plaintiff leave to add additional parties, including the Center, in two prior orders. Those Orders are unequivocal and bind the Plaintiff. Although the Plaintiff is appearing *pro se*, he has been a plaintiff in at least eighteen cases over the past ten years. *See* The Center's August 12, 2005 Memorandum in support of its Motion to Quash, at 10. One can reasonably infer that he knows better than to ignore the Court's Orders. Plaintiff's behavior is particularly harmful to the Center, which (notwithstanding Plaintiff's demand for one billion dollars from it) is a not-for-profit organization, and feels the burden of defending frivolous litigation acutely. Accordingly, Plaintiff's Amended Complaint should be stricken.

II.  **Plaintiff's Claims Against The Center Are Nonsensical**

Plaintiff's lawsuit, in essence, seeks to stop the licensing of commercial fishing gear that poses a risk of entangling whales. As the Court noted at the September 7 hearing, the Center does not license commercial fishing gear, and is not a proper party to Plaintiff's case. The fact that Plaintiff's proposed Amended Complaint also seeks money damages (in excess of one billion dollars) does not change the fact that the Center—a not-for-profit that *disentangles* whales from commercial fishing gear—is not a proper party to either Plaintiff's original Complaint or the proposed Amended Complaint. As the record strongly suggests, Plaintiff has only sought to add the Center as a party in order to gain leverage over the Center in an effort extract additional discovery from it, despite the Court's prior rulings denying such discovery.

In the event that the Court allows Plaintiff's Amended Complaint to stand, which it should not, the Center alternatively requests additional time to move to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## CONCLUSION

For the foregoing reasons, Plaintiff's proposed Amended Complaint should be stricken, the Center should be awarded costs on this Motion, and the Court should grant such other relief as it deems just and proper.

Respectfully submitted,

PROVINCETOWN CENTER FOR COASTAL STUDIES

By its attorneys,

/s/ David M. Ryan

_____

David M. Ryan (BBO No. 644037)
Amy R. George (BBO No. 629548)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
617-345-1000 (phone)
617-345-1300 (fax)

Dated:          November 18, 2005

---

[1] The Center has observed the Court's November 7 Order and filed this Motion to Strike by the November 18 deadline imposed, eight days from its receipt of the proposed Amended Complaint.

## CERTIFICATE OF SERVICE

       I, David M. Ryan, do hereby certify that the above Motion to Strike, was served upon the following, who do not receive electronic notifications from the Court:

1. Jeremy Shugar, 86 Norfolk Street, #3, Cambridge, MA 02138; and

2. Daniel J. Hammond, Esq., Attorney General's Office, One Ashburton Place, Room 2019, Boston, MA 02108-1698, by first class mail, postage pre-paid,

on this 18th day of November, 2005.

                                    /s/ David M. Ryan

                                    David M. Ryan