UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN )
 )
    *Plaintiff* )
 ) Civil Action No.
v. )
 ) 05 – 10140 - NMG
ELLEN ROY-HERZFELDER, *et al.* )
 ) 16 December 2005
    *Defendants* )

### PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

The Plaintiffs move for the Court to issue a preliminary injunction against the Massachusetts state-agency Defendants ("State Defendants") and their business partners and co-Defendants – the Center for Coastal Studies and Charles Mayo.("Partner Defendants"). The State Defendants are currently licensing the deployment of fixed fishing gear (i. e. gill nets and lobster gear) into into United States coastal waters under the concurrent state jurisdiction of Massachusetts that is entangling members of listed species of endangered whales and sea turtles. These entanglements are killing and injuring members of species of whales and sea turtles that are listed as protected species under the Endangered Species Act ("ESA").  These entanglements are facial violations of the Section 9 take prohibitions of the ESA. The State Defendants by licensing and regulating commercial marine fisheries that kill, injure and entangle listed species of whales and sea turtles are liable themselves for these unlawful takings and are themselves in violation of the Section 9 take prohibitions of the ESA. The Partner Defendants are assisting the State Defendants in doing so – in part -- by being funded by the State Defendants to survey Massachusetts coastal waters for Right Whales as part of a conspiracy by the Defendants to evade having the Section 9 take prohibitions enforced against the State Defendants. Their part in the conspiracy is to do the survey work and not report sighted whales and sea turtles seen entangled in fishing gear in Massachusetts waters to create the false impression that said listed species are in fact not being so entangled. They are being paid to pretend to do authentic survey work but to then fraudulently not report on any whales and/or sea turtles that the survey work detects.

  The Plaintiffs ask the Court for an order enjoining --

1.     The further licensing by the State Defendants of marine fisheries activitiesand the deployment of lobster gear with vertical buoy lines and non-sinking trawl lines in United States coastal waters.

2.     The further licensing by the State Defendants of the deployment of any kind of gill net in United States coastal waters.

3. The further supplying any funds by the State Defendants to the Partner Defendants to survey for the presence of whales in Massachusetts coastal waters.

In addition, the Plaintiffs ask the Court to order –

1. That all commercial marine fishing gear used pursuant to the licensing of marine fisheries activities by the State Defendants to be tagged in a manner to make this gear readily identifiable as fishing gear licensed by Massachusetts.

2. That the State Defendants and Partner Defendants fund at an appropriate level an annual survey effort for whales and sea turtles in Massachusetts coastal waters for their possibly being entangled in fishing gear licensed by the State Defendants.

3. That all information that is obtained from said field survey work to turned over to the Plaintiffs within 48 hours of its collection.

4. That the Partner Defendants will turn over all historical sighting and photographic information that they have on whales and/or sea turtles to the Plaintiffs and to the parties performing the above ordered future survey work for whales and sea turtles in Massachusetts coastal waters.

The Plaintiffs are also asking the Court to appoint a Master to oversee the Defendants funding the said survey program, including the selection of an independent third party to do the actual survey field work.

The Plaintiffs are filing a memorandum in support of the instant motion and are submitting other material in support of the Court granting them their requeted interlocutory injunctive relief. The Plaintiffs are also asking the Court to hold an evidentiary hearing in order to provide the required information and expert testimony to the Court for it to be able to fully consider the instant motion on the merits. This will serve the Public Interest.

For the above reasons the Plaintiff asks the Court to GRANT his requested relief. .

BY:

_____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

### CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

I certify that I consulted with the attorney for the Defendants on several occasions.

_____
Richard Strahan, Plaintiff

### CERTIFICATION OF SERVICE

I hereby certify that a copy of this opposition has been served IN HAND on the Defendants' attorney on 28 September 2005

_____
Richard Strahan, Plaintiff