UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN,<br><br>                    Plaintiff,<br><br>v.<br><br>SECRETARY ELLEN ROY-HERZFELDER;<br>COMMISSIONER DAVID PETERS; and<br>DIRECTOR PAUL DIODATI,<br><br>                    Defendants. | Civil Action No. 05-10140-NMG |

**PROVINCETOWN CENTER FOR COASTAL STUDIES' MOTION TO STRIKE
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

**PRELIMINARY STATEMENT**

Provincetown Center for Coastal Studies (the "Center"), though its attorneys, Nixon Peabody LLP, hereby moves to strike Plaintiff's Motion for Preliminary Injunction against the Center and Charles Mayo because, pursuant to the Court's prior orders in this case, neither the Center nor Mr. Mayo are parties to this case—Plaintiff's prior attempt to add the Center and Mr. Mayo was stricken and denied for precisely this reason. The Center and Mayo simply do not belong in a lawsuit seeking to enjoin the licensing of commercial fishing gear.

**PROCEDURAL BACKGROUND**

The Center is a not-for-profit organization that conducts scientific research and educational activities relating to, among other things, humpback and right whales, and performs whale rescues. The Center is federally-authorized to perform large whale disentanglement under the authority of the Scientific Research and Enhancement Permit Number 932-1489-04/PRT009526. Since 1984, the Center has freed more than seventy large whales from life

threatening entanglements, using techniques developed by the Center staff.  The Center is not a party to this lawsuit.  Plaintiff has previously sought to add the Center and Mr. Mayo as parties but, as discussed below, the Court denied Plaintiff leave to do so.

Plaintiff filed his initial Complaint against the Massachusetts Office of Environmental Affairs, the Massachusetts Department of Fisheries and Game, and the Massachusetts Division of Marine Fisheries, contending that the Commonwealth causes the taking of endangered species, particularly whales, by licensing commercial fishing gear, and seeking to enjoin commercial fishing off the Massachusetts coast.  In connection with his lawsuit against the Commonwealth, Plaintiff had issued third-party subpoenas to the Center demanding the production of certain data and photographs.  Those subpoenas were the subject of two motions to quash by the Center, in June and August of 2005.

At the September 7, 2005 hearing on the Center's Motion to Quash, Plaintiff's Motion for Leave to Amend, and other discovery issues, the Court informed Plaintiff from the bench that Plaintiff would not be granted leave to add the Center to his Complaint because he was seeking an injunction against the licensing of commercial fishing gear—an injunction against the Center, which does not license commercial fishing gear, would therefore make no sense whatsoever.

On September 7, 2005, the Court issued an Order holding that: "Plaintiff may have until September 30, 2005 to amend the complaint except that the Motion is DENIED insofar as it seeks an opportunity to add more parties or new legal claims."  Plaintiff did not file an amended complaint by September 30.

On October 7, 2005 the Court issued an Order holding that the Center's responses to Plaintiff's subpoenas were complete and that no further action by the Center was required.  The

Court's October 7 Order also, once again, made it crystal-clear that Plaintiff's request to add the Center as a party was denied:

> Plaintiff has filed a Motion to Amend the Complaint (docket # 61). Previously, the Court extended the time for such a filing to September 30, 2005, with the limitation that the complaint may not add more parties or new legal claims. Plaintiff is ORDERED to file a copy of the proposed Amended Complaint on the defendants.

On November 7, 2005, the Court issued another order requiring Plaintiff to file his proposed Amended Complaint by November 10th, and serve a copy on defendants. The Court ordered that defendants file any objections to the proposed amended complaint by November 18, 2005.

On November 10, 2005, Plaintiff filed his Amended Complaint. In flagrant disregard of the Court's two explicit prior orders, Plaintiff's Amended Complaint purported to add both the Center and its employee Charles Mayo as defendants. As with his initial Complaint, Plaintiff alleged several causes of action under the Endangered Species Act. In addition, Plaintiff alleged one count of negligence solely against the State Defendants. Plaintiff also sought $100,000,000 in alleged compensatory damages and $1,000,000,000 in alleged punitive damages from the not-for-profit Center.

On November 21, 2005, the Court granted the Center's Motion to Strike, holding that: "While the Court gave plaintiff additional time to amend the Complaint, the time for adding parties was not extended." On November 28, 2005 Plaintiff filed a Motion For Reconsideration, which the Center has opposed. Plaintiff stated in the certificate of service for his Motion For Reconsideration that: "Plaintiff refuses to serve a copy of this Motion on [the Center] and Defendant Mayo until they are served with a summons in the instant action as they are not current parties in it . . .."

