UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>  *Plaintiff* )<br>)<br>v. )<br>)<br>STEPHEN PRITCHARD[1], *et al.* )<br>)<br>  *Defendants* ) | Civil Action No.<br><br>05 – 10140 - NMG<br><br>17 April 2006 |

_____

PLAINTIFFS MOTION FOR A PRELIMINARY INJUNCTION
AND EVIDENTIARY HEARING
_____

Public Citizen Richard Max Strahan moves the Court for a preliminary injunction to enjoin the Defendants from further incidentally killing and injuring endangered whales and sea turtles that are listed as protected endangered species pursuant to the Endangered Species Act ("ESA"). The Defendants are currently killing and/or injuring listed endangered of whales and sea turtles incidental to their licensing the deployment of gill nets and lobster gear ("Fixed Gear")[2] in United States coastal waters under the concurrent state jurisdiction of Massachusetts.

The Defendants' licensed fishing gear routinely entangles endangered whales and sea turtles — killing and/or seriously injury them in the process. The Defendants licensing and regulation of Fixed Gear has been previously determined by a this Court to be a violation of the ESA's Section 9 prohibitions against any individual or state government "taking" listed endangered species incidental to otherwise lawful activities. 16 U. S. C. § 1538(a). See S*trahan v. Coxe*, 939 F. Supp 963 (D. Mass. 1996), *aff'd mostly* in *Strahan v. Coxe*, 127 F. 3d 155 (1st Cir. 1997), *cert. denied* in *Coates v. Strahan*, 119 S. Ct. 437 (1998).

The Plaintiff is asking the Court to issue an interlocutory injunction banning the Defendants from further licensing the deployment of Fixed Gear in United States coastal waters during the pendency of the instant action. Specifically, The Plaintiffs are asking the Court to ENJOIN the Defendants from further —

  1. Licensing the deployment of Lobster Gear in United States coastal waters.

---

[1] The original named defendant Ellen Roy-Herzfelder as subsequently left her employment as the secretary of the Massachusetts Executive Office of Environmental Affairs and was replaced by this currently named defendant who is currently employed in the said position.
[2] Lobster gear and gill nets are referred to as "fixed fishing gear." This term is applied to said gear because the gear is first deployed into the water column and then left for a period of time by the licensed fisherman. The gear also is anchored in some manner to the sea floor.

2. Licensing the deployment Gill Nets in United States coastal waters.

3. Licensing the deployment of any Fixed Gear into marine habitat that has been designated pursuant to the ESA by the National Marine Fisheries Service ("NMFS") as listed designated "critical habitat" for the Northern Right Whale, and

4. Require that all persons that they currently license — or have licensed in the last five years — to deploy Fixed Gear, immediately remove all said fishing gear that they have deployed over the last two calendar years from United States coastal waters.

The Defendants' licensed Fixed Gear has historically killed and injured the following listed species of endangered whales ("Endangered Whales"): the Humpback whale (*Megaptera novaenagliae*); the Northern Right Whale (*Eubalaena glacialis*; the Fin whale (*Balaenoptera physalus*); the Sei whale (*Balaenoptera borealis*); the Blue whale (*Balaenoptera musculus)*; and the non-endangered Minke whale (*Balaenoptera acutorostrata*) that live and inhabit marine waters adjacent to the coastline of the United States. The Defendants' licensed Fixed Gear has historically killed and injured the following listed species of endangered sea turtles: Hawksbill (*Eretmochelys imbricata*), Kemp's Ridley *( Lepidochelys kempii*), Leatherback (*Dermochelys coriacea*), and the Loggerhead (*Caretta caretta*) ("Endangered Turtles"). The same Fixed Gear will continue inevitably to kill and injure more endangered whales and sea turtles in the immediate future. There is a significant risk that endangered whales and sea turtles will be killed and injured by the Defendants' Fixed Gear during the pendency of the instant action. The Court must not allow this to happen.

The Plaintiffs will suffer irreparable harm with any future killing and/or injuring of any further endangered whales and sea turtles by the Fixed Gear licensed by the Defendants. The Public Interest can only be served by the Court immediately acting to enjoin the Defendants' further licensing of Fixed Gear in United States coastal waters. See *TVA v. Hill*, 437 U. S. 153, 98 S. Ct. 2279 (1978). In support of their motion, the Plaintiffs refer the Court to their memorandum of law with attachments and affidavits.

For the above reasons the Plaintiff asks the Court to GRANT his requested relief. .

BY:

_____
Richard Max Strahan, Plaintiff
236 West Portal Avenue, #195
San Francisco, CA
617.233.3854

*Pro Se and Proud!*

_____

**MOTION FOR AN EVIDENTIARY HEARING**

_____

The Plaintiffs move the Court to hold an evidentiary hearing on their motion for a preliminary injunction. This is a fact dependent case. All relevant facts as a matter of law are in the hands of the Defendants, the NMFS, researchers and others funded and permitted by the Defendants and/or NMFS, other state and federal agencies. All these parties are hostile to the Plaintiffs and have refused to voluntarily supply records in their possession concerning the Defendants and others killing and injuring of endangered wildlife incidental to commercial fishing gear. The Public Interest can only be served by the Court providing a forum for witnesses and evidence — that are relevant to it making a proper decision in this matter.

_____
Richard Max Strahan, Plaintiff

_____

**CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7**

_____

I certify that I consulted with the attorney for the Defendants on the issue of the Court issuing me the relief requested in the instant motion.

_____
Richard Max Strahan, Plaintiff

_____

**CERTIFICATION OF SERVICE**

_____

I hereby certify that a copy of this opposition has been served VIA E-mail on the Defendants' attorney on 17 April 2006.

_____
Richard Max Strahan, Plaintiff