**United States District Court**
**District of Massachusetts**

```
                                 )
RICHARD MAX STRAHAN,             )
                                 )
          Plaintiff,             )
                                 )    Civil Action No.
          v.                     )    05-10140-NMG
                                 )
ELLEN ROY HERZFELDER, in her     )
official capacity as Secretary   )
of the Massachusetts Executive   )
Office of Environmental Affairs, )
DAVID M. PETERS, in his official )
capacity as Commissioner of the  )
Massachusetts Department of Fish )
and Game, and PAUL DIODATI, in   )
his official capacity as         )
Director of the Massachusetts    )
Division of Marine Fisheries,    )
                                 )
          Defendants.            )
                                 )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The pro se plaintiff, Richard Max Strahan ("Strahan"), filed

his initial complaint against Ellen Roy Herzfelder

("Herzfelder"), in her official capacity as Secretary of the

Massachusetts Office of Environmental Affairs, David M. Peters

("Peters"), in his official capacity as Commissioner of the

Massachusetts Department of Fish and Game, and Paul Diodati

("Diodati"), in his official capacity as Director of the

Massachusetts Division of Marine Fisheries (collectively "the

state defendants"), in this Court on January 21, 2005.  He

-1-

alleges that the state defendants cause the taking of endangered

species, particularly whales, by their licensing of commercial

fishing gear. Strahan seeks to enjoin the state defendants from

further licensing and regulating the deployment of commercial

fishing gear that poses a significant risk of entanglement of

listed species of endangered whales. On June 24, 2005, this

session referred all non-dispositive motions to Magistrate Judge

Sorokin. Strahan now seeks reconsideration of several of

Magistrate Judge Sorokin's rulings.

## I. **Background**

At a hearing held before Magistrate Judge Sorokin on

September 7, 2005, Strahan sought to amend the complaint. In an

order entered the following day, Magistrate Judge Sorokin allowed

Strahan's motion to extend the period for amending the complaint

to September 30, 2005, but stated explicitly that any amendments

to the complaint must relate to factual assertions only and that

neither parties nor legal claims could be added.

Strahan moved for leave to file an amended complaint on

September 30, 2005, but, inexplicably, the proposed amended

complaint was not submitted until November 10, 2005. Contrary to

the express limitations imposed by Magistrate Judge Sorokin's

Order, the proposed amended complaint: 1) added Jeremy Shugar

("Shugar") as a party plaintiff, 2) added the Provincetown Center

-2-

for Coastal Studies ("PCCS") and one of its employees, Charles
Mayo ("Mayo"), as parties defendant and 3) added new claims.  The
proposed amended complaint also substituted Stephen Pritchard for
Herzfelder as Secretary of the Massachusetts Executive Office of
Environmental Affairs.  PCCS moved to strike Strahan's amended
complaint on November 18, 2005.

    In an order entered November 21, 2005, Magistrate Judge
Sorokin noted that "[t]he record suggests that the Commonwealth
has no objection to the filing of the Amended Complaint."  The
Court allowed the state defendants until November 29, 2005, to
file objections to the timing of the filing and/or the scope of
the claims or parties within the amended complaint but noted
that, in the absence of such objections, the state defendants
were to "respond to the pleading in the normal course."  In that
same order, Magistrate Judge Sorokin allowed the motion by PCCS
to strike the amended complaint as it pertains to PCCS and Mayo.

    On November 28, 2005, Strahan moved, in this session, in
separate motions, 1) to reconsider the Magistrate's Order
striking the amended complaint as it pertains to PCCS and Mayo,
2) to strike PCCS's motion to strike the amended complaint and 3)
for oral argument on his motion for reconsideration and for a
Rule 16 scheduling conference to set new dates for trial and
discovery.  In addition to those motions, other related motions
from Strahan, PCCS and the state defendants are now pending

-3-

before this Court. All the motions concern the same legal issue:
Strahan's attempt to amend his complaint. Having considered the
memoranda in support of and opposition to the motions, the Court
resolves them as follows.

## II. **Legal Analysis**

Strahan's primary objection to Magistrate Judge Sorokin's
Order of November 21, 2005, is that the Court should not have
entertained the motion of a non-party, namely PCCS. Strahan
argues that PCCS "is not a party to these proceedings and has
absolutely no status that would lawfully allow it to bring any
request to the Court pursuant to the instant action" with the
exception of opposing subpoenas served on it by the parties.
Furthermore, Strahan strenuously objects to the Court's allowance
of PCCS's motion without affording him a right, under Local Rule
7.1, to oppose it.

