UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 05 – 10140 - NMG |
| STEPHEN PRITCHARD[1], *et al.* ) | |
| ) | 18 May 2006 |
| *Defendants* ) | |

_____

JOINT MOTION FOR AN EVIDENTIARY HEARING ON THE PLAINTIFFS' MOTION
FOR A PRELIMINARY INJUNCTION AND FOR A CONSOLIDATION OF THE HEARING
WITH A TRIAL PURSUANT TO RULE 65(A)(2)
_____

The Plaintiffs and the Defendants jointly move the Court to hold an evidentiary hearing in July 2006 on the Plaintiffs motion for a preliminary injunction and to consolidate this hearing with a trial on the merits on a final judgment pursuant to Rule 65(a)(2) of the Fed. R. Civ. Proc.[2] The Plaintiffs and the Defendants jointly move the Court to commence the requested evidentiary hearing in the last week in July 2006. The Plaintiffs and the Defendants are also asking the Court to allow a further thirty days for the Defendants to respond to the Plaintiffs' outstanding motion for a preliminary injunction and /or to file a motion for summary judgment. The Plaintiffs and

---

[1] The original named defendant Ellen Roy-Herzfelder as subsequently left her employment as the secretary of the Massachusetts Executive Office of Environmental Affairs and was replaced by this currently named defendant who is currently employed in the said position.

[2] Motions for judgment as a matter of law imply a judgment on the merits and are inapplicable to motions for injunctions. Under Fed. R. Civ. P. Rule 65(a)(2), a hearing for a preliminary injunction may be consolidated with a trial on the merits at the discretion of the court. *See, e.g., Am. Train Dispatchers Dep't of the Bhd. Of Locomotive Eng'rs v. Fort Smith R.R. Co.,* 121 F. 3d 267 (7th Cir. 1997), *cert. denied,* 522 U.S. 1016, 139 L. Ed. 2d 490, 118 S. Ct. 602 (1997). However, parties are entitled to clear notice of the court's intent to consolidate so that they will have time to prepare, *Univ. Of Texas v. Camenisch,* 451 U.S. 390, 68 L. Ed. 2d 175, 101 S. Ct. 1830 (1981), and matters typically should not be consolidated when there has not been adequate discovery, *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.,*463 F.2d 1055 (7th Cir. 1972),

the Defendants are also jointly asking the Court to hold a status conference in late June 2006 and allow discovery till the date of the requested evidentiary conference. See 18 May 2006 "Joint Motion for the Court to Hold a Status Conference and to Adopt a New Schedule for Discovery and Trial."

The issues before the Court — and the necessity of the Court fully adjudicating these issues —concern the killing and possible extinction of federally protected endangered species of wildlife. These matters implicate the Public Interest at its highest level of concern. See TVA v. Hill, 437 U. S. 153, 98 S. Ct. 2279 (1978). The issue of whether or not endangered wildlife is being routinely killed and injured illegally in the Defendants fishing gear is completely fact dependent and requires that the Court encourage the full disclosure to it of all available relevant information and expert opinion so that it can make a decision on the merits that will not prove wrong in the future. Because nearly all relevant information concerning the killing/injuring of endangered wildlife in fishing gear is in the possession of government agencies and private researchers, the Court needs to hold an evidentiary hearing to hear expert testimony from the holders of this information. Clearly, the onerous task for the Court of reviewing thousands of sighting records of whales and sea turtles — and all other relevant scientific information in these regards — by the Court having before it for its own personal inquiry alleged experts on issues concerning the conservation of endangered whales and sea turtles.

Additionally, the parties are engaged in settlement discussion. The parties feel that the settlement process will be greatly facilitated to obtain a successful conclusion if expert testimony is provided to the Court under oath that will create an undisputable factual record before the Court that can be used by the parties to bridge the gap of differences in opinion that now serve to keep them apart.

For the above reasons the Plaintiffs and the Defendants jointly ask the Court to GRANT them their requested relief.

BY:

_____
Richard Max Strahan, Plaintiff
236 West Portal Avenue, #195
San Francisco, CA
617.233.3854

_____
Jeremy Shugar, Plaintiff
86 Norfolk Street, #3
Cambridge, MA 02138

*Pro Se and Proud!*

For the Defendants:

_____
Thomas Riley, esq. and
Daniel Hammond, esq.
Massachusetts Office of the Attorney General
One Ashburton Place
Boston MA 02108