UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>ELLEN ROY-HERZFELDER, *et al*. )<br>)<br>    Defendants ) | Civil Action No. 05-10140-NMG |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA
PURPORTEDLY SERVED UPON SCOTT KRAUS**

Scott Kraus moves the Court to quash the subpoena that was mailed to him because the subpoena was not properly served, Kraus cannot be required to provide expert testimony against his will, and Kraus has long-standing plans to be out of state on vacation on the day plaintiff Richard Strahan seeks to compel his expert testimony. For each of these reasons, the Court should quash the subpoena purportedly served upon Kraus.

**BACKGROUND**

Kraus is Vice President of Research/Senior Scientist at the New England Aquarium (the "Aquarium"). Affidavit of Scott Kraus in Support of Motion to Quash Subpoena ("Kraus Aff."), filed herewith, ¶ 1. The Aquarium is a not-for-profit corporation organized under M.G.L. c. 180. For many years, Strahan has harassed the Aquarium's employees and patrons. Based on Strahan's vulgar and threatening comments, the Aquarium obtained a permanent injunction barring Strahan from approaching within a specified area around the Aquarium in downtown Boston. The Suffolk Superior Court has repeatedly held Strahan in contempt of that permanent injunction.

Strahan has previously sued the Aquarium (unsuccessfully), sought (unsuccessfully) to bring criminal charges against its employees, and alleged that it engages in the unlawful taking of endangered whales in violation of the Endangered Species Act and Marine Mammal Protection Act. It is against this background that one must view Strahan's legally inadequate efforts to subpoena Kraus to provide expert testimony.

## I. THE SUBPOENA WAS NOT PROPERLY SERVED.

On June 29 2006, Strahan purported to serve a subpoena upon Kraus by mail. *See* Exhibit A. Service of a subpoena must be made by in-hand service, however, accompanied by the appropriate witness and travel fees. Fed. R. Civ. P. 45(b)(1). Failure to comply with these requirements renders service ineffective. *See, e.g., Greenberg v. United States,* 1990 U.S. Dist. LEXIS 12091, *7 (D. Mass. September 7, 1990). Here, as in *Greenberg,* Strahan mailed a document to Kraus. *See* Kraus Aff., ¶ 2. That is insufficient to effect service. "The mandatory language . . . requires personal delivery upon the person to be deposed." *Greenberg,* 1990 U.S. Dist. LEXIS at *6 - *7.

Additionally, Strahan failed to provide the required witness and travel fees. Kraus Aff., ¶ 2. In such circumstances, courts do not hesitate to quash subpoenas. *See, e.g.*, *Robertson v. Dennis*, 330 F.3d 696, 704-05 (5th Cir. 2003) ("court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever with the subpoena"); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (fees must be tendered concurrently with subpoena). *See also Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) (citing requirement that party must tender fee for attendance and mileage and noting the court is unaware whether party complied with provision). Indeed, courts will quash the subpoena if only one of the two mandated fees is

tendered. *See* MOORE'S FEDERAL PRACTICE, § 45.03[4][b][ii], pp. 45-26.1 – 45-26.2 (courts strictly enforce requirement that witness and travel fees be tendered to subpoenaed person). The obligation to pay the witness and travel fees applies "even when the party is proceeding in forma pauperis." *Id*. The mandatory fees were not paid to Kraus. Kraus Aff., ¶ 2. Because the subpoena was not properly served and because no witness or travel fees were tendered, the Court should quash the subpoena.

## II.  KRAUS CANNOT BE COMPELLED TO GIVE EXPERT TESTIMONY.

Rule 45(c)(3)(B)(ii) prevents a party from using a subpoena to compel an expert's testimony. Kraus has not been retained as an expert by any party in this case. Kraus Aff., ¶ 3. Indeed, Kraus has no idea what this case is about. *Id*. Nonetheless, Strahan has identified Kraus as an "agreed expert" and represented to the Court that Kraus will testify as an expert. *See* Motion for Hearing Scheduled For 21 July 2006 To Be Lengthed For Several More Days To Accommodate Witness List, filed by Strahan on June 20, 2006; *see also* Kraus Aff., ¶ 4.

