UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD MAX STRAHAN | ) | |
| | ) | **Civil Action No**. |
| *Plaintiff* | ) | |
| | ) | 05-10140-NMG |
| v. | ) | |
| | ) | |
| STEPHEN PRITCHARD | ) | 20 July 2006 |
| | ) | |
| *Defendant* | ) | |

PLAINTIFF'S RESPONSE TO 19 JULY 2006 ORDER TO COMMENT ON ISSUES OF RES JUDICATA APPLICABLE TO INSTANT ACTION

At the hearing on 19 July 2006, the Court raised *sua sponte* a concern that issues of *res judicata* and/or *collateral estoppel* might deny the Court the jurisdiction to hear Strahan's claims against the Defendants. It gave a strong indication that it may choose *sua sponte* to dismiss Strahan's claims in the near future for such reasons. He then ordered the parties to file memos with the Court on this subject.

Plaintiff – Richard Max Strahan asserts the following –

1. The Court has full jurisdiction to hear his claims against the Defendants and no issue of *res judicata* and/or *collateral estoppel* arise as a result his prior civil action *Strahan v. Coxe*, 95-10927-DPW (D. Mass 1995) since Strahan is only seeking prospective injunctive relief to stop future violations by the Defendants of environmental law prohibitions. The Court cannot find any ruling in *Strahan* that would prevent it from considering Strahan's claims against the Defendants, even *de nova*. Strahan absolutely opposes any dismissal of his claims based on any issue involving *res judicata* and *collateral estoppel*.

2. The court in *Strahan* failed to fully adjudicate his claims against the defendants in that civil action and failed to issue any final judgment or permanent order at all. There is no lasting impact on the parties in *Strahan* from any decision in *Strahan* except as an issue of case law precedent from its published opinion as they would apply to anyone else.

3. Claims of ongoing violation of prohibitions of environmental laws and other forms of *ultra vires* conduct seeking prospective injunctive relief are not subject to concerns with

        issues of *res judicata* and *collateral estoppel*.  A repeated continuing wrong that goes uncorrected by a court of law in the past is fully actionable in the future in another court of law.

4. There is no available doctrine governing prudential jurisdiction to allow the Court any discretion to simply choose not to adjudicate Strahan's claims against the Defendants for whatever reason.

5. The First Amendment requires the Court to fully adjudicate his claims

6. The Court has no judicial authority to require that another judge take up Strahan's current claims in a now dismissed civil action that the other judge once presided over.  Therefore the Court's proposal to dismiss Strahan's claims will leave Strahan with no ability to seek judicial relief and will constitute a denial of his First Amendment right to petition the courts. Unless the Court can make a ruling that a former court's action completely barred Strahan from bringing his current claims in the instant action, the Court is stuck with them.

7. Any claim that Strahan could have brought against past defendants in *Strahan* in 1995 cannot be seen to be the basis of the claims brought against the Defendants in the instant civil action that was brought in 2005, because all possible claims arising in 1995 are barred from being brought in 2005 by the six year statute of limitation imposed by 28 U. S. C. 6 2401.

**Argument**

In the instant civil action Strahan is seeking prospective injunctive relief to stop the Defendants from further licensing and regulating fishing gear that he claims is entangling species of whales listed as protected species under the Endangered Species Act ("ESA"). Strahan is claiming that the Defendants said licensure and regulation of marine fisheries in U. S. coastal waters in 2006 constitutes an ongoing and continuous violation of the Section 9 take prohibitions of the ESA. Strahan claims that more listed endangered whales will become entangled in the Defendants' fishing gear and is seeking an order to stop the Defendants from further licensing the offensive fishing gear. He is seeking prospective injunctive relief to stop the Defendants from licensing any more fishing gear that entangles listed species of endangered whales.

        In 1996 the *Strahan* court issued a decision that made numerous finding of fact and law in response to cross motions for summary judgment by the defendants and a preliminary

injunction by Strahan. See *Strahan v. Coxe*, 967 F. Supp. 981 (D. Mass. 1996), aff'd 125 F. 2d 155 (1st Cir. 1997). The *Strahan* court ruled that state agencies were liable under the ESA for entanglement of endangered whales in fishing gear that they regulate and license others to deploy. This decision found the defendants in violation of the prohibitions of the ESA that protect endangered wildlife listed as endangered under the Act. The Court in its appellate decision affirmed the denial of summary judgment to the defendants and Strahan's request for an interlocutory injunction shutting down Massachusetts' lobster pot fishery and gill net fishery.

