UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN            )<br>                                                             )<br>            *Plaintiff*                             )<br>                                                             )<br>v.                                                         )<br>                                                             )<br>STEPHEN PRITCHARD[1], *et al.*         )<br>                                                             )<br>            *Defendants*                       ) | Civil Action No.<br><br>05 – 10140 - NMG<br><br>19 July 2005 |

_____

PLAINTIFFS' NOTICE OF ASSERTIONS RAISED AT 19 JULY 2006 HEARING
_____

Plaintiffs raise the following assertions to the Court —

1. The Defendants admitted in response to a request for admissions form the Plaintiffs that Humpback Whales and Minke Whales have been entangled in Massachusetts state waters in recent years by fishing gear licensed by the Defendants.

2. The National Marine Fisheries Service in its published 2006 Lift of Commercial Fisheries, designates the Defendants Lobster Pot Fishery and Gill Net fishery ("Fixed Fishing Gear") as Category I fisheries in regards to these said fisheries killing and serious injuring of Humpback Whales, Fin Whales, and Northern Right Whales. 16 U. S. C. § 1383a.

3. In 2006 so far, NMFS has adopted emergency rules six times closing areas off the Massachusetts coast to Fixed Fishing Gear in order to prevent the entanglement of Northern Right Whales by Fixed Fishing Gear.

4. Three Humpback Whales were found entangled in Fixed Fishing Gear off the Massachusetts coast in the last ten days.

5. One Leatherback Sea Turtle was discovered floating entangled in Lobster Pot Gear off of Chatham, MA last week.

6. The parties have agreed that a full adjudication of the Plaintiffs claims concerning injury to endangered species of marine wildlife and that this is demanded to serve the Public Interest. The parties jointly assert to the Court that all parties — including government funded researchers — seriously involved with these issues should be willing — and if not required — to testify on what they know so that the Court has all the relevant facts before

---

[1] The original named defendant Ellen Roy-Herzfelder as subsequently left her employment as the secretary of the Massachusetts Executive Office of Environmental Affairs and was replaced by this currently named defendant who is currently employed in the said position.

it when it makes its decision on whether or not to require that Massachusetts commercial fisheries must be "Whale Safe."

7. The evidentiary hearing scheduled for 21 July 2006 should be continued to a later date in order to accommodate any conflict with the appearance of the designated witnesses.

Plaintiffs request for a preliminary injunction includes alternative types of injunctive relief —

1. Ordering the Defendants to require that their Fixed Gear Fisheries to be "whale safe' by a specific date at some point in the future.

2. Ordering the Defendants to use "restricted radius of curvature line" ("RRCL") in its Lobster Pot Fishery and Gill Net Fishery by a specific date at some point in the future.

3. Order that another working group be formed for the specific purpose of developing a plan for the Defendants to have its Fixed Gear Fisheries become "whale safe" by some specified date in the future and then order the Defendants to implement the said plan.

BY:

_____
Richard Max Strahan, Plaintiff
236 West Portal Avenue, #195
San Francisco, CA
617.233.3854

*Pro Se and Proud!*

_____

CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7
_____

I certify that I consulted with the attorney for the Defendants on the issue of the Court issuing me the relief requested in the instant motion.

_____
Richard Strahan, Plaintiff

I hereby certify that a copy of this opposition has been served IN HAND on the Defendants' attorney on 19 July 2005.

_____
Richard fftrahan, Plaintiff