UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
RICHARD MAX STRAHAN,                )
                                    )
    Plaintiff                       )
                                    )
                                    )   Civil Action
v.                                  )   No. 05-10140-NMG
                                    )
STEPEHEN R. PRITCHARD, in his       )
official capacity as Secretary of the )
Massachusetts Executive Office      )
of Environmental Affairs,[1]        )
                                    )
DAVID M. PETERS, in his official    )
capacity as Commissioner of the     )
Massachusetts Department of         )
Fish and Game,                      )
                                    )
and                                 )
                                    )
PAUL DIODATI, in his official capacity )
as Director of the Massachusetts    )
Division of Marine Fisheries,       )
                                    )
    Defendants                      )
_____)

**DEFENDANTS' MEMORANDUM OF LAW**

    The Secretary of the Massachusetts Executive Office of Environmental Affairs, the

Commissioner of the Massachusetts Department of Fish and Game, and the Director of the

Massachusetts Divison of Marine Fisheries (together, the "State Defendants"), at the direction of

---

[1] Stephen R. Pritchard succeeded the originally named defendant, Ellen Roy-Herzfelder, as Secretary of Environmental Affairs on July 12, 2005.

the Court, hereby file this memorandum of law to address the questions raised by the Court at the status conference held on July 19, 2006. Specifically, the Court asked the parties to offer guidance as to (a) whether the instant action by the plaintiff, Richard Max Strahan ("Strahan"), is barred, in whole or in part, by the application of the doctrines of res judicata and/or collateral estoppel to an earlier action litigated by Strahan against these same State Defendants (the "1996 Action"); and (b) whether the present action is so inextricably related to the 1996 Action that it should be pursued via a motion to reopen the 1996 Action, rather than litigated in this Court.

As set forth more fully below, the State Defendants take the view that, while the instant case is conceptually identical to the 1996 Action, it does not arise from precisely the same transaction as the earlier case, insofar as the entanglements of endangered whales in fixed fishing gear alleged in the current complaint postdate the entry of final relief in the 1996 Action. Accordingly, the orders ultimately dismissing the earlier case do not, strictly speaking, bar the litigation of the present claim. Regarding the second question, the State Defendants do not view the present action as challenging their compliance with orders issued in the 1996 Action, but rather as claiming that subsequent alleged violations of the Endangered Species Act (the "Act") merit further and additional injunctive relief, a claim which this Court is well-positioned to adjudicate. Therefore, the State Defendants take the position that this Court should go forward with the evidentiary hearing scheduled for August 3, 2006, for the limited purpose of determining whether (i) the State Defendants have committed fresh violations of the Act; (ii) whether any such violations are likely to be ongoing and continuing; and,(iii) if so, whether further injunctive relief is appropriate under the circumstances. As set forth in their earlier opposition to Strahan's motion for a preliminary injunction, the State Defendants urge the Court

to answer each of these questions in the negative.

## Background

**The 1996 Action.**  In the earlier action, Strahan brought suit under Section 1538(a)(1)(B) of the Act, claiming that the State Defendants had facilitated the takings of six species of endangered whales by issuing permits to Massachusetts fishermen to deploy fixed fishing gear in Massachusetts state waters.  See Strahan v. Coxe, 939 F.Supp. 963, 983 (D. Mass. 1996) (Woodlock, J.).[2]  Strahan alleged, and the Court ultimately found, that fixed fishing gear in Massachusetts waters was a proximate cause of whale entanglements, leading to the injuries and/or deaths of these endangered species.  Id. at 984.  Strahan further alleged, and the Court ultimately found, that these takings were likely to continue into the future, thus satisfying the requisites for the entry of injunctive relief against the State Defendants, notwithstanding their sovereign immunity from suit under the Eleventh Amendment.  Id. at 986, citing American Bald Eagle v. Bhatti, 9 F.3d 163, 166 (1st Cir. 1993) (to qualify as a taking, activity must have actually harmed species "or if continued will actually, as opposed to potentially, cause harm to the species"); id. at 981 (under Ex Parte Young, 209 U.S. 123 (1908), relief available against state officials only "to halt continuing violations of federal law").

