UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN,<br><br>    Plaintiff<br><br>v.<br><br>STEVEN PRITCHARD, in his official capacity as Secretary of the Massachusetts Executive Office of Environmental Affairs,<br><br>DAVID M. PETERS, in his official capacity as Commissioner of the Massachusetts Department of Fish and Game,<br><br>and<br><br>PAUL DIODATI, in his official capacity as Director of the Massachusetts Division of Marine Fisheries,<br><br>    Defendants | Civil Action<br>No. 05-10140-NMG |

**DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

The Secretary of the Massachusetts Executive Office of Environmental Affairs, the Commissioner of the Massachusetts Department of Fish and Game, and the Director of the Massachusetts Division of Marine Fisheries (together, the "State Defendants") hereby file this limited opposition to the motion of the plaintiff, Richard Max Strahan ("Strahan"), for leave to file an amended complaint. In support of their opposition, the State Defendants state as follows:

    1.    Strahan commenced this litigation by filing his original complaint against the

State Defendants in january, 2005.

2.     In the summer of 2005, Strahan filed a motion for leave to amend his complaint, together with a proposed amended complaint that purported to add, among other things, a co-plaintiff, several new defendants, and a variety of new legal claims, including but not limited to an allegation that the State Defendants had effected illegal takings of sea turtles, within the meaning of the Endangered Species Act.

3.     On or about September 8, 2005, the Court (Sorokin, M.J.) entered an order permitting Strahan to file a conforming amended complaint, but denying his request to the extent that his amended complaint sought to "add more parties or new legal claims."

4.     On or about April 19, 2006, the Court (Gorton, J.) issued a further order, again permitting Strahan to file an amended complaint, but denying his request to add more parties or additional legal claims.

5.     At the status conference conducted on July 19, 2006, the Court (Gorton, J.) directed Strahan to file a conforming amended complaint on or before July 24, 2006.

6.     On July 31, 2006, Strahan filed his motion for leave to amend his complaint, together with a 29-page verified amended complaint. While the proposed amended complaint does not purport to add new parties or new counts against the State Defendants, it does recite a number of new legal theories, including, without limitation, claims that the State Defendants have wilfully evaded their conservation duties under their cooperative agreement with federal regulators (Amended Complaint at ¶¶ 8-9), and claims that the State Defendants have engaged in a "conspiracy" with the Provincetown Center for Coastal Studies and others to divert federal monies and to perpetuate a regime of illegal takings (Complaint at ¶¶ 21-22).

7.　Under Fed. R. Civ. P. 15(a), a plaintiff may amend his complaint, after a responsive pleading has been filed, only upon leave of court. Whether to grant such leave is a matter of the trial court's discretion. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) While "a liberal, pro-amendment ethos" attends the exercise of such discretion, 3 <u>Moore's Federal Practice</u>, 3rd ed., § 15.14[1], a court should only permit such amendment for good cause shown if the amendment is sought after the time expressly permitted by the Rule 16 scheduling order. <u>Riofrio Anda v. Ralston Purina Co.</u>, 959 F.2d 1149, 1154-1155 (1st Cir. 1992). It may also deny leave to amend where the amendment is unduly delayed or causes undue prejudice to the defendant. <u>Acosta-Mestre v. Hilton International of Puerto Rico</u>, 156 F.3d 49, 51 (1st Cir. 1998).

8.　Here, Strahan's proposed amended complaint interjects new legal theories into a case well after the discovery period has closed, on the eve of a scheduled, dispositive evidentiary hearing. Accordingly, to the extent that the proposed amendment contravenes this Court's earlier orders regarding the addition of new legal claims, his motion for leave to amend his complaint should be denied.

Respectfully submitted,

STEPHEN R. PRITCHARD, in his official capacity as Massachusetts Secretary of Environmental Affairs;

DAVID M. PETERS, in his official capacity as Massachusetts Commissioner of the Department of Fish and Game;

and

PAUL DIODATI, in his official capacity as Director of the Massachusetts Division

of Marine Fisheries

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/Daniel J. Hammond
Bryan G. Killian
BBO # 271640
Daniel J. Hammond
BBO # 559475
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2078

Date: August 8, 2006