UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN           )
                              )
    *Plaintiff*              )
                              )     Civil Action No.
v.                            )
                              )     05 – 10140 - NMG
STEVEN PRITCHARD, *et al.*    )
                              )     12 September 2006
    *Defendants*             )

_____

PLAINTIFF'S MOTION FOR A PROTECTION ORDER TO
COMPEL THE PRODUCTION OF DISCOVERY
_____

    The Plaintiff — Richard Max Strahan — moves the Court for an order to compel Peter Borrelli and the center for Coastal Studies to comply with the subpoena that was served on them by Strahan to produce for copying requested materials ("Subpoena"). See Attachment #1. The CCS and Borrelli were served VIA U. S. Mail on 14 August 2006. These parties have served on Strahan a notice stating that they refuse to supply the documents requested by the said subpoena ("CCS Refusal"). See Attached #2. The CCS has absolutely refused to supply a single requested item. It refuses to supply a single picture of an entangled whale or of a single picture of fishing gear taken off an entangled whale.  Their attorney has refused to negotiate the release of any of the requested documents. The CCS has left Strahan no choice but move the Court to compel CCS to produce the requested documents.

    The CCS is not an independent third party who has no real liability in the instant actions underlying claims against the defendants. The CCS is the business partner of the Defendant state agencies who have paid it millions of dollars over the last few years to help the Defendants continue licensing fishing gear that kills and injures endangered species of whales and sea

turtles. The CCS personnel have help the Defendants author its evasion strategy and are paid by the Defendants to help carry out this evasion strategy. One of the aspects of that strategy is for CCS to pretend to diligently do surveys for entangled Northern Right Whales in Massachusetts waters and then to not report these entanglements when CCS sights them. The point behind this strategy is to create a false impression to courts and government agencies that Northern Right Whales do not get entangled in commercial fishing gear in state waters. CCS refusal to in any way to comply with the Subpoena is based on its desire to assist the Defendants in defending themselves against Strahan's claims against them.

There is no merit legal or otherwise in CCS' wholesale refusal to supply a single requested item. The CCS Refusal makes numerous false claims about the documents requested under the subpoena. Strahan has made repeated attempts to communicate with CCS and its attorney in order to discuss their willingness to supply ANY of the requested documents and to minimize any cost incurred by CCS in responding to the subpoena. Strahan sincere overtures have been brutally rejected by CCS and its attorney. CCS and its attorney are adamant in their complete refusal to provide a single document requested by the subpoena. This makes no sense.

The CCS claims to be a non-profit company that according to its filed articles of incorporation is dedicated to supporting the conservation of whales and the marine environment. The CCS has obtained millions of dollars in government contracts to do surveys for whales off the coastline and to disentangle whales. These are exclusive contracts and no one else does this work. Only CCS has the necessary government permits to disentangle whales and it responds to over ninety per cent of reported whale entanglements. The CCS therefore is the ONLY possessor of pictures and other information concerning the vast majority of reported whale entangles off the Massachusetts coastline. The CCS does not distribute the bulk of its collected

information to anyone — including government agencies and foundations that pay for the work. Government agencies are the actual owners of the intellectual property rights to the pictures that CCS takes of entangled whales. They allow CCS to archive this information instead of obtaining it themselves.

It is not credible to claim that its "conservation mission for wildlife" can suffer from providing copies of pictures and other relevant information on entanglements of whales in its possession so that it can be entered into evidence in a court of law. The instant action is going to decide the fate of endangered whales by deciding whether or not fishing gear licensed by Massachusetts is safe for whales and if not whether the state will be allowed to continue licensing gear that kills whales. It IS the non-profit purpose of CCS to provide the subpoenaed documents so that a court of law can meaningfully decide on whether the court should enforce legal protections afforded whales against the defendant Massachusetts' marine fishing agency. The fate of endangered whales requires their protection under law and CCS' refusal to supply the subpoenaed documents constitutes a deliberate attempt by it to stop the whales from being protected by law. It refusal goes against their non-profit purpose and in fact creates grounds for the IRS to remove its tax take away its tax exempt status.

For the above reasons the Plaintiff asks the Court to grant his requested relief.

BY:

_____
Richard Max Strahan, Plaintiff
236 West Portal Avenue, #195
San Francisco CA 94127
617.233.3854

*Pro Se and Proud!*

_____

### CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7
_____

I certify that I consulted with the Defendants attorney Daniel Hammond of the Office of the Massachusetts Attorney General on the above motion on several occasions. .

_____
Richard Strahan, Plaintiff

_____

### CERTIFICATION OF SERVICE
_____

I hereby certify that a copy of this motion has been served VIA Mail and E-mail on the defendants, the attorney for the Center for Coastal Studies on 13 September 2006 and also e-mailed to Borrelli at the CCS.

_____
Richard Strahan, Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN )<br>)<br>*Plaintiff* )<br>)<br>) <br>v. )<br>)<br>STEVEN PRITCHARD, *et al.* )<br>)<br>*Defendants* ) | Civil Action No.<br><br>05 – 10140 - NMG<br><br>14 August 2005 |

_____

PLAINTIFF'S SUBPOENA TO THE DIRECTOR OF THE CENTER FOR COASTAL
STUDIES FOR INSPECTION AND COPYING OF DOCUMENTS
_____

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Richard Max Strahan requests that the Director of the National Marine Fisheries Service's Northeast Fisheries Science Center in Woods Hole MA ("Director") produce for inspection and copying at the offices of Sierra Club of New England, 100 Boylston Street, Boston, Massachusetts, all documents described below on or before 10:00 A.M. on 14 September 2006.  If the Director chooses to reproduce the requested records on its own and supply them to Strahan on or before 14 September 2006, then it does not need to make the original copies of requested records available for inspection and copying on the said date and at the said location.

