UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN,

                    Plaintiff,

v.

STEVEN R. PRITCHARD; COMMISSIONER
DAVID PETERS; and DIRECTOR PAUL
DIODATI,

                    Defendants.

Civil Action No. 05-10140-NMG

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

The Provincetown Center for Coastal Studies (the "Center"), which is not a party to the above-captioned action (the "Action"), submits this opposition to plaintiff Richard Max Strahan's ("Strahan") "Motion For A Protection Order To Compel The Production Of Discovery" and in support of its opposition states as follows.

This is Mr. Strahan's second attempt to obtain documents from the Center in this action. Mr. Strahan served his first subpoena on the Center on April 15, 2005. The Center's response to that subpoena is described at length in affidavits submitted earlier in this case by Peter Borrelli, the Center's Executive Director, and Amy George, one of the Center's lawyers, dated June 23, 2005 and in a second affidavit of Ms. George dated August 12, 2005. Those affidavits are incorporated herein by reference. The affidavits demonstrate that in response to the earlier subpoena, the Center produced its entire on-line data base which contains virtually all of the information that the Center has in its possession concerning whale entanglements, including 2000 photographs and 1000 additional files of information. As noted in Mr. Borrelli's affidavit

10164330.1

at paragraph 11, the Center's on-line data base is the official data base of record and is used by every professional in the marine mammal field as the principal source of information regarding entanglements in the western North Atlantic Ocean. On October 7, 2005, Magistrate Judge Sorokin found that the Center's response to the April 15, 2005 subpoena was complete and that no further action on the Center's part was required.

In the same order of October 7, 2005, the Magistrate Judge allowed Mr. Strahan's request for a third one month extension of the discovery deadline in the Action to October 31, 2005, and stated that the Court would be unlikely to allow any further extensions. No further extension was, in fact, granted. Discovery in the Action is therefore closed, as Mr. Strahan has acknowledged by filing a motion to extend discovery until November 1, 2006, a motion that has been opposed by the defendants and is still pending before the Court. Mr. Strahan's third party subpoena to the Center is, accordingly, untimely, pending some action by the Court on the motion to extend discovery.

Even if discovery were not closed, it is effectively closed as to the Center by the Magistrate Judge's order of October 7, 2005. At a status conference in the Action on July 19, 2006, Mr. Strahan requested that the Court overrule the Magistrate Judge's order and order the Center to provide additional documents. The Court stated that if Mr. Strahan wished to press that request he should submit a written motion to the Court by July 24, 2006. Mr. Strahan did not file any such motion or written request. Mr. Strahan has, therefore, forfeited any right to request additional documents from the Center.

Mr. Strahan's latest subpoena differs from his earlier request only in seeking documents that predate those he requested before and that therefore have even less relevance to any issue in the Action. Even if that were not the case, all of the documents that Mr. Strahan seeks, to the

extent that they exist, that were created prior to the date of the Center's response to his earlier subpoena are in the database that was provided to Mr. Strahan as part of that response. For reasons that are explained at great length in the Borrelli and George affidavits, providing the documents in any form other than the online database would impose intolerable burdens on the Center and cripple its ability to fulfill its mission. Moreover, as was also true of the documents requested earlier, many of the documents Mr. Strahan has requested are obtainable from state and federal agencies, some of whom are defendants in this action. Indeed, Mr. Strahan represented in his motion to extend the discovery deadline that all of the records he is seeking to discover by means of such an extension are in the public domain. The Center, as a third party, not-for-profit entity with limited resources should not be burdened by having to produce documents that Mr. Strahan can obtain from parties to the case or from other sources. With regard to the one request in Mr. Strahan's subpoena of which that might not be true, the request for information concerning a rescue that occurred during the week of August 2, 2006, Mr. Strahan has already been referred by the Center's counsel to a detailed written account of that rescue that appeared online at http://www.coastalstudies.org/what-we-do/whale-rescue/latest-disentanglement.htm and the information available at that site should be more than sufficient to answer any questions he may have concerning that rescue.

Mr. Strahan in his latest motion offers no detailed reason or particularized need for seeking the documents he has requested, choosing instead to rely on his by now familiar allegations of conspiracy and indifference to the plight of the whales. In light of the documents that the Center has already supplied, the finding by the Magistrate Judge that the Center had fully complied with the earlier subpoena, the expiration of the discovery deadline and the imminence of the hearing in this matter scheduled for November 17, 2006, Mr. Strahan has not demonstrated

that his need for the documents is in any way significant enough to cause the Court to alter its earlier rulings or disturb its calendar once again.

## CONCLUSION

For the foregoing reasons, plaintiff Richard Max Strahan's "Motion For A Protection Order To Compel The Production Of Discovery" should be denied.

> Respectfully submitted,
>
> PROVINCETOWN CENTER FOR COASTAL STUDIES
>
> By its attorneys,
>
> /s/ Gordon M. Jones, III
> David M. Ryan (BBO No. 644037)
> Gordon M. Jones, III (BBO No. 549016)
> Amy R. George (BBO No. 629548)
> NIXON PEABODY LLP
> 100 Summer Street
> Boston, MA 02110
> 617-345-1000 (phone)
> 617-345-1300 (fax)

Dated:    October 23, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record and all parties proceeding pro se by first class mail on October 23, 2006.

> /s/ Gordon M. Jones, III
> Gordon M. Jones, III