UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN )
 )
    *Plaintiff* )
 )  Civil Action No.
v. )
 )  05 – 10140 - NMG
EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS )
OF THE STATE OF MASSACHUSETTS, *et al.* )
 )  2 November 2006
    *Defendants* )

_____

PLAINTIFF'S MOTION FOR AN ORDER TO PROVIDE WITNESSES AND EVIDENCE
FOR THE SCHEDULED EVIDENTIARY HEARING ON 17 NOVEMBER 2006 OR ELSE
_____

The Plaintiff — Richard Max Strahan — moves the Court to —

1. Order the Defendants to produce Defendant Diodati and Charles Mayo of the Center for Coastal Studies to testify at the scheduled 17 November 2006 evidentiary hearing in the instant action

2. Extend the duration of the Evidentiary Hearing from one to three days and allow the Parties to provide at least ten witnesses to testify at the said evidentiary hearing.

3. Order the Defendants to Comply with Strahan's outstanding Discovery Request to —

    a. Supply records on individuals licensed by Defendants

    b. Records of fishing gear deployed and extent of fishing effort by individuals licensed by the Defendants

    c. Communications with the non-parties who support their commercial licensing and regulating of commercial marine fisheries.

4. Strike the untimely opposition of the Defendants to his motion for a preliminary injunction.

Case 1:05-cv-10140-NMG    Document 108    Filed 11/02/2006    Page 2 of 6

2 November 2006 Plaintiff's Motion for Witnesses and Subpoenas                                        2
Strahan v. Executive Office of Environmental Affairs of Massachusetts, 05 – 10140 - NMG

5.  Allow him to subpoena documents from following non-parties ("Non-Parties") who are business partners of the Defendants that will provide evidentiary material pertinent to the Defendants' killing and injuring of whales in commercial fishing gear —

    a.  New England Aquarium

    b.  Center for Coastal Studies

    c.  International Fund for Animal Welfare

    d.  Whale Center

    e.  Cape Cod Stranding Network

6.  Allow Strahan to subpoena from the Non-Parties copies of databases containing records on the sightings of endangered whales in coastal waters, copies of databases on the entangle-ment of these whales in commercial fishing gear, and *photographic* evidence of the —

    a.  Manner of entanglement of whales in fishing gear

    b.  Degree of injury sustained by these whales

    c.  Type of commercial fishing gear that entangles these whales.

7.  ALTERNATIVELY, if the Court will not allow the above requests for relief, Strahan informs the Court he withdraws his prior request to consolidate the decision on his motion for a preliminary injunction into a final judgment and opposes the Court doing so *sua sponte*. Additionally, Strahan asks the Court to cancel the scheduled 17 November 2006 evidentiary hearing and instead to schedule a date for trial without affording the Defendants any further opportunity to file a motion for summary judgment and to consolidate the instant action with the prior action *Strahan v. Coxe*, 96- 10927 – DPW.

Case 1:05-cv-10140-NMG    Document 108    Filed 11/02/2006    Page 3 of 6

2 November 2006 Plaintiff's Motion for Witnesses and Subpoenas                                    3
  Strahan v. Executive Office of Environmental Affairs of Massachusetts, 05 – 10140 - NMG

## Discussion

In December of 2005, Strahan moved the Court for a preliminary injunction against the Defendants. In short, Strahan requested that the Court order the Defendants to ONLY license commercial fishing gear that was Whale Safe, that did not pose any significant threat to entangle members of species of endangered whales listed as protected under the Endangered Species Act. See 16 U. S. C. § 1531, *et seq*. The Defendants completely failed to respond to Strahan's 2005 PI Motion at all. At one point it requested from the Court a request for an extension of time to respond and then still failed to file any opposition at all.

Commencing in the Spring of 2006, Strahan sought an agreement with the Defendants to have the Court fully adjudicate his ESA claims against the Defendants on the merits in order to fully serve the Public Interest. As part of this agreement, the Parties would ask the Court to hold an evidentiary hearing on Strahan outstanding 2005 PI Motion. The Parties would then work together to provide ten expert witnesses to appear at the evidentiary hearing to provide a full amount of information to the Court for it to make a decision on Strahan's 2005 PI Motion on the merits in order to serve the Public Interest. At this time, the Defendants decided to enter this agreement ("Parties Agreement") with Strahan. They agreed to supply experts for the Defendants to appear at the scheduled evidentiary hearing. They also agreed to fully respond to any discovery request that Strahan made to them in the interim. The Defendants attorney agreed to supply a representative of the Defendants and at least one of their consultants, specifically Charles Mayo, to testify at the evidentiary hearing.

