UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN,<br><br>                Plaintiff,<br><br>v.<br><br>STEVEN R. PRITCHARD; COMMISSIONER DAVID PETERS; and DIRECTOR PAUL DIODATI,<br><br>                Defendants. | Civil Action No. 05-10140-NMG |

## PROVINCETOWN CENTER FOR COASTAL STUDIES MOTION TO QUASH

The Provincetown Center for Coastal Studies (the "Center") hereby moves to quash a subpoena purportedly served upon the Center by mail by plaintiff Richard Max Strahan on the grounds, inter alia, that the subpoena, a copy of which is attached hereto as Exhibit 1, is directly contrary to an order of the Court issued after a status conference in this matter held on November 3, 2006.

At the November 3, 2006 conference, the Court noted that discovery in this matter is closed and affirmed the order issued on October 7, 2005 by Magistrate Judge Sorokin, in which Magistrate Judge Sorokin found that the Center had fulfilled its discovery obligations under an earlier subpoena and that no further response was required. The Court ordered the Center to update the computerized database that it had provided Mr. Strahan in response to the earlier subpoena to incorporate information added to the database from October 7, 2005 to the present, but clearly stated that neither the Center nor any other entity would be required to provide any further documents to Mr. Strahan.

10194732.1

In accordance with the Court's November 3, 2006 order, the Center prepared computer disks containing the updated information that the Court had ordered the Center to provide. On November 9, 2006, counsel for the Center sent an e-mail to Mr. Strahan asking for an address to which the disks should be sent. Mr. Strahan responded the same day, but did not provide an address. He instead attached a copy of the schedule to his present subpoena, which is itself mislabeled as a subpoena, but did not enclose the subpoena itself. Counsel for the Center sent another e-mail on November 13, 2006, in which he again asked for an address and noted that the information contained on at least one of the disks was too voluminous to send by e-mail. Counsel for the Center also informed Mr. Strahan that in light of the Court's order of November 3, 2006, the Center would not be providing any information to Mr. Strahan pursuant to the purported subpoena. Mr. Strahan responded, but again did not provide an address for service of the disks. (The referenced e-mails are attached hereto as Exhibit 2.) Mr. Strahan has now indicated he plans to pick them up at the offices of the Center's counsel on the morning of November 16, 2006.

The documents attached as Exhibit 1 were received by the Center on November 14, 2006. Mr. Strahan indicated himself as the server of the subpoena, which was sent by mail. The service was therefore deficient under Fed. R. Civ. P. 45 and the subpoena should be quashed for that reason. More importantly, it should be quashed because it is barred by this Court's November 3, 2006 order.

## CONCLUSION

For the foregoing reasons, the Provincetown Center for Coastal Studies' Motion to quash should be allowed.

> Respectfully submitted,
>
> PROVINCETOWN CENTER FOR COASTAL STUDIES
>
> By its attorneys,
>
> /s/ *Gordon M. Jones, III*
> David M. Ryan (BBO No. 644037)
> Gordon M. Jones, III (BBO No. 549016)
> Amy R. George (BBO No. 629548)
> NIXON PEABODY LLP
> 100 Summer Street
> Boston, MA 02110
> 617-345-1000 (phone)
> 617-345-1300 (fax)

Dated: November 16, 2006

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

On November 13, 2006, I informed plaintiff Richard Max Strahan by e-mail that the Provincetown Center for Coastal Studies would not comply with any further subpoenas received from him in this matter because of the Court's order of November 3, 2006. Given the tenor of the Court's order, any further attempt to narrow the scope of the parties disagreement would have been futile.

> /s/ *Gordon M. Jones, III*
> Gordon M. Jones, III

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record and all parties proceeding pro se by hand on November 16, 2006.

> /s/ *Gordon M. Jones, III*
> Gordon M. Jones, III

**Exhibit 1**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Eastern Division of the DISTRICT OF Massachusetts

Richard Max Strahan

SUBPOENA IN A CIVIL CASE

v.

