UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD MAX STRAHAN,**            ) | |
|                                                             ) | |
|             **Plaintiff,**                           ) | Civil Action No. |
|                                                             ) | |
| v.                                                        ) | 05-10140-NMG |
|                                                             ) | |
| **ELLEN ROY-HERZFELDER,** *et al.*,   ) | |
|                                                             ) | |
|             **Defendants.**                     ) | |
| _____) | |

### NATIONAL MARINE FISHERIES SERVICE'S NOTICE REGARDING SUBPOENA OF RICHARD PACE

The National Marine Fisheries Service ("NMFS"), a non-party to the above-captioned case, by and through its undersigned attorneys, respectfully submits the following notice regarding the evidentiary hearing commenced on November 17, 2006, and scheduled to continue on November 27, 2006. Plaintiff, Richard Max Strahan, has sent a subpoena requesting that Richard Pace, a NMFS research biologist, appear to provide testimony. NMFS states as follows:

1.  Department of Commerce regulations set forth procedures for the demand for testimony or production of documents. These procedures include a requirement that (1) the demand be addressed to the Department of Commerce General Counsel, or appropriate agency counsel; and (2) every demand shall be accompanied by an affidavit or declaration under 28 U.S.C. [§] 1746 or, if an affidavit is not feasible, a statement setting forth the title of the legal proceeding, the forum, the requesting party's interest in the legal proceeding, the reason for the demand, a showing that the desired testimony is not reasonably available from any other source, and if testimony is requested, the intended use of the testimony, a general summary of the desired testimony, and a showing that no document could be provided and used in lieu of testimony. 15 C.F.R. §15.14. Plaintiff has not

    followed the procedures described above. However, in the spirit of cooperation, and to allow this *pro se* plaintiff to have his day in court, NMFS has produced documents in response to Plaintiff's August 16, 2006, subpoena. [1]

2.     The regulations also set forth limits as to the scope of testimony of Department of Commerce employees who provide testimony in a legal proceeding not involving the United States. Among other things, the regulations provide that "[e]mployees ... shall not provide expert testimony in any legal proceedings regarding Department information, subjects or activities except on behalf of the United States or a party represented by the United States Department of Justice." 15 C.F.R. § 15.16(a). Indeed, the regulations state that "[i]f , while testifying in any legal proceeding, an employee is asked for expert or opinion testimony regarding official DOC information, subjects or activities, which testimony has not been approved in advance in accordance with the regulations in this subpart" the regulations <u>require</u> the Department of Commerce employee to "[r]espectfully decline to answer on the grounds that such expert or opinion testimony is forbidden by the regulations in this subpart." <u>Id.</u> at § 15.16(b)(1)(i).

3.     Accordingly, NMFS provides this notice to alert Plaintiff, as well as the Court, of the existence of these regulations, which restrict the scope and subjects of the testimony that may be elicited during the November 27, 2006 continuation of Plaintiff's evidentiary hearing. <u>See</u>, <u>United States</u> *ex rel.* <u>Touhy v. Ragen</u>, 340 U.S. 462, 467-70 (1951); <u>Boron</u>

---

[1] Plaintiff's November 11, 2006 subpoena similarly did not comply with the applicable regulations. However, pursuant to this Court's order on NMFS's motion to quash that subpoena, on November 21, 2006, NMFS provided Plaintiff with unredacted photographs of the gear identified in subpoena request #1, as well as a copy of the incident report for the August 2, 2006, entanglement.

<u>Oil Co. v. Downie</u>, 873 F.2d 67, 69-70 (4th Cir. 1989) (citing cases).

Respectfully submitted this 22nd day of November, 2006.

        MICHAEL J. SULLIVAN, United States Attorney
        ANTON GIEDT, Assistant United States Attorney

        SUE ELLEN WOOLDRIDGE, Assistant Attorney General
        United States Department of Justice
        Environment and Natural Resources Division
        JEAN E. WILLIAMS, Chief
        SETH M. BARSKY, Assistant Chief

By:        /s/__S. Jay Govindan_____
        S. JAY GOVINDAN, Trial Attorney
        United States Department of Justice
        Environment and Natural Resources Division
        Wildlife and Marine Resources Section