UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 05 – 10140 - NMG |
| ELLEN ROY-HERZFELDER, *et al.* ) | |
| ) | 25 November 2006 |
| *Defendants* ) | |

_____

PLAINTIFF'S OPPOSITION TO THE NEW ENGLAND LEGAL FOUNDATION – AN AGENT OF THE DEFENDANTS — FROM *AMICUS CURIAE* INTERVENTION
_____

The Plaintiff — Richard Max Strahan — OPPOSES The "New England Law Foundation's motion for leave to file an *amicus curiae* brief ("Amicus Motion") with the Court and to file numerous offered "studies" into the record as a result of the Court granting the Amicus Motion. The Amicus Motion is a thinly veiled attempt by the New England Legal Foundation ("NELF") to intervene into the instant civil action by posing as an *amicus curiae*. The NELF makes this untimely request to intervene into the instant proceedings by posing as an *amicus curiae* seeking to allegedly present alternative legal theories not advanced by the parties in order to provide for the full consieration by the Court of all possible issue associated with the instant action. In reality the NELF offers opinions to the that are identical to that already offered by the Defendants — simply that it is "bad for business" if the Court chose to enforce the take prohibitions of the Endangered Species Act as requested by Strahan. Wow! Where have we heard that one before? I am sure the Court has already heard all of the tired and intellectually deficient arguments advanced by the NELF.

Ultimately the Amicus Motion cannot be granted because it is completely untimely. Discovery in the instant action has been ordered closed by the Court. Strahan has asked the Court several times to extend discovery and the Court has denied these requests. The NELF seeks to introduce into the record numerous professed "studies" arguing that a negative impact on New England "culture" will ensue if commercial fishing is in any way impaired — including by a court enforcing federal prohibitions against the killing and injuring of endangered species. Since discovery is closed, Strahan has no meaningful opportunity to challenge the assertions of these phony studies. Strahan's prosecution of his claims against the Defendants will be extremely prejudiced if the Court grants the Amicus Motion. Strahan is financially poor, so even if the Court allowed discovery to impeach these said studies, Strahan's prosecution of his claims would be fatally impaired form the drain on his limited legal resources in being required to actually address the completely biased and unprofessional propaganda that NELS is attempting to place into the record. It offers them as as unbiased "studies" instead of what they are — anti-environmental propaganda.

The Defendants are advocating the exact same position as offered by the NELS. Their only pitch to the Court to not enjoin their admitted to unlawful killing of whales in their fishing gear is that doing so will be bad for business. Therefore, the Defendants are fully capable of presenting these same arguments to the Court without the duplicity offered by the NELS. They already have done so. In point of fact, Strahan claims that the NELS is an agent of the Defendants, who are using NELS in order that they may present extremist anti-environmental arguments to the Court while allowing the attorney general and other state employees to maintain the appearance of being pro-environment, which they are not. If the NELS wants their studies

introduced into the record, it is just a matter of them offering them to the Defendants for their filing with the Court. I am sure that they would do so if asked.

Strahan maintains that the legal arguments offered by NELS — and previously by the Defendants — are wrong and so add nothing to the Court's ability to meaningfully adjudicate Strahan's ESA claims against the Defendants. The position NELF asserts in its memo in support of the Amicus Motion that the Court is under no legal obligation to enjoin the Defendant's commercial fishing activities just because they "kill a few whales," has no basis in law. In point of fact, it is the prevailing view of the First Circuit that the killing of a single member of an endangered species compels a court to grant injunctive relief. See *See Strahan v. Coxe*, 939 F. Supp. 963, (D. Mass 1996), aff'd in part and vacated in part, 127 F. 3d 155 (1st Cir. 1997) cert. denied 525 U. S. 978 (1998) —

> "Whether the actual number is higher than the three known to be directly due to Massachusetts-permitted fishing gear is immaterial because "there are so few right whales that every one that dies represents a significant reduction in the available gene pool necessary to assure viability of the species." (Mattila Aff. ¶ 13.) In addition, I note that the ESA "does not distinguish between a taking of the whole species or only one member of the species. Any taking and every taking--even of a single individual of the protected species--is prohibited by the Act." *Loggerhead Turtle*, 896 F.Supp. at 1180 (citing 16 U.S.C. § 1538). The First Circuit also impliedly recognized this point in American Bald Eagle. There, the First Circuit found that there was "no evidence that any eagles at Quabbin actually ingested lead slug or that any eagles ate deer carrion containing lead slug." *American Bald Eagle v. Bhatti*, 9 F.3d 163, 166 (1st Cir.1993) (emphasis added). The First Circuit's rejection of the statement "that a one in a million risk of harm is sufficient to trigger the protections of the ESA" is not to the contrary. The issue there was the risk of future harm to an endangered species and the absence of any evidence of actual harm." *Id*. n. 37.

The only other argument offered NELF is also totally wrong. The NELS argues that the Court can take into consideration the economic impact of its enjoining the unlawful killing of endangered whales by the Defendants. This is completely wrong. A court's enforcement of a prohibition at law has no equitable component. No one can any more argue that they should be

able to kill an endangered animal without a permit than they can argue that they can go fishing without a permit. There is neither an economic or spiritual reason for a court to allow a person to violate a legal prohibition based on the economic hardship that follows compliance. The Court would violate the constitutionally protected "separation of powers" if it nullified a legislative imposed prohibition for reasons it alone felt compelling. The Court "cannot go there."

If the Court makes the unfortunate choice of allowing the Amicus Motion, Strahan expects the Court to reopen discovery and allow him several months in order to conduct discovery against the NELS and the Defendants in order to be able to impeach the propaganda studies the NELS seeks to enter into the Court's record.

For the above reasons the Plaintiff the Court to DENY the Amicus Motion.

BY:

_____
Richard Max Strahan, Plaintiff
236 West Portal Avenue, #195
San Francisco CA 94127
617.233.3854

*Pro Se and Proud!*

_____
CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7
_____

I certify that I consulted with the Defendants attorney Daniel Hammond of the Office of the Massachusetts Attorney General on my opposition to NELS intervention.

_____
Richard Strahan, Plaintiff

_____

CERTIFICATION OF SERVICE

_____

I hereby certify that a copy of this motion has been served VIA ECF server on all parties on 25 November 2006.

_____
Richard Strahan, Plaintiff