UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD MAX STRAHAN | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 05 – 10140 - NMG |
| SECRETARY, MASSACHUSETTS EXECUTIVE | ) | |
| OFFICE OF ENVIRONMENTAL AFFAIRS[1], *et al.* | ) | |
| | ) | 31 January 2007 |
| *Defendants* | ) | |

_____

PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S DECISION ON HIS
MOTION FOR A PRELIMINARY INJUNCTION AND ORDER TO STAY PROCEEDINGS
_____

Citizen-Prosecutor Richard Max Strahan moves the Court pursuant to Rule 59(e) of the

Fed. R. Civ. Proc. to reconsider its 24 January 2007 decision on Strahan's motion for a

preliminary injunction. Strahan is also moving the Court to reconsider its other order ("order")

that it issued on 24 January 2007 *sua sponte* to stay the proceedings for two years.

I.      Strahan requests that the Court to amend its 24 January 2007 order by additionally

ordering that —

      a.      The Defendants require the tagging by their licensed commercial fisherman of the

vertical buoy lines and lobster pots in the lobster pot fishery in order to identify

their fishing gear as being licensed by Massachusetts;

_____

[1] The original named defendant Ellen Roy-Herzfelder has subsequently left her employment as
the Secretary of the Massachusetts Executive Office of Environmental Affairs and was replaced
subsequently by first one and then another person.  For consistency, Strahan has adopted the
current caption for his civil action.

b.    The Defendants to require the tagging of the vertical buoy lines, top lines and

panels in the Defendants' licensed and regulated commercial fisheries using Gill

Net in order to identify their fishing gear as being licensed by Massachusetts.

c.    Allow Strahan to conduct limited discovery to obtain records and reports

concerning possible entanglement of whales in commercial fishing gear including

sightings of entangled whales and the deployment of commercial fishing gear in

coastal waters.

d.    Order the Defendants to only license after 1 August 2007 the deployment of Fixed

Fix Gear in United States coastal waters that is Whale Safe and will not entangle

Federally Protected Whales in its vertical buoy lines and other aspects of its gear

positioned above the sea floor.

Strahan claims to the Court that without the opportunity for discovery there is no

effective way of obtaining information on whales records of whales sighted entangled in fishing

gear that are currently available or that will be generated over the course of the next two years.

Unless the Court grants his requested relief, Strahan will in no way be able to effectively

participate in any required status conference by the Court. He will have no information to offer

the Court.

II.    Strahan also requests pursuant to Rule 59(e) that the Court revoke its 24 January 2007

*sua sponte* stay of the proceedings and to afford him the opportunity to seek summary

judgment and/or a trial on the merits on his claims for injunctive relief.  Strahan claims

that the this Order —

    1.    Violates his constitutional due process rights for the opportunity to oppose and

present argument against any order inflicting restraints on his ability to prosecute

his claims against the Defendants.

    2.    Violates his constitutional right to seek injunctive relief from the Court.

    3.    Subjects him to ongoing irreparable harm from the Defendants that will prevent

him from obtaining any meaningful injunctive relief from the Court in the future.

    4.    Poses as an unlawful attempt by the Court to consolidate Straahan's request for

preliminary injunctive relief as a final judgment on the merits denying his

Complaint's request for a permanent injunctive relief against the Defendants.

In support of this motion Strahan intends to file two affidavits in support of the instant

motion and that offers expert testimony on the efficacy of current available methods of tagging

fishing lines and nets that is economical. Strahan also intends to file a memorandum of law and

fact in support of the instant motion. He asks the Court for leave to do so outside the ten-day

limit imposed by Rule 759(e) and no later than 14 February 2007 as his lack of legal resources

has prevented him from acting more promptly.

For the above reasons the Plaintiff asks the Court to GRANT his requested relief. .

BY:

_____
Richard Max Strahan, Plaintiff
236 West Portal Avenue, #195
San Francisco, CA
617.233.3854

*Pro Se and Proud!*

_____

CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7.1
_____

I certify that I consulted with the attorney for the Defendants on the issue of the Court
issuing me the relief requested in the instant motion.

_____
Richard Max Strahan, Plaintiff

_____

CERTIFICATION OF SERVICE
_____

I hereby certify that a copy of the above document has been served on the defendants
VIA ECF on 31 January 2007. .

_____
Richard Max Strahan, Plaintiff