UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 05 – 10140 - NMG |
| SECRETARY, MASSACHUSETTS EXECUTIVE ) | |
| OFFICE OF ENVIRONMENTAL AFFAIRS[1], *et al.* ) | |
| ) | 1 April 2007 |
| *Defendants* ) | |

_____

PLAINTIFF'S MOTION FOR THE COURT TO ISSUE HIM SUBPOENAS FOR THE
PURPOSES OF GATHERING INFORMATION ON CURRENT ENTANGLEMENTS OF
ENDANGERED WHALES IN FISHING GEAR
_____

Citizen-Prosecutor Richard Max Strahan moves the Court to issue him subpoenas to be served on the National Oceanographic and Atmospheric Agency in Woods Hole MA and the Center for Coast Studies in Provincetown MA in order to investigate recent incidents of endangered whales being sighted entangled in commercial fishing gear. It is Strahan's belief that these entanglements and deaths are caused by commercial fishermen licensed by the Defendants. The agents of NOAA and CCS have exclusive custody of all relevant information concerning the Recent Whale Entanglements. They have both refused Strahan's request to be given access to the said information in their possession. Upon information and belief, NOAA and CCS are business partners of the Defendants and are deliberately withholding information on these entanglements from Strahan deliberately to impair Strahan's ability to prosecute his claims against the Defendants. Information related to these incidents of entanglements is subject to being lost over

---

[1] The original named defendant Ellen Roy-Herzfelder has subsequently left her employment as the Secretary of the Massachusetts Executive Office of Environmental Affairs and was replaced subsequently by first one and then another person. For consistency, Strahan has adopted the current caption for his civil action.

Case 1:05-cv-10140-NMG   Document 137   Filed 04/01/2007   Page 2 of 4

*Strahan v. Secretary, Massachusetts EOEA*, 05-10140-NMG (D. Mass. 2005): 1 April 2007 Plaintiff's Motion to be Issued Subpoenas

2

time. Strahan will lose any ability to meaningfully investigate these incidents unless he is allowed to immediately conduct discovery and serve the requested subpoenas on NOAA and CCS. Strahan also asserts that NOAA and the CCS are expected to either destroy or corrupt the information of these said entanglements in their possession in order to prevent it being used to enforce the prohibitions of the ESA against the Defendants and others by Strahan. In support of the instant motion, Strahan concurrently files his 31 March 2007 "Affidavit of Richard Max Strahan."

Strahan must be allowed to continue to conduct discovery despite the Court's imposing a stay on the proceedings. He needs to do so in order to establish the factual basis for his claims against the Defendants in order to be able to meaningfully prosecute his claims against them in the future. The Court's continued refusal to allow Strahan to currently conduct timely discovery relevant to his claims fatally impairs his ability to adequately investigate incidents of ongoing whale entanglements and to able to meaningfully document them. In short, the Court's current refusal to allow Strahan to conduct discovery can only be construed as a deliberate attempt by it to stop Strahan from successfully prosecuting his claims against the Defendants

In its 24 January 2007 order ("Order") the Court stayed the proceedings but stated that this was to allow for a monitoring of ongoing entanglements of endangered whales off the coast. In its Order it stated —

> "Consistent with the equitable powers conferred by 16 U. S. C. § 1540(g)(1), the Court will enter an order that will *ensure* [emphasis added] the temporary *monitoring* [emphasis added] of the threat posed to endangered whales by fixed fishing gear without unduly disrupting the commercial fishing industry. "

Obviously there is no way for the Court to *monitor* the current entanglement of whales in commercial fishing gear unless Strahan is allowed to subpoena relevant information from non-parties who are in exclusive possession of it and refuse to share it with Strahan — in part because

Case 1:05-cv-10140-NMG    Document 137    Filed 04/01/2007    Page 3 of 4

*Strahan v. Secretary, Massachusetts EOEA,* 05-10140-NMG (D. Mass. 2005): 1 April 2007 Plaintiff's Motion to be Issued Subpoenas

3

they oppose the instant action against the Defendants and want Strahan to fail in his prosecution of the Defendants. To "*ensure* [emphasis added] the temporary *monitoring* [emphasis added] of the threat posed to endangered whales by fixed fishing gear" the Court must allow Strahan to immediately subpoena the requested records from NOAA and CCS.

It is also obvious that Strahan cannot in any way, shape or form meaningfully participate in any future status conference in these proceedings without being able to obtain updated information on whale entanglements through continuing discovery efforts. This information is solely in the custody of the Defendants and other parties — like NOAA and CCS — hostile to his prosecution of his claims against the Defendants Unless Strahan is granted his requested relief, he will be denied by the Court any ability to further prosecute his claims against the Defendants.

For the above reasons the Plaintiff asks the Court to GRANT his requested relief. .

BY:
_____
Richard Max Strahan, Plaintiff
236 West Portal Avenue, #195
San Francisco, CA
617.233.3854

*Pro Se and Proud!*

Case 1:05-cv-10140-NMG    Document 137    Filed 04/01/2007    Page 4 of 4

*Strahan v. Secretary, Massachusetts EOEA,* 05-10140-NMG (D. Mass. 2005): 1 April 2007 Plaintiff's Motion to be Issued Subpoenas     4

_____

### CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7.1
_____

I certify that I consulted with the attorney for the Defendants on the issue of the Court issuing me the relief requested in the instant motion.

_____
Richard Max Strahan, Plaintiff

_____

### CERTIFICATION OF SERVICE
_____

I hereby certify that a copy of the above document has been served on the defendants VIA ECF on 1 April 2007.

_____
Richard Max Strahan, Plaintiff