Plaintiff has now sought to do an end run around these *three prior orders* by filing a motion seeking a preliminary injunction against the Center and Mr. Mayo. Plaintiff's motion seeks to enjoin the Commonwealth from: "further licensing…of marine fisheries activitesand [sic] the deployment of lobster gear with vertical buoy lines and non-sinking trawl lines in United States coastal waters;" and further licensing of "any kind of gill net." Plaintiffs' Motion For A Preliminary Injunction, at 1-2. In addition, however, Plaintiff seeks an injunction prohibiting the Commonwealth from further "supplying of any funds by the State Defendants to the Partner Defendants to survey for the presence of whales in Massachusetts coastal waters." Plaintiff also seeks an order compelling CCS and Mr. Mayo, non-parties to this action, to fund any annual survey of whales and sea turtles in Massachusetts coastal waters on behalf of the Plaintiffs, and compelling the Center to provide Plaintiffs with photographs to which the Court previously ruled Plaintiff is not entitled.

Although, Plaintiff's Certification of Service on his Motion For A Preliminary Injunction states that "this opposition [sic] has been served IN HAND on the Defendants' attorney on 28 September 2005," the Center did not receive a copy of the Motion from Plaintiff on that date, nor on the date it was filed (December 16, 2005), but instead only received the document via electronic notification from the Court on December 21, 2005.

**ARGUMENT**

**I.    As The Court Has Previously Ruled, The Center And Mayo Do Not Belong As Parties To This Dispute**

The Court denied Plaintiff leave to add additional parties to this action, including the Center and Mr. Mayo, in two prior orders. Those Orders are unequivocal and bind the Plaintiff. Nevertheless, Plaintiff persists in filing motions seeking relief against the Center and Mr. Mayo,

4

even though he knows they are not parties, and leave to add them as parties has been denied on multiple occasions. Plaintiff's continued pursuit of the Center and Mr. Mayo in this action, despite the Court's prior orders, is vexatious to the Center, which (notwithstanding Plaintiff's demand for one billion dollars from it) is a not-for-profit organization. Neither the Center nor Mr. Mayo should be forced to endure the continued burden of defending frivolous litigation. Accordingly, Plaintiff's requests for injunctive relief relating to the Center and Mr. Mayo should be stricken.

**II.     Plaintiff's Requests For Injunctive Relief Against The Center Are Nonsensical**

Plaintiff's lawsuit, in essence, seeks to stop the licensing of commercial fishing gear that poses a risk of entangling whales. As the Court noted at the September 7 hearing, the Center does not license commercial fishing gear, and is not a proper party to Plaintiff's case. For precisely the same reason, the Center and Mr. Mayo do not belong as targets of Plaintiff's request for a preliminary injunction. Plaintiff's unsupported demand that the Commonwealth cease funding the Center's research activities, and Plaintiff's absurd demand that the Center (and Mr. Mayo) be compelled to fund a marine survey on the Plaintiff's behalf, are complete *non sequiturs*, and there is absolutely no basis for granting this relief. Even worse, Plaintiff also seeks an injunction compelling the Center (and Mr. Mayo) to turn over all of their photographs of whales and sea turtles to the Plaintiffs. The prior motion practice relating to subpoenas Plaintiff served on the Center *denied* Plaintiff's demand for any additional documents from the Center, ***specifically including photographs***. Plaintiff's request for an injunction overturning this decision is a vexatious burden on the Center and a waste of judicial resources.

Plaintiff's Motion against the Center and Mayo is part of Plaintiff's pattern of blatant disregard of the Court's prior orders that the Center may not be added as a party to this action,

and that the Center's has fulfilled all of its document production obligations to the Plaintiff. Plaintiff's behavior should not be tolerated.

In the event that the Court allows Plaintiff's request for relief against the Center and Mr. Mayo in his Motion For A Preliminary Injunction to stand, which it should not, the Center alternatively requests additional time to oppose Plaintiff's Motion for a Preliminary Injunction.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction against the Center and Mayo should be stricken, the Center should be awarded costs on this Motion, and the Court should grant such other relief as it deems just and proper.

Respectfully submitted,

PROVINCETOWN CENTER FOR COASTAL STUDIES

By its attorneys,

/s/ David M. Ryan
_____
David M. Ryan (BBO No. 644037)
Amy R. George (BBO No. 629548)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
617-345-1000 (phone)
617-345-1300 (fax)

Dated:      December 29, 2005

## **CERTIFICATE OF SERVICE**

I, Amy R. George, do hereby certify that the above Motion to Strike was served upon the following, who do not receive electronic notifications from the Court:

1. Jeremy Shugar, 86 Norfolk Street, #3, Cambridge, MA 02138, by first class mail, postage pre-paid,

on this 29th day of December, 2005.

/s/ Amy R. George

_____

Amy R. George