Strahan's argument raises a legitimate issue. Technically,
Magistrate Judge Sorokin did not adhere to the Federal Rules of
Civil Procedure when he entertained PCCS's motion. The Rules
provide for intervention of right, where the applicant claims an
interest relating to the property or transaction which is the
subject of the action, and permissive intervention, where an
applicant's claim or defense and the main action have a question
of law or fact in common. The proper procedure for either form

-4-

of intervention is outlined by Fed. R. Civ. P. 24(c) which
provides:

> A person desiring to intervene shall serve a motion to
> intervene upon the parties as provided in Rule 5. The
> motion shall state the grounds therefor and shall be
> accompanied by a pleading setting forth the claim or defense
> for which intervention is sought.

This rule "sets forth reasonable procedural requirements to
insure that claims for intervention are handled in an orderly
fashion." Pub. Citizen v. Liggett Group, Inc., 858 F.2d 775, 784
(1st Cir. 1988). Although nonparties typically move for
intervention when they are seeking a protective order from a
subpoena, Rule 24(c) is also the appropriate vehicle for a non-
party to oppose a motion to amend. See LG Elecs. Inc. v. Q-Lity
Computer, Inc., 211 F.R.D. 360 (N.D. Cal. 2002)(allowing Apple
Computer's motion to intervene for the limited purpose of
opposing the plaintiff's motion to amend its infringement
contentions to include Apple products).

Despite the requirements of Fed. R. Civ. P. 24(c), the First
Circuit Court of Appeals has joined other federal courts in
adopting a "quite lenient" standard for permitting participation
by parties who have failed to comply strictly with Rule 24. Pub.
Citizen, 858 F.2d at 784. Formal compliance with Rule 24(c) has
been overlooked when the district court afforded relief to a non-
party and thus implicitly granted it intervenor status. Id.

In this case, PCCS should have filed a motion for

-5-

intervention, pursuant to Rule 24(c), when it sought to oppose Strahan's motion to amend the complaint to add it as a defendant.[1]  Furthermore, the Court should not have ruled on PCCS's motion to strike without allowing Strahan the opportunity to oppose that motion.

When Magistrate Judge Sorokin did rule on PCCS's motion to strike, apparently he misconstrued it.  PCCS filed a motion to strike the entire amended complaint, not simply those parts that pertained to it.  Furthermore, PCCS's motion was submitted solely on its own behalf, not in conjunction with Mr. Mayo, as the Court stated.  Finally, Strahan's proposed amended complaint added a new plaintiff, Shugar, and new claims but the Magistrate Judge did not address those additions in his Order, thus leaving their status in limbo.

Notwithstanding the minor technical deficiencies in Magistrate Judge Sorokin's Order of November 21, 2005, Strahan's objections are colorful but ultimately unavailing.  In the Magistrate Judge's prior Order, he stated clearly and precisely:

> Plaintiff may have until September 30, 2005 to amend the complaint except that the Motion is DENIED insofar as it seeks an opportunity to add more parties or new legal claims.

When Strahan responded to that Order on November 10, 2005, with

---

[1] In fact, PCCS should have filed such a motion in June, 2005, and again in August, 2005, when it moved to quash subpoenas that Strahan had served upon it.

-6-

an amended complaint that added a new plaintiff, two new
defendants and new claims, those amendments violated the Court's
standing order and were deniable sua sponte.

Moreover, Strahan failed to comply with Local Rule 15.1(b).
That rule requires that a party seeking to amend a pleading to
add a new party must serve the motion to amend on that party at
least ten days before filing the motion.  There is evidence that
Strahan threatened to add PCCS and Mayo as parties defendant on
several occasions during his protracted discovery dispute with
them but there is no evidence that he served his motion to amend
on either party at any time before he filed it with the Court.
This Court has previously denied a plaintiff's attempt to add new
parties where that plaintiff failed to comply with Local Rule
15.1(b).  See Ali v. Univ. of Mass. Med. Ctr., 140 F. Supp. 2d
107, 111 (D. Mass. 2001).  Strahan's attempt to add new parties
fails for that reason, among others.

Thus, notwithstanding the fact that 1) PCCS moved to strike
the amended complaint and 2) the Magistrate Judge entertained
that motion without first requiring PCCS to intervene formally in
the case pursuant to Fed. R. Civ. P. 24(c), Strahan's purported
amendments violated the Court Order of September 8, 2005, and
Local Rule 15.1(b) and, therefore, were improper.  The fact that
the Magistrate Judge inadvertently considered Strahan's
objections is irrelevant.  Despite the unorthodox procedure, the

-7-

ultimate ruling was correct.

Notwithstanding that ruling, a significant problem remains. Magistrate Judge Sorokin denied Strahan's motion to amend the complaint insofar as the plaintiff attempted to add parties or legal claims but allowed the complaint to be amended in all other respects. In that regard, Strahan complains in his motion for reconsideration that:

> Simply "striking" PCCS as a defendant and his claims against it now renders the existing Amended Complaint an incoherant [sic] and disjointed mess. Strahan has to be afforded the opportunity to file another amended version of his Complaint that is drafted with whatever restrictions the Court attempts to impose on his claims and defendants mentioned therein.