Strahan explicitly seeks Kraus's expert testimony. Yet, Strahan has not retained Kraus as an expert; nor has any other party. "If a subpoena . . . requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute or resulting from the expert's study made not at the request of any party . . the court may quash or modify it." Fed. R. Civ. P. 45(c)(3)(B). Even if Kraus had expert opinions about any issue in this case, whatever they may be, R. 45(c)(3)(B)(ii) would protect their disclosure. *See, e.g.*, *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 ( 9th Cir. 2003) (upholding district court's quashing of subpoena to non-party expert). *See also Statutory Comm. of Unsecured Creditors v. Motorola, Inc.*, 218 F.R.D. 325, 326-27 (Dist. D.C. 2003) (Rule 45(b)(2) protects opinion of expert who prepared three studies not made at request of a

3

party). Moreover, any expertise Kraus has comes from his long experience protecting marine mammals, *i.e.*, "from the expert's study made not at the request of any party."

Rule 45 was amended in 1991 to address the "growing problem [of] the use of subpoenas to compel the giving of evidence and information by unretained experts." 1991 Advisory Committee Notes. Here, Strahan expressly states that he purported to subpoena Kraus precisely "to compel the giving of evidence and information" by an unretained expert. Because the subpoena requires Kraus's expert testimony, the Court should quash the subpoena.

### III. KRAUS IS UNAVAILABLE.

Complying with the subpoena would also be unduly burdensome to Kraus. Kraus Aff., ¶ 7. On July 8, 2006, Kraus began a long-scheduled vacation in Wyoming and Montana. Kraus Aff., ¶ 5. He is scheduled to return to Massachusetts on July 22, 2006. *Id.* Thereafter, Kraus travels almost immediately to a field station, where he continues his efforts to study and preserve marine mammals by performing field work in the Bay of Fundy through August and September. *Id.*

Kraus is a non-party. He had no notice that he would be called as a witness (much less as an expert witness) until he received the defective subpoena in the mail on July 3, 2006. Kraus Aff., ¶¶ 3,4. In these circumstances, it would be unduly burdensome for Kraus to testify.

## CONCLUSION

For all of the above-stated reasons, the Court should quash the subpoena that was mailed to Scott Kraus.

SCOTT KRAUS
By his attorneys,

 /s/Joseph F. Shea
Joseph F. Shea (BBO # 555473)
Eric N. Shor (BBO # 664102)
Nutter, McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
617-439-2280

Dated:  July 11, 2006

## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

 /s/Joseph F. Shea
Joseph F. Shea (BBO # 555473)

1544972.1

# EXHIBIT A

FROM : NEAq CONSERVATION DEPT.     FAX NO. :617 973 0242     Jul. 05 2006 02:39PM  P2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

_Eastern_ DISTRICT OF _Massachusetts_

Richard Strahan
V.
Secretary Herzfelder, et al.,

**SUBPOENA IN A CIVIL CASE**

Case Number: 05-10140-NMG    #833

TO: Scott Kraus  22 Bailey Lane, Georgetown MA
% New England Aquarium
One Central Wharf, Boston MA 02110

X YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY                                      | COURTROOM                |
|---------------------------------------------------------|--------------------------|
| UNITED STATES DISTRICT COURT                            | NO. 4  3rd Floor         |
| 1 COURTHOUSE WAY                                        |                          |
| BOSTON, MA  02210                                       | DATE AND TIME            |
|                                                         | 7/21/06 2:00 P.M.        |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Courtroom Clerk | 6/13/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Craig J. Nicewicz, Courtroom Clerk USDC 1 Courthouse Way, Suite 2300 Boston, MA 02210
(Issued on behalf of Pro-se Plaintiff Richard Strahan under Rule 45)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

FROM : NEAq CONSERVATION DEPT.        FAX NO. :617 973 0242        Jul. 05 2006 02:39PM  P3

AO88 (Rev. 1/94) Subpoena In a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED: Scott Kraus                VIA U.S. Mail
SERVED ON (PRINT NAME)              MANNER OF SERVICE

Richard Stadian
SERVED BY (PRINT NAME)              TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    29 June 2006                    _____
                    DATE                         SIGNATURE OF SERVER

                                               236 W. Portal Ave, #95
                                               ADDRESS OF SERVER
                                               San Francisco CA 94127