The *Strahan* court – despite its rulings of fact and law on the illegality of a state fishery -- never "pulled the trigger" and in any way enjoined those defendants from continuing to license and regulate fishing gear as they always did. In point of fact that is why to this day the Defendants are still licensing the same fishing gear and it is still killing the same endangered species of whales in the same way through entanglement. Nothing has changed! The *Strahan* case shows the dangers of a court of ruling that something is unlawful and then relying on some kind of misplaced assumptions that "state employees will never break the law after they know something is unlawful" as a basis to have a defendant voluntarily stop unlawful activity with nothing more. Endangered whales are still being killed in state waters because a federal judge in *Strahan* refused to do his judicial duty under the law to enforce the law. Dead whales today pile up on Massachusetts beaches because a federal judge refused to enjoin unlawful conduct after he found it to be unlawful. The only reason for this failing is with that court's being apparently more concerned with the possible negative political/economic results from shutting down an illegal state fishery then with its concern with the consequences of failing his judicial duties and causing the extinction of a species of wildlife through the crime of omission.

4

Strahan left the suit in 2001 out of exhaustion and because of the *Strahan* court's refusal to grant Strahan meaningful injunctive relief, He left out of that court's refusal to allow him to prosecute his claims against the defendants and from denying him any opportunity to do discovery. At the time of his departure, the *Strahan* court had already stayed the proceedings to allow defendants and the interveners – whose intervention he opposed -- to negotiate a settlement between themselves, of which Strahan had no part. In the end the remaining parties signed a settlement agreement, both the defendants and defendant-interveners with the plaintiff-intervener, dismissing the plaintiff-intervener's own claims against the Defendants. There was no final judgment and no permanent order issued by the *Strahan* court. .

The only remaining consequence of the *Strahan* civil action is that court's reported decision. While *Strahan* as a terminated civil action has NO lasting binding effect on its former parties, *Strahan* as case law *Strahan* has a continuing effect on the rule of law via *stare decisis*. As a reported decision Strahan's rulings of fact and law would be expected to influence similar civil actions, especially the instant action. For example, the *Strahan* court ruled that "entanglement" of endangered whales in fishing gear is a violation of the prohibitions of the ESA. It also ruled that a state agency was liable for the unlawful entanglements caused by fishing gear licensed and regulated by it. It would be seen as odd for the Court to not concur and rely on *Strahan* as established precedent.

Strahan commenced the instant action after witnessing the Defendants continued killing and injuring of endangered wildlife through their licensing and regulating of commercial marine fisheries. In order to stop the more killing and injuring of endangered species of whales and sea turtles in U. S. coastal waters in 2006 and beyond Strahan sent the Defendants in 2004 a 60-Day Notice of intent to bring suit under the ESA to stop these said unlawful takings of endangered

whales by the Defendants. In 2005, he commenced the instant action after the Defendants refused to agree to change their unlawful ways.

In summary, the instant civil action was brought in 2005 to stop the Defendants from killing endangered whales pursuant to their licensing of fishing gear in 2006 and beyond. There is no issue of *res judicata* or *collateral estoppel* that can be applied to the instant action as a result of *Strahan*. While Strahan sought in *Strahan* to stop the killing of whales from entanglement of in fishing gear in Massachusetts' coastal waters by state licensed fishing in 1996, that court after finding in Strahan favor on issues of fact and law, failed to issue any permanent order of any kind effecting those defendants future conduct. The *Strahan* court ruled that he was right but then decided to do the wrong thing and refused him any interlocutory injunctive relief. That court never issued any final judgment on Strahan's claims and Strahan walked away from the case with empty hands and no "monkey on his back" from any decision by that court because it issued no permanent decision or final judgment on any of his claims – or anyone else's.

Case closed!!

BY:



_____
Richard Max Strahan
236 West Portal Avenue, #195
San Francisco, CA 94127
617.233.3854

*Pro Se and Proud!*

I certify that a copy of this response has been served via E-mail on the Defendants' attorney on 20 July 2006.

_____
Richard Max Strahan, Plaintiff