Having found the State Defendants liable for violating the Act, however, the Court stopped well short of granting the relief expressly sought by Strahan -- an injunction barring the State Defendants from issuing future permits for deployment of all fixed fishing gear in state waters.  Instead, the Court fashioned its own form of injunctive relief, whereby it directed the State Defendants to (a) make application to federal regulators for issuance of incidental take

---

[2] aff'd. in part, remanded in part, Strahan v. Coxe, 127 F.3d 155 (1st Cir. 1997).

permits with respect to Northern right whales; (b) prepare a proposal, for submission to the Court, "to restrict, modify or eliminate the use of fixed-fishing gear in coastal waters of Massachusetts listed as critical habitat for Northern Right whales in order to minimize the likelihood additional whales will actually be harmed by such gear"; and (c) convene an endangered whale working group charged with proposing proactive measures to minimize harm to right whales.  Id. at 990-991.

The Court retained jurisdiction over the 1996 Action for almost five years in order to monitor the State Defendants' compliance with its orders.  In early 2001, the State Defendants, the plaintiff-intervenor Conservation Law Foundation, and the defendant-intervenor Massachsuetts Lobstermen's Association (but not the plaintiff Strahan), entered into a settlement agreement incorporating the recommendations of the endangered whale working group and specifying the regulatory changes the State Defendants would effect to minimize the likelihood of future harm to endangered whales.  On March 29, 2001, the Court entered an order staying the litigation, pending implementation of the steps enumerated in the settlement agreement.  In that order, the Court stated that "[i]n the best of circumstances, imposition of of remedy by the court should be avoided when there are grounds to believe that responsible parties will achieve the benefits of the remedy on their own and thereby avoid the potential for future harm to the endangered species that the [[Act] is designed to guard against."  Order at 3.  The Court set down a scheduling conference for the following January, "to determine what further action, if any, is necessary to conclude this action."  Id.

On July 19, 2001, upon Strahan's motion, the Court entered a judgment dismissing all of Strahan's claims, with prejudice.  On January 10, 2001, the remaining parties to the case filed a

joint stipulation dismissing, with prejudice, all outstanding claims.

**The Instant Action.**  In the instant action, commenced on January 21, 2005, Strahan again seeks declaratory and injunctive relief against the State Defendants, again alleging that the State Defendants' licensing and permitting of fixed fishing gear has effected, and will continue to effect, takings of endangered whales within the meaning of Section 1538 of the Act.  See Complaint at Counts I through V.  Strahan once again seeks injunctive relief in the form of an order "enjoining the Defendants from further licensing and regulating the development of commercial fishing gear that has not been scientifically demonstrated previously not to pose a significant risk to cause the entanglement of listed species of endangered whales and otherwise is Whale Safe."  Complaint at Prayer for Relief III.

As a factual predicate for his allegation that the State Defendants have violated the Act, Strahan cites certain specific entanglements of endangered whales alleged to have occurred in 2002 -- after the dismissal of the 1996 Action.  He also appears to allege, at least implicitly, that the regulatory steps taken by the State Defendants in effectuation of the settlement agreement that resolved the prior litigation have not brought the State Defendants into compliance with the Act, and that further injunctive relief is necessary to prevent ongoing harm to endangered whales.

## ARGUMENT

**A.     Res Judicata Does Not Bar the
        Litigation of Strahan's Claim
        in the Instant Case.**

At the July 19, 2006 status conference, the Court asked the parties to address whether the doctrine of res judicata bars the prosecution of the instant suit.  While it is an exceedingly close

question, the State Defendants have heretofore proceeded under the assumption that it does not.