## DEFINITIONS

The following definitions shall apply to this request:

1. "Strahan " shall refer to the Plaintiff, Richard Max Strahan.

2. "EOEA" shall mean any office and all employees/agents of the Massachusetts Executive Office of Environmental Affairs and any of its infra-agencies and/or offices.

3.  "DFG" shall mean any agency and/or agent of the Massachusetts Department of Fish and Game its infra-agencies and/or offices.

4.  "DMF" shall mean any agency and/or agent of the Massachusetts Division of Marine Fisheries its infra-agencies and/or offices.

5.  "CCS" shall mean the Center for Coastal Studies in Provincetown, MA.

6.  "Correspondence" includes, but is not limited to, any letter, telegram, telex, TWX, notice, message, E-mail, memorandum or other written communication or transcription or notes of a communication.

7.  "Whale" or "whales" shall mean any member of a biological species taxonomically listed as belonging to the biological Order Cetacea.

8.  "Entangled Whale(s)" shall mean a whale or whales that physically in contact for any length of time on any given day with any rope, net, pot, and/or any physical object that is deployed into the marine environment by an individual for the purpose of catching and/or harvesting marine wildlife of any biological species.

9.  "And" and "or" shall mean, where the context permits, "and/or."

10. "All" and "any" shall mean, where the context permits, "any and all."

11. "Documents" shall mean any conceivable type of recorded information on any kind of conceivable material — including (but not exclusively) printed material, notes, hand written material, E-mails, computer files of any format, magnetic audio and/or video recordings, and photographs.

12. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular.

# **INSTRUCTIONS**

1. As to any document requested herein but withheld on the ground of privilege, please state the following:

    a. The nature of the claimed privilege;

    b. The title of the document;

    c. The type of document (e.g. letter, note, memorandum, etc.);

    d. The date of the document;

    e. Names and positions of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared;

    f. Names and positions of all persons to whom the document was addressed; or to whom it was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof;

    g. Names and positions of all persons from whom the document was received;

    h. The present location of the document and all copies thereof;

    i. Names and positions of all persons having custody or control of the document and all copies thereof; and

    j. Subject matter of the document.

2. In producing documents, documents responsive to each request are to be segregated and labeled so as to indicate which request each segregated set of documents to which it is in response.

3. If a document has been generated as a computer file and then converted into a printed format, the computer file is requested first and only the printed document too if in any way it has been personalized with a signature, date stamp and/or annotations of any type.

**DOCUMENTS REQUESTED**

1. Documents that constitute a developed database containing records of all reported historical occurrences of Entangled Whales between along with information associated with these reported sighting of entangled whales.

2. Documents that constitute a developed database containing records of all known observations of Humpback Whales since 1900. Such a formal database of all reported Humpback Whales sightings is believed to exist and to be in CCS' possession.

3. Documents that completely constitute all reports made to NMFS, the CCS, or anyone else of entangled whales in the New England between the years 1998 – 2006.  For example, the CCS web site states that about 90 reports of entangled whales were made to the CCS in 2005. Inspection and copying of such reports is the subject of this request. This request also includes a request for any pictures of Entangled Whales made from commercial whale watch ships that were then sent on to CCS.

4. Documents that completely describe and catalog the fishing gear removed from whales by CCS' agents from 1998 – 2006 and the fate of the removed gear, including its current location.

5. All documents associated with the sighting of a Humpback Whale entangled in fishing gear off Plymouth harbor in Massachusetts state waters during the week of 2 August 2006 and its subsequent "disentanglement" by CCS agents. The request documents include — but is not limited to — the following —

    a. All documents reporting and/or describing the sighting of the said entangled Humpback Whale

    b. All digital photographs of the said Humpback Whale produced during the week of 2 August 2006.

    c.    All video recorded of the said Humpback Whale produced during the week of 2 August 2006.

    d.    All documents — including digital images and video recordings — that describe the fishing gear that was on found on the said entangled Humpback Whale and attempts to assess its type, origins, and previous ownership.

    e.    All correspondence between any employee of the National Marine Fisheries Service and any representative of the Center for Coastal Studies concerning and/or mentioning said entangled Humpback Whale and/or its entanglement generated during the week of 2 August 2006 and/or at any point up the current time.

    f.    All documents that describe the manner of the entanglement of the Humpback Whale in fishing gear and the degree of the injury inflicted on the Humpback Whale from its entanglement.

## **OFFER OF BURDEN MITIGATION**

The plaintiff seeks to impose the minimum burden on the Director for it to comply with this subpoena for requested documents in its possession. The plaintiff encourages the director or its chosen representative to contact him prior to 14 September 2006 in order to negotiate its reasonable production of requested records in order to minimize the burden on the Director to comply with this subpoena.

By:

_____
RICHARD MAX STRAHAN, Plaintiff
236 West Portal Avenue, #195
San Francisco, CA 94127
Phone: 617.233.3854

E-mail: esistoo@yahoo.com

*PRO SE AND PROUD!*