The Parties also entered in settlement talks as part of the Parties Agreement. Strahan basically proposed that he would withdraw his claims against the Defendants if they agreed to fund whale safe fishing technology and further agreed to license available whale safe fishing

Case 1:05-cv-10140-NMG    Document 108    Filed 11/02/2006    Page 4 of 6

2 November 2006 Plaintiff's Motion for Witnesses and Subpoenas                                                4
 Strahan v. Executive Office of Environmental Affairs of Massachusetts, 05 – 10140 - NMG

gear. Two settlement meetings were held and numerous settlement discussions occurred between April and August 2006.

On 18 April 2006 Strahan filed an amended motion for a preliminary injunction (#80) 2006 PI Motion and a request for an evidentiary hearing on his 2006 PI Motion.  The Defendants supported the Court scheduling the requested evidentiary hearing.

On 19 April 2006 the Court held a status conference in the instant action. Among the issues addressed, the Court ordered the Defendants to file a summary judgment motion against Strahan claims by 30 May 2006 and further required that any opposition the Defendants wish to make against Strahan's then outstanding motion for a preliminary injunction must also be filed by this date.

The Defendants failed to file any motion for summary judgment by the required date. They also failed to file any opposition to Strahan's 2006 PI Motion by the required date of 30 May 2006.

On 18 May 2006 the Parties filed a joint motions for status conference to be held and then for evidentiary hearing to be scheduled by the Court on Strahan's 2006 PI Motion. The jointly requested evidentiary hearing was asked to be held for 2-3 days in order for the Parties to present the testimony of the ten witnesses that they agreed amongst themselves to produce together or the evidentiary hearing. On 6 June 2006, the Court then scheduled the requested evidentiary hearing to commence on 21 July 2006.

On 30 June 2006, Strahan filed an acceded to motion for the Court to extend the evidentiary hearing to last 2-3 days in order for the parties to present the testimony of the 10 witnesses that the Parties Agreement insured that would be presented at any scheduled

Case 1:05-cv-10140-NMG     Document 108     Filed 11/02/2006     Page 5 of 6

2 November 2006 Plaintiff's Motion for Witnesses and Subpoenas                                                  5
 Strahan v. Executive Office of Environmental Affairs of Massachusetts, 05 – 10140 - NMG

evidentiary hearing by the Court. Also on this date, the Defendants finally filed their opposition to Strahan's 2006 PI Motion.

The Court held a status conference on 19 July 2006. However, just before this date, the Defendants rejected Strahan's settlement overtures. Upon information and belief, the Defendants unilaterally decided to withdraw from the Parties Agreement. At this time they offered Strahan $20,000 in cash to simply dismiss his claims against the Defendants and allow them to maintain the status quo. Strahan rejected the Defendants' said offer of bribe money.

At 19 July 2006 status conference the Defendants failed to support the terms of the Parties Agreement. As a result the Court quashed Strahan's outstanding witness subpoenas and rescheduling the evidentiary hearing to 3 August 2006, with a status conference on 1 August 2006. The Court also ordered that it would issue and pay service costs of only six witness subpoenas for Strahan. The Court then ordered that Strahan would only be allowed to present 6six witnesses at the scheduled evidentiary hearing. The Court also ordered Strahan to supply an amended complaint, denying his request to add additional defendants, an additional plaintiff, and additional ESA claims involving sea turtles.  The Defendants wholly failed to support terms of the Parties Agreement.  As a result the Court not refused Strahan any opportunity to present his desired ten witnesses at the evidentiary hearing, it further ruled that future evidentiary hearing would last only one day. The date of the evidentiary hearing was eventually set to be 17 November 2006.

During and after the 19 July 2006 hearing, the Defendants were represented by an additional attorney who informed Strahan that the Defendants were withdrawing from the Parties Agreement.  The Defendants attorneys informed Strahan that they would not supply Charles

Case 1:05-cv-10140-NMG   Document 108   Filed 11/02/2006   Page 6 of 6

2 November 2006 Plaintiff's Motion for Witnesses and Subpoenas  6
Strahan v. Executive Office of Environmental Affairs of Massachusetts, 05 – 10140 - NMG

Mayo as their expert at any evidentiary hearing, would not support the said hearing lasting three days, and would not honor Strahan's outstanding discovery requests to them.

Strahan cannot and will not support the Court holding a brief and insubstantial evidentiary hearing in exchange for his right under law for a full trial on the merits. The Defendants have made it clear to Strahan that they now seek to evade any meaningful adjudication of his claims by the Court. Instead they have decided to use the scheduled evidentiary hearing to have the Court simply dismiss his claims against him without Strahan having any opportunity to have his claims against the Defendants to be heard by the Court in a trial on the merits.  Strahan will neither support or allow this to happen.

For the above reasons the Plaintiff asks the Court to grant his requested relief.

BY:

_____
Richard Max Strahan, Plaintiff
236 West Portal Avenue, #195
San Francisco CA 94127
617.233.3854

*Pro Se and Proud!*

_____
CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7
_____

I certify that I consulted with the Defendants attorney Daniel Hammond of the Office of the Massachusetts Attorney General.

_____
Richard Strahan, Plaintiff