Ellen • Roy-Herzfelder et al.

Case Number: 05-10140-NMG

TO: Scott Landry
c/o Center for Coastal Studies
115 Bradford Street
Provincetown MA 02657

cc: Center for Coastal Studies
5 Holloway Avenue
Provincetown MA 02657

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached List

| PLACE Mass. Sierra Club, Rm 26, 100 Boylston Street, Boston MA | DATE AND TIME 16 Nov 06 at 10AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 11/9/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
United States District Court
Office of the Clerk
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

CMATH MCEWICZ
617-748-9158

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

|                          | PROOF OF SERVICE |                         |
|--------------------------|------------------|-------------------------|
| 11 NOV 06                |                  |                         |
| DATE                     |                  | PLACE                   |
| SERVED Scott Landry      |                  | VIA Tracked U.S. Mail   |
| SERVED ON (PRINT NAME)   |                  | MANNER OF SERVICE       |
|                          |                  | #0306 1070 0002 9423 0562 |
| Richard Max Strahan      |                  |                         |
| SERVED BY (PRINT NAME)   |                  | TITLE                   |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11 November 2006
                DATE

SIGNATURE OF SERVER

276 W. Portal Avenue #195
ADDRESS OF SERVER

San Francisco CA

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD MAX STRAHAN | ) | |
| | ) | Civil Action No. |
| *Plaintiff* | ) | |
| | ) | 05 – 10140 - NMG |
| v. | ) | |
| | ) | |
| ELLEN ROY HERZFELDER, *et al.* | ) | 8 November 2006 |
| | ) | |
| *Defendants* | ) | |

PLAINTIFF'S SUBPOENA FOR DOCUMENT PRODUCTION TO SCOTT LANDRY AND THE CENTER FOR COASTAL STUDIES

Pursuant to Rule 34 and 45 of the fed. R. Civ. Proc. the following documents are requested for production from Scott Lander and the Center for Coastal Studies ("CCS") by 16 November 2006 at 10 AM at the office of the Massachusetts Sierra Club, 100 Boylston Street, Boston MA in order that they might be copied by the Plaintiff. If the said documents are forwarded to the Plaintiff via the Internet to esistoo@yahoo.com as PDF files and/or DBF4 files prior to 16 November 2006, then they do not have to be made available at the scheduled date and time.

By "documents" the term is used to include all manner of media used to communicate ideas, information, and/or all other forms of information. "Document" includes – but not exclusively – E-mails, correspondence, reports, pictures, images, videotape recordings, audio tape recordings, photo copies, etc.

This subpoena seeks all relevant documents concerning the following reported entanglements of wildlife in fishing gear, including the results of investigations to determine the licnesed owner of said fishing gear and the name of the government agency – state or federal – that licensed the entangling fishing gear.

### Requested Documents

1.  A developed computer database – possibly maintained in Microsoft Access -- containing records concerning incidents of entanglements of whales in fishing gear and reports of whales in distress, confirmed and un-confirmed. This database contains records of more that 100 fields for each record. Upon information and belief, it is maintained by Scott Landry.

Subpoena to Scott Landor 8 November 2006                                                                                               2

.2.    Reports received from any source of whales and sea turtles in some state of distress for the year 2005 as summarized below from the CCS web site --

> "In 2005, the Atlantic Large Whale Disentanglement Network (ALDWN) received 97 reports of entangled marine animals from the Gulf of Maine to Florida. These reports included live and dead whales, seals, sea turtles and sharks. ALDWN members confirmed that 22 of these reports involved live entangled baleen whales: 11 right whales and 11 humpback whales, including four right whales reported in previous years that continued to survive their with their entanglements. Network members mounted 44 at-sea and aerial operations to document and assess these entanglement cases or to attempt disentanglement. Ultimately, Network members removed gear from one right whale and five humpbacks."