Strahan's argument is well taken. He is directed to file an appropriately amended complaint, if any, on or before May 15, 2006, not including new parties or new legal claims.

One further clarification is necessary. In his motion for reconsideration, Strahan argues that Magistrate Judge Sorokin exceeded his assigned duties in this matter. According to Strahan:

> The Magistrate was assigned only oversight of discovery matters by the Court (J. Gorton) on 24 June 2005. It was not given oversight of the pleadings and possible amendemnts [sic] to them. By issuing its Strike Order and otherwise attenmpting [sic] to restrain Strahan's opportunities to amend his Complaint -- the Magistrate improperly exceeded its assigned role in the proceedings. Only the District Judge has oversight over amendents [sic] to the original complaint and the scheduling of a trial date.

Strahan's instructions on the law are mistaken.

-8-

The Order of Reference this Court approved on June 24, 2005,

stated:

> In accordance with 28 U.S.C. § 636 and the Rules for United
> States Magistrates in the United States District Court for
> the District of Massachusetts, the above-entitled case is
> referred to Magistrate Judge Sorokin for the following
> proceedings:
>
> I.    Determination (Order) on:
>       (X)  Rule 16(b) and/or Pretrial proceedings discovery
>            and future discovery disputes.

Pursuant to Fed. R. Civ. P. 16(c) ("Subjects for Consideration at

Pretrial Conferences"),

> [a]t any conference under this rule consideration may be
> given, and the court may take appropriate action, with
> respect to [among other things] ... the necessity or
> desirability of amendments to the pleadings.

Thus, Magistrate Judge Sorokin was given authority by this Court

to rule on all motions to amend the pleadings and Strahan's

objections to that authority are misplaced.

Finally, this Court forewarns the plaintiff to temper his

language in any future pleadings filed in this Court.  References

to the "scumbag strategy" of PCCS and accusations that Magistrate

Judge Sorokin's "bias against [him] is very obvious and well

known" are inflammatory and will not be further tolerated.  With

respect to the allegation of bias, the Court reminds the

plaintiff that Mass. R. Prof'l Conduct 8.2, incorporated by

reference in Local Rule 83.6(4)(B), forbids a lawyer (or anyone

acting as his own lawyer) from

> mak[ing] a statement that the lawyer knows to be false or

with reckless disregard as to its truth or falsity
concerning the ... integrity of a judge ....

If the plaintiff ignores that rule in the future, he will do so
at his peril and subject to being held in contempt.

## ORDER

In accordance with the foregoing:

1)   Plaintiff's Motion for Leave to File Amended Complaint
     (Docket No. 61) is, insofar as Plaintiff seeks to add
     parties or legal claims, **DENIED**, but is otherwise
     **ALLOWED**.  If Plaintiff chooses to do so, he will file
     an appropriately amended complaint on or before May 15,
     2006;

2)   Plaintiffs' Acceded to Motion for the Court to Issue
     Summons for the New Defendants (Docket No. 67) is
     **DENIED**;

3)   Plaintiff's Motion to Strike 18 November 2005 Motion by
     Center of Coastal Studies (Docket No. 72) is **DENIED**;

4)   Plaintiff's Motion to the District Judge for
     Reconsideration of the 21 November 2005 Order Striking
     Parts of His Amended Complaint (Docket No. 73) is
     **DENIED**;

5)   Plaintiff's Motion for Oral Argument on His Motion for
     Reconsideration of the Magistrate Striking His Amended
     Complaint and For a Rule 16 Scheduling Conference to
     Set New Dates for Trial and Discovery (Docket No. 71)
     is **DENIED**;

6)   State Defendants' Motion to Enlarge and Consolidate
     Filing Deadlines (Docket No. 76) is **ALLOWED**, to the
     extent that the Scheduling Order is hereby amended as
     follows:

     (A)  If the State Defendants choose to oppose
          Plaintiff's motion for a preliminary injunction
          and/or to file their motion for summary judgment,
          they will do so on or before May 30, 2006;

-10-

        (B)   If Plaintiff chooses to file an opposition to
               Defendants' motion for summary judgment, if any,
               he will do so on or before June 19, 2006;

7)    The Motion of Provincetown Center for Coastal Studies
       to Strike Plaintiff's Motion for a Preliminary
       Injunction (Docket No. 77) is, to the extent
       Plaintiff's Motion for a Preliminary Injunction applies
       to PCCS or Mr. Mayo, **ALLOWED,** but is otherwise **DENIED;**

8)    Plaintiffs' Acceded to Motion for the Court to Issue
       Summons for Defendant Center for Coastal Studies and
       Defendant Mayo (Docket No. 78) is **DENIED;**

9)    Plaintiff's future pleadings filed in this Court will
       be double-spaced, pursuant to Local Rule 7.1(b)(4);
       single-spaced pleadings will be returned for
       resubmission.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated April *19*, 2006

-11-