As the First Circuit has repeatedly stated, "[t]hree conditions must be met in order to justify an application of the res judicata doctrine: (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Perez v. Volvo Car Corporation, 247 F.3d 303, 311 (1st Cir. 2001) (quoting Gonzalez v. Banco Cental Corporation, 27 F.3d 751, 755 (1st Cir. 1994)) (brackets omitted). As this Court has previously observed, "[t]his doctrine, which bars the relitigation of matters settled in a previous action, serves numerous important interests -- both public and private -- including finality, repose, efficiency, maintaining respect for the judgments of the courts, and avoiding the imposition of inconsistent obligations." State Police for Automatic Retirement v. DiFava, 164 F.Supp.2d 141, 148 (D. Mass. 2001) (Saris, J.).

The 1996 Action likely satisfies the requirement of a final adjudication on the merits. As described above, the District Court issued an interlocutory injunctive order in 1996, directing the State Defendants to take certain specific steps, including the proposed modification or elimination of fixed fishing gear and the formation of the endangered whale working group. This order is the subject of the reported decision in Strahan v. Coxe, 939 F. Supp. 963, supra. The Court then retained jurisdiction over the matter to monitor compliance with its injunctive orders, reviewed the settlement agreement reached by the parties (excluding Strahan), and ultimately dismissed the case, with prejudice, upon the stipulation of the remaining parties (excluding Strahan) on or about January 10, 2002. The Court also entered a judgment dismissing Strahan's claim, with prejudice, on July 21, 2001, pursuant to Strahan's motion under

Fed. R. Civ. P. 41 requesting dismissal with prejudice.  Strahan appealed from this judgment of dismissal, but failed to file a brief in the appellate action, which was dismissed by the First Circuit on March 5, 2002.

This form of resolution may not satisfy the final-judgment standard as to the signatories of the settlement agreement (and the subsequent stipulation of dismissal), insofar as the settlement agreement was merely accepted by the Court, and was never entered as an enforceable order.  The remedy for a violation of the settlement agreement, therefore, would arguably lie in the realm of contract law, not judicial enforcement, thereby disqualifying the stipulation of dismissal of the 1996 Action from treatment as final judgment on the merits for res judicata purposes.  See 18A Wright, Miller & Cooper, Federal Practice and Procedure § 4443 (2002 ed.).  The same is not true as to Strahan's claims, however, which were the subject of a dismissal with prejudice, in the wake of the Court's order granting injunctive relief on the merits.  As to Strahan, therefore, this first component for res judicata is satisfied.

So, too, is the third component, which requires a substantial identity of parties between the two actions.  Strahan was the lead plaintiff in the 1996 Action, and each of the three state officials named as defendants in the earlier action are again named as defendants here.  That Strahan's claims were dismissed, with prejudice, prior to the stipulation of dismissal that concluded the 1996 Action is immaterial to the conclusion that the same constellation of characters were bound by the orders issued in the earlier case.

The close question, then, arises from the second component:  whether the claims in the earlier action are sufficiently identical to the claims in this case to preclude their relitigation.  The First Circuit has held that determination of this question hinges on "whether the facts are

related in time, space, origin or motivation; . . . whether they form a convenient trial unit; . . . and whether their treatment as a unit conforms to the parties' expectations." In re Iannochino, 242 F.3d 36, 46 (1st Cir. 2001). Commentators have acknowledged that cases like the 1996 Action, involving injunctive relief designed to cure continuing or recurring violations, present thorny questions with respect to the application of res judicata. See 18 Wright, Miller & Cooper § 4409 ("preclusion analysis may be sorely tested by disputes that arise out of a number of [successive] events"). Generally speaking, "[t]he closer the relationship among the events in time, origin, motivation, litigating convenience, and the probable understanding of the parties, the greater the probability that a single claim will be found." Id.