3.    Reports received from any source of whales and sea turtles in some state of distress for the year 2004 as summarized below from the CCS web site --

> "A number of conditions during 2004 made for an unusual Atlantic Large Whale Disentanglement Network season. By year's end the number of confirmed reports of entangled whales was lower than in the previous five years. The most reasonable explanation for this is that lower overall numbers of whales of all species were seen in their typical inshore Gulf of Maine ranges. Massachusetts Bay generally had few humpback whales throughout the summer. In the northern Gulf of Maine considerable fog and wind created very poor sighting conditions until late in the season. Furthermore, aggregations of right whales did not appear in the Bay of Fundy until September, when sampling opportunities were less frequent. All told, 54 reports were called into the Network, and 22 of these reports were verified as entangled animals (17 whales, 5 turtles and basking sharks)."

4.    Reports received from any source of whales and sea turtles in some state of distress for the year 2003 as summarized below from the CCS web site --

> "In 2003 over 78 sightings of entangled, dead, injured or out-of-habitat animals were phoned in to the Network hotline, with calls coming in from the Bay of Fundy, the Gulf of Maine, southern New England, the Mid-Atlantic and the Southeast Coast. These calls represented 34 verified cases of entangled large whales, including 20 humpbacks and 9 right whales. Network members mounted 23 on-water responses in these cases. By year's end, life-threatening gear was removed from 12 individual whales, including one right whale. From January through mid-May the Network received 11 verified reports of entangled right whales representing seven individuals, including four whales that had originally been reported as entangled in 2002 (Piper, 3210, 3120 and 1424). Five operations were mounted in support of these cases, in Florida and the Gulf of Maine, but in all of these attempts the animals were not disentangled or tagged due to animal evasiveness, time of day or a lack of standby support. Southeast Coast Network members that completed the apprenticeship program in 2002 documented three of these animals as well as an emaciated right whale with evidence of fresh

entanglement scars. The next wave of sightings started in late-June and lasted until the end of August, with 25 verified entanglement reports, representing live and dead minkes (2 individuals), finbacks (1), humpbacks (16) and right whales (3). The sources of these reports and subsequent disentanglement support represent the full diversity of Network participation: aerial surveys; a research blimp; commercial fishermen; shipboard research cruises; whale watches; the U.S. and Canadian Coast Guards; and recreational boaters."

### Documents of Entangled Sea Turtles in Cape Cod Bay in 2004

5.  Documents of Sea Turtles entangled in fishing gear in New England coastal waters as reported on the CCS web site in the following manner

   A.  On June 29: a group of kids fishing from the beach at Long Point, Provincetown reported an animal towing gear just offshore. With the help of the Provincetown Harbormaster the PCCS team found a large leatherback towing a buoy and line that was wrapped around the neck and at least one flipper.

   B.  On August 2: a lobsterman reported an entangled turtle off Wellfleet, Cape Cod Bay. At least one lobster trap, a buoy, and a buoy line was wrapped around its neck and both fore flippers.

   C.  On September 8: a lobsterman reported an entangled turtle to the U.S. Coast Guard. This especially large individual was anchored by two sets of gear with wraps of line around its neck and one flipper.

   D.  On September 13: a beachgoer in Sandwich, Cape Cod, reported an animal wallowing in gear just offshore. Personnel from the local Coast Guard station and from the Cape Cod Stranding Network verified the report and stood by a large turtle anchored in gear.

### Offer for Burden Reduction on Subpoenaed Parties

The Plaintiff is glad to discuss the supplying of the requested documents to minimize the burden on the affected parties.