Applying these factors to Strahan's successive complaints, the only factual difference between the two actions concerns the timing of the alleged violations of the Act. Stripped to its essence, the 1996 Action alleged that the State Defendants' licensing of fixed fishing gear was a proximate cause of takings within the meaning of Section 1538 of the Act; that actual whale entanglements during the years preceding the filing of the complaint in 1996 evidenced this capacity for harm to the endangered species; and that the State Defendants had taken insufficient steps to prevent future and ongoing violations of the Act. Similarly deconstructed, the complaint in the present action alleges that the licensing of fixed fishing gear, notwithstanding modifications arising from the earlier litigation, continues to be a proximate cause of takings under the Act; that actual entanglements after the dismissal of the 1996 Action demonstrate the capacity for harm; and that the State Defendants have still failed to take adequate steps to minimize the likelihood of future entanglements. Viewed as successive "snapshots" of the Massachusetts fixed-gear fishery management regime, the two claims arguably arise from

sufficiently distinct sets of fact to defeat the operation of res judicata. It is for this reason that the State Defendants have, to date, proceeded under the assumption that the instant claim is not fully precluded.

This is not to suggest, however, that the 1996 Action is devoid of all preclusive effect. On the contrary, Strahan is clearly precluded from relitigating issues that were fully resolved in the earlier case, such as the legal effect of entanglements that occurred prior to, or during the pendency of, the 1996 Action, or the appropriateness of the remedy ordered in that case. The instant case presents a narrow and circumscribed claim: that beginning at some point after the conclusion of the 1996 Action, the State Defendants have violated the Act, and that the likelihood of ongoing, future violations warrants additional prospective, injunctive relief.

**B.    The Instant Case Need Not, and Should Not,
       Be Consolidated with the 1996 Action.**

Assuming, arguendo, that res judicata does not operate to bar the litigation of this case, the Court also solicited the parties' views as to whether, as a matter of law or as a matter of judicial economy, the instant case should be consolidated with the 1996 Action.[1] The State Defendants respectfully submit that it should not be.

If, in the instant case, Strahan were seeking to modify the injunction entered by the Court in the 1996 Action, or were claiming that the State Defendants had somehow failed to comply with the relief ordered by the Court in that earlier action, then his claims could only be redressed via a motion to reopen the 1996 Action. This is not, however, the gravamen of Strahan's current

---

[1] The 1996 Action was closed in 2002. As the Court made clear at the status conference, this question assumes, without deciding, that Judge Woodlock would entertain a motion to reopen the 1996 Action as a necessary precondition to the consolidation of the two cases.

complaint. Rather, as discussed above, he seeks a declaration that the State Defendants have freshly violated the Act, together with prospective, injunctive relief. This claim, while obviously closely related to its predecessor, is not so inextricably connected to the prior action that the two must be consolidated.

The Court may nonetheless, at its discretion, order the consolidation of the two actions if it determines, as a matter of judicial economy, that Judge Woodlock's familiarity with the 1996 Action would better enable him to adjudicate the claims in this case. The State Defendants contend, however, that considerations of judicial economy militate against such an order. In the 18 months that the instant claim has been pending, this Court has taken steps to resolve discovery disputes; to narrow the justiciable claims; and to otherwise circumscribe the triable issues of fact. It has presently fashioned a schedule that will allow for a prompt and thorough evaluation of Strahan's claims for injunctive relief. To derail these proceedings at this point would frustrate, rather than aid, the cause of judicial efficiency.

## CONCLUSION

For the reasons set forth above, the State Defendants take the position that Strahan's claims regarding post-2002 and future violations of the Act survive the application of res judicata; that the issues at bar in the instant case are limited to such alleged violations; and that this Court should retain jurisdiction over this matter and proceed as scheduled with the evidentiary hearing calendared for August 3, 2006.

    Respectfully submitted,

    STEPHEN R. PRITCHARD, in his
    official capacity as Massachusetts
    Secretary of Environmental Affairs;

DAVID M. PETERS, in his official capacity as Massachusetts Commissioner of the Department of Fish and Game;

and

PAUL DIODATI, in his official capacity as Director of the Massachusetts Division of Marine Fisheries

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/Daniel J. Hammond
Bryan Killian
Daniel J. Hammond
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2078

Date: July 28, 2006