In Peace,

Richard Max Strahan
Whale Safe USA
617.233.3854

**Exhibit 2**

Case 1:05-cv-10140-NMG   Document 118-3   Filed 11/16/2006   Page 1 of 9

## Jones, Gordon

**From:** Jones, Gordon
**Sent:** Thursday, November 09, 2006 12:07 PM
**To:** 'esistoo@yahoo.com'
**Subject:** Updated information from the Center for Coastal Studies

Dear Mr. Strahan: Please let me know where you would like me to send the disks containing the updated information that Judge Gorton ordered the Center for Coastal Studies to provide at the status conference last week. Once I get the address, I will send the disks to you by overnight mail. Thank you. Gordon Jones

11/15/2006

## Jones, Gordon

**From:** esistoo@yahoo.com
**Sent:** Thursday, November 09, 2006 4:17 PM
**To:** Jones, Gordon
**Subject:** Subpoena for Scot Landry and Center for Coastal Studies

**Attachments:** 2556942421-Landry_Subpoena.pdf



Landry_Subpoena.
pdf (13 KB)

```
              9 November 2006

   To: Gordon jones
       Nixon and Peabody
       Boston MA

   Attention:

   Attached is a copy of a subpoena I sent the Center
of Coastal Studies today. The records requested are
NOT published on CCS' web site or its "super secret"
web site which I regularly inspect. The "database" I
request is an actual computer file that is most likely
formatted by a computer program called Microsoft
Access. This is not a web based product. I intend to
submit this database into the record of the court on
17 November 2006. Since Scott Landry maintains this
document, I will submit it by his verification under
the rules of evidence.

   The records of reports to CCS of whales in distress
are sent to CCS and are also not found on their web
site.

   The requested documents concerning sea turtles
entangled in fishing gear are also not found on these
two web sites.

     In Peace,

     Richard max Strahan



--- "Jones, Gordon" <gmjones@nixonpeabody.com> wrote:

> Dear Mr. Strahan: Please let me know where you would
> like me to send the
> disks containing the updated information that Judge
> Gorton ordered the
> Center for Coastal Studies to provide at the status
> conference last
> week. Once I get the address, I will send the disks
> to you by overnight
> mail. Thank you. Gordon Jones
>
```

```
Do you Yahoo!?
Everyone is raving about the all-new Yahoo! Mail beta.
http://new.mail.yahoo.com
```

# Jones, Gordon

**From:** Jones, Gordon
**Sent:** Monday, November 13, 2006 10:53 AM
**To:** 'esistoo@yahoo.com'
**Subject:** RE: Subpoena for Scot Landry and Center for Coastal Studies

Mr. Strahan: I am still waiting for an address to which I should send the updated information from the Center for Coastal Studies. I am told by our IT department that the information is too voluminous to send by e-mail. Please be advised that, despite your "subpoena", in accordance with Judge Gorton's order at the status conference on November 3, 2006, this is the only additional information that Scott Landry or the Center for Coastal Studies will provide in advance of the hearing on November 17, 2006. If you have a problem with that, you can raise it with the Court at the hearing. Gordon Jones

-----Original Message-----
From: esistoo@yahoo.com [mailto:esistoo@yahoo.com]
Sent: Thursday, November 09, 2006 4:17 PM
To: Jones, Gordon
Subject: Subpoena for Scot Landry and Center for Coastal Studies

9 November 2006

To: Gordon jones
    Nixon and Peabody
    Boston MA

Attention:

Attached is a copy of a subpoena I sent the Center of Coastal Studies today. The records requested are NOT published on CCS' web site or its "super secret" web site which I regularly inspect. The "database" I request is an actual computer file that is most likely formatted by a computer program called Microsoft Access. This is not a web based product. I intend to submit this database into the record of the court on 17 November 2006. Since Scott Landry maintains this document, I will submit it by his verification under the rules of evidence.

The records of reports to CCS of whales in distress are sent to CCS and are also not found on their web site.

The requested documents concerning sea turtles entangled in fishing gear are also not found on these two web sites.

In Peace,

Richard max Strahan


--- "Jones, Gordon" <gmjones@nixonpeabody.com> wrote:

> Dear Mr. Strahan: Please let me know where you would
> like me to send the
> disks containing the updated information that Judge
> Gorton ordered the
> Center for Coastal Studies to provide at the status
> conference last
> week. Once I get the address, I will send the disks

1

```
> to you by overnight
> mail. Thank you. Gordon Jones
>
```

---

Do you Yahoo!?
Everyone is raving about the all-new Yahoo! Mail beta.
http://new.mail.yahoo.com

2

## Jones, Gordon

| | |
|---|---|
| **From:** | esistoo@yahoo.com |
| **Sent:** | Monday, November 13, 2006 6:41 PM |
| **To:** | Jones, Gordon; sclandry@coastalstudies.org |
| **Subject:** | RE: Subpoena for Scot Landry and Center for Coastal Studies |

```
   13 November 2006

   To: Gordon Jones
       Nixon and Peabody

   Re: Strahan v. Herzfelder: Subpoena to CCS

   Mr. Gordon,

   I am sad that once again you and CCS have
deliberately chosen to disobey a Court issued
subpoena, which is a contemptuous act.

   The court has issued no order that allows CCS to
ignore further subpoenas as a matter of course. The
items requested in the Subpoena are in the possession
of Landry and CCS, are not found on any CCS web site,
and is evidentiary to the case at hand.

   This is simply another further example of CCS
attempting to aid the Defendants, its business
partner, to evade the enforcement of law.

   I strongly advise you to supply the requested
documents and allow these documents to be submitted
into evidence in order for the Court to be able to do
the right thing in protecting whales.

   I will be filing a request for a show cause hearing
to find Landry and CCS in contempt of the Court's
written subpoena order.

   In Peace,

   Richard Max Strahan
   617.233.3854

--- "Jones, Gordon" <gmjones@nixonpeabody.com> wrote:

> Mr. Strahan: I am still waiting for an address to
> which I should send
> the updated information from the Center for Coastal
> Studies. I am told
> by our IT department that the information is too
> voluminous to send by
> e-mail. Please be advised that, despite your
> "subpoena", in accordance
> with Judge Gorton's order at the status conference
> on November 3, 2006,
> this is the only additional information that Scott
> Landry or the Center
> for Coastal Studies will provide in advance of the
> hearing on November
> 17, 2006. If you have a problem with that, you can
> raise it with the
> Court at the hearing. Gordon Jones
```

1

```
>
> -----Original Message-----
> From: esistoo@yahoo.com [mailto:esistoo@yahoo.com]
> Sent: Thursday, November 09, 2006 4:17 PM
> To: Jones, Gordon
> Subject: Subpoena for Scot Landry and Center for
> Coastal Studies
>
>    9 November 2006
>
>    To: Gordon jones
>        Nixon and Peabody
>        Boston MA
>
>    Attention:
>
>    Attached is a copy of a subpoena I sent the Center
> of Coastal Studies today. The records requested are
> NOT published on CCS' web site or its "super secret"
> web site which I regularly inspect. The "database" I
> request is an actual computer file that is most
> likely
> formatted by a computer program called Microsoft
> Access. This is not a web based product. I intend to
> submit this database into the record of the court on
> 17 November 2006. Since Scott Landry maintains this
> document, I will submit it by his verification under
> the rules of evidence.
>
>  The records of reports to CCS of whales in distress
> are sent to CCS and are also not found on their web
> site.
>
>  The requested documents concerning sea turtles
> entangled in fishing gear are also not found on
> these
> two web sites.
>
>    In Peace,
>
>   Richard max Strahan
>
>
>
> --- "Jones, Gordon" <gmjones@nixonpeabody.com>
> wrote:
>
> > Dear Mr. Strahan: Please let me know where you
> would
> > like me to send the
> > disks containing the updated information that
> Judge
> > Gorton ordered the
> > Center for Coastal Studies to provide at the
> status
> > conference last
> > week. Once I get the address, I will send the
> disks
> > to you by overnight
> > mail. Thank you. Gordon Jones
> >
>
>
>
>
> _____
> _____
```

2

```
> Do you Yahoo!?
> Everyone is raving about the all-new Yahoo! Mail
> beta.
> http://new.mail.yahoo.com
>
>
>
```

---

Cheap talk?
Check out Yahoo! Messenger's low PC-to-Phone call rates.
http://voice.yahoo.com

3