UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD MAX STRAHAN,**    ) | |
| ) | |
| Plaintiff,    ) | Civil Action No. |
| ) | |
| v.    ) | 05-10140-NMG |
| ) | |
| **STEVEN PRITCHARD,** *et al.*,    ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

NATIONAL MARINE FISHERIES SERVICE'S
RESPONSE TO PLAINTIFF'S MOTION FOR SUBPOENAS

The National Marine Fisheries Service ("NMFS") by and through its undersigned attorneys, respectfully submits the following response to Plaintiff's "Motion for the Court to Issue Him Subpoenas for the Purposes of Gathering Information on Current Entanglements of Endangered Whales in Fishing Gear" (Docket #137) (hereinafter "Motion for Subpoenas").

On January 24, 2007, this Court issued an order denying Plaintiff's motion for a preliminary injunction and staying the proceedings for a period of two years. The Order required that the parties[1] submit periodic status reports informing the Court of, among other things, any recent whale entanglements, any changes in state licensing procedures, as well as any advances in whale-safe technology.[2]

---

[1] The named defendants in this case are the Secretary of the Massachusetts Executive Office of Environmental Affairs, the Commissioner of the Massachusetts Department of Fish and Game, and the Director of the Massachusetts Division of Marine Fisheries. The National Marine Fisheries Service is not a party.

[2] The status reports are due on October 1, 2007, July 1, 2008, and February 1, 2009. (Docket # 132 at 24).

On March 5, 2007, Plaintiff sent a request under the Freedom of Information Act ("FOIA") to NMFS, requesting information pertaining to whale entanglements. NMFS's FOIA coordinator responded by letter dated March 6, 2007, advising Plaintiff that he needed to satisfy his outstanding obligations from a previous FOIA request before the new request would be addressed. Specifically, Plaintiff had failed to pay a bill for $236.06, including interest, for previous FOIA requests. 15 C.F.R. 4.11(i)(3),

Plaintiff subsequently emailed NMFS on March 19, 2007, and again on March 31, 2007, demanding the same information described in his FOIA request. In response, on April 3, 2007 NMFS's Assistant Regional Administrator for Protected Resources, Mary Colligan, sent a letter advising Plaintiff that the agency could not provide documents responsive to his request until he satisfied his outstanding obligations under FOIA, referencing the March 6 letter. (Ms. Colligan's April 3, 2007 response letter, with attachments, are submitted collectively as Exhibit 1).

Plaintiff is essentially trying to sidestep FOIA procedures (including his debt) by seeking an order compelling a non-party to produce documents which he has failed to obtain through the proper avenues. To the extent that Plaintiff requires information regarding entanglements, he can certainly obtain the information through FOIA, once he satisfies his obligations. The Court should not facilitate Plaintiff's effort to circumvent his FOIA obligations by granting Plaintiff's instant motion for subpoenas. Of course, the parties to the litigation are required to provide the Court with information regarding entanglements in the course of the scheduled status reports which are required by the January 24, 2007 order. The first such report is due on October 1, 2007. Given the fact that Plaintiff has other avenues available to him to obtain the information

he desires (provided that he complies with the applicable rules), the Court should deny his

request for subpoenas.[3/]

  Respectfully submitted this 16th day of April, 2007.

        MICHAEL J. SULLIVAN, United States Attorney
        ANTON GIEDT, Assistant United States Attorney

        MATTHEW J. McKEOWN, Acting Assistant Attorney General
        United States Department of Justice
        Environment and Natural Resources Division
        JEAN E. WILLIAMS, Chief
        SETH M. BARSKY, Assistant Chief

By:       /s/ *S. Jay Govindan*
        S. JAY GOVINDAN, Trial Attorney
        United States Department of Justice
        Environment and Natural Resources Division
        Wildlife and Marine Resources Section
        Benjamin Franklin Station, P.O. Box 7369
        Washington, D.C. 20044-7369
        Telephone: (202) 305-0237
        Facsimile: (202) 305-0275

        Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

  I hereby certify that on this 16th day of April, 2007, a copy of the foregoing Response was

---

[3/] Indeed, Plaintiff has previously represented to the Court that he required data from NMFS for purely "informational" purposes. During the course of the evidentiary hearing on Plaintiff's motion for preliminary injunction, Plaintiff requested, and the Court ordered, NMFS to provide the name of a fisherman in whose gear a whale was entangled (NMFS had offered to produce an incident report with the fisherman's name and personal information redacted, in an effort to protect the fisherman's privacy rights and so as not to subject the individual or his family to harassment). Plaintiff indicated that he needed the information to further his own discovery efforts in the context of this case, and assured the Court that he would treat the fisherman with all due respect. As indicated in the newspaper article attached hereto as Exhibit 2, after the Court ordered NMFS to reveal the fisherman's identity, Plaintiff filed a $1.1 million lawsuit against him.

filed via the Court's ECF system, which automatically forwards service copies to:

Richard Max Strahan
928 Dorchester Avenue, #5
Boston, MA 02125

Daniel J. Hammond
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108

                                             _/s/_ *S. Jay Govindan*_____
                                             S. JAY GOVINDAN, Trial Attorney
                                             United States Department of Justice



**UNITED STATES DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
NORTHEAST REGION
One Blackburn Drive
Gloucester, MA 01930-2298

April 3, 2007

Mr. Richard Max Strahan
National Campaign Director
GreenWorld
236 West Portal Avenue, #195
San Francisco, CA 94127

Dear Mr. Strahan:

This is in response to your e-mails of 19 and 31 March requesting copies of documents and records in NOAA's possession related to the entanglement of four humpback whales. You requested this same information from the agency on 5 March through a Freedom of Information Act (FOIA) Request. In response to that FOIA request, on March 6, 2007 a letter was sent to by Tonya Woods, the NMFS FOIA Coordinator. That letter constitutes the agency response to you on this issue. For your convenience, a copy of that response is attached.

Sincerely,

Mary Colligan
Assistant Regional Administrator
for Protected Resources





**MAR 6 2007**

UNITED STATES DEPARTMENT OF COMMERCE
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
1315 East-West Highway
Silver Spring, Maryland 20910

THE DIRECTOR

Mr. Richard Max Strahan
National Campaign Director
Greenworld
928 Dorchester Avenue, #5
Boston, MA 02125

RE: FOIA #2007-00214

Dear Mr. Strahan:

This is in further response to your Freedom of Information Act (FOIA) request dated March 5, 2007. You requested records concerning four incidents of humpback whales sighted entangled in commercial fishing gear off the coast of Massachusetts and Rhode Island since 2004.

We cannot process these requests because our records indicate you failed to pay earlier fees billed for FOIA requests made in 1989 and 1991. A letter from Rolland Schmitten, then Assistant Administrator for Fisheries, dated April 2, 1999 (enclosed), advised you that NOAA's National Marine Fisheries Service would not acknowledge any current or future FOIA requests until these past due charges are paid. You currently owe $236.06, including interest (assessed at the rate provided in 31 U.S.C. 3717). Under 15 CFR 4.11(i)(3), our agency requires that you pay the full amount due on any previous properly charged FOIA fee.

To settle your unpaid bill, or if you believe a mistake has been made, please contact the NOAA FOIA Officer at (301) 713-3540, or write to the following address:

> National Oceanic and Atmospheric Administration
> Public Reference Facility (OFAx2)
> 1315 East-West Highway (SSMC3)
> Room 10730
> Silver Spring, MD 20910

Pursuant to 15 CFR 4.11(i)(3), for purposes of calculating the time needed to respond to your current requests, we will not consider the requests received until NOAA has received full payment of all past fees and interest (and an advance payment for your new requests if costs exceed $20). Once the fees and interest from your previous requests are paid, we will send a cost estimate for your three most recent requests. You will be required to pay these estimated fees in advance before the requests are processed further. Once we receive your advance payment as required, we will start processing your FOIA requests. If we do not hear from you within 30 calendar days of this notification letter, your request will be closed.

If you have any questions, I can be reached at (301) 713-1364, x147.

Sincerely,

Tonya Woods
NMFS FOIA Coordinator

Enclosure



THE ASSISTANT ADMINISTRATOR
FOR FISHERIES



07/07/2005 22:41 FAX 301 713 1441    MARINE FISHERIES                         ⌀003
Jun-16-05  11:54    From-AUDITS INTERNAL CONTROL STAFF OFFICE    3017131188    T-021  P.12/15  F-118



UNITED STATES DEPARTMENT OF COMMERCE
National Oceanic and Atmospheric Administration
NATIONAL MARINE FISHERIES SERVICE
1335 East-West Highway
Silver Spring, MD 20910

THE DIRECTOR

OG-246

APR 02 1999

Mr. Richard Max Strahan
GreenWorld, Inc.
510 Commonwealth Avenue
Cambridge, Massachusetts  02140

Dear Mr. Strahan:

This is in reference to your recent Freedom of Information Act (FOIA) request via email dated February 12, 1999, to Doug Beach, Northeast Regional Office, Gloucester, Massachusetts, concerning information on a letter sent by Chris Mantzaris to the Massachusetts Division of Marine Fisheries in response to its petition for the requested change in the regulation regarding Northern Right Whale approach distances.

It is our belief that your request for this information is being made as the official representative of GreenWorld, Inc.; therefore, we are responding to your request accordingly. In 1991, we notified you that you had not paid fees incurred as a result of the Agency's response to your FOIA requests of November 4, 1986, and October 20, 1991. Again in 1994, following another FOIA request, we explained that we would not process any FOIA from you, "GreenWorld...until the search fee of $128.60 (plus interest) for these two requests is paid in full." This letter reconfirms that GreenWorld has not upheld its obligation to pay for information requested under FOIA [15 CFR 4.9 (d) (2)], which states that agencies may charge minimum fees for research time and services. If the requested fees are not paid, an agency may refuse to consider additional FOIA requests until all delinquent fees are paid (15 CFR 4.9 (d) (2)). Additionally, agencies may require that all fees be paid in advance by individuals with a history of nonpayment of FOIA fees. Therefore, based on your past nonpayment, the National Marine Fisheries Service (NMFS) has not and will not acknowledge any current or future requests from you for information under FOIA until these past due charges are paid.

THE ASSISTANT ADMINISTRATOR
FOR FISHERIES



07/07/2005 22:42 FAX 301 713 1441    MARINE FISHERIES                              ⌀004
Jun-18-05  11:54    From-AUDIT&INTERNAL CONTROL STAFF OFFICE    3017131169    T-821  P.13/15  F-118

As indicated in my previous correspondence to you, I am instructing the staff of the NMFS Northeast Region to disregard all current and future FOIA requests from you, GreenWorld, or persons we have reason to believe represent you or GreenWorld until you have paid all back fees owed plus interest due.

Sincerely,

Rolland A. Schmitten
Assistant Administrator
  for Fisheries



SECTION A

SECTION B

# Max sues MA lobsterman over entanglement

by Lorelei Stevens

BOSTON, MA – Max Strahan took his aggressive whale protection campaign to a whole new level late in February when he filed suit against an individual lobsterman whose gear was found on an entangled humpback whale last summer.

As part of the complaint filed on Feb. 27 in the US District Court for the District of Massachusetts against Dan Holmes of Plymouth, Strahan is seeking $1.1 million in damages.

Of that amount, $100,000 is for "compensatory" damages, which is supposed to compensate the "injured party," and $1 million is for "punitive" damages, which, in legalese, is intended "solely to punish the plaintiff because of reckless or malicious acts."

Holmes, who is 35 and married with two young children, fishes with gear that complies with state and federal law, a fact confirmed by state and National Marine Fisheries Service (NMFS) officials.

"My gear is all whale safe and Massachusetts- and federal-law compliant," Holmes said. "How can I be sued for abiding by the law? If I lose this case, every fixed gear fisherman from Nova Scotia to the Gulf of Mexico will be subject to court cases like this."

## "One jerk at a time"

That, in fact, is just what Strahan has in mind. In a bizarre Dec. 7 e-mail to Massachusetts Lobstermen's Association (MLA) attorneys, he put the MLA on notice that he intended to enforce the Endangered Species Act (ESA) against



any association member whose gear is found on a whale or sea turtle.

"I will be suing independently any fishie (sic) guy who entangles a whale," Strahan wrote.

He added that he would be asking the court to issue an injunction to stop such fishermen from ever fishing again.

"Stopping the killing of whales one jerk at a time is probably what a federal judge will more easily agree to," Strahan wrote.

Through multiple lawsuits, Strahan, the self-titled "Prince of Whales" who is affiliated with a group called GreenWorld, has managed to win court-mandated agreements to require the use of modified gear – breakaways and no sinking groundlines – and other restrictions in Massachusetts state waters over the last two decades.

However, he has been frustrated in his repeated attempts to convince the court to order the Massachusetts Division of Marine Fisheries to stop issuing permits for any fishery that uses gear that has the potential to entangle endangered whales.

Clearly delighted at the prospect of subjecting even law-abiding lobstermen
See MAX SUES, page 18A

## INSIDE THIS ISSUE

### SECTION A
Monkfish ............................. 5A
  NMFS proposes interim actions
MA State News ...................... 8A
  Gillnets, inshore squid season
Magnuson-Stevens .......... 10A
  NMFS wants overfishing comments
Maine's LD 170 ................... 11A

### SECTION B
Coast Guard overflight ......... 1B
  CFN's Peter Prybot tags along
MLA annual honors .............. 2B
  Maine marine patrol's Dow; Myrick
RI State News ..................... 5B
  Trap transfer plan hearing April 9
McKeon Guest Column ........ 6B



## ALSO INSIDE

Along the Coast ............................. 4A
Ask the Lobster Doc .................... 11B
Bearin's ........................................ 18B
Classifieds ................................... 19B
Coming Events ............................ 26B
Editorial ......................................... 6A
Enforcement Report .................... 21A
Fleet Additions .................... 27B, 28B
Guest Columns ....................... 7A, 6B
Letters .......................................... 6A

# Max sues lobsterman Continued from page 1A

to the crippling expense and anxiety of his lawsuits, Strahan concluded his Dec. 7 e-mail with a personal threat against MLA Executive Director Bill Adler and member Gary Ostrom, who pioneered the original program to remove ghost gear from Cape Cod Bay.

"I don't know why I have bothered to tell you all this," Strahan wrote. "I guess it's the excitement of bringing the MLA, Bill Adler, and Gary Ostrom to justice. I can't wait!!!"

## Whale entanglement

The whale entanglement at the heart of Strahan's case against Holmes was reported by a sport fisherman on Aug. 2 a few miles east of Plymouth.

A disentanglement team from the Provincetown Center for Coastal Studies responded to the situation. According to field notes published by the center on its web site, the team found the whale with a "set of lobster gear," including rope, buoys, and a lobster trap, in its mouth.

The report does not mention any injury but does note that the gear made it difficult for the humpback whale to move normally, and so the team decided to remove it. Once freed, "the whale swam off quickly," the center said.

The gear was saved and turned over to NMFS, which attempts to identify the kind of gear involved in entanglements and, when possible, the owner in order to figure out where and when the gear was set.

The information is used to get a better handle on where entanglements occur and what can be done to make gear less likely to entangle marine mammals.

## Name revealed

NMFS policy always has been to keep confidential the names of fishermen whose gear is involved in an entanglement. However, in this case, the court directed NMFS to release the name to Strahan to help him prepare a different case against the commonwealth of Massachusetts (see CFN March 2007 for details).

In a statement on the matter, NMFS spokesman Teri Frady explained, "Despite the Department of Justice's strong objection, the judge ordered us to turn over the name. We had conducted a full investigation and determined the gear was set in federal waters and was compliant with the law, so no charges were filed."

Holmes said he had talked to the NMFS staffer who had to comply with the court order and it was clear that the staffer



"felt terrible" about it.

"I'm not mad at NMFS or the state," the lobsterman said. "Max (Strahan) kind of tricked the judge into making them release my name."

As an aside, all of the paperwork Strahan filed with the court refers to David Holmes even though the fisherman's first name actually is Daniel.

## Civil case

Strahan is bringing this civil action against Holmes under a provision described in Section 11 of the ESA, which allows "any person" to file suit to enjoin another person, including federal and state officials or agencies, "who is alleged to be in violation of any provision of (the ESA) or regulation issued under the authority of (the ESA)."

The ESA prohibits the "taking" of any endangered animal and defines the term "take" as meaning to "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture or collect, or to attempt to engage in any such conduct."

Calling himself "Citizen Prosecutor Endangered Whales of Massachusetts," Strahan told the court that, in addition to the $1.1 million award, he is seeking to permanently ban Holmes from "engaging in commercial fishing of any kind in the future."

and of itself "constitutes an inherent violation of federal law protecting endangered wildlife."

Interestingly, the same court issued a decision on Jan. 24 in the separate case Strahan filed against Massachusetts officials on similar grounds. In that instance, the court declined to limit the Division of Marine Fisheries (DMF) permitting authority or force DMF to require lobstermen to further modify their gear.

However, the court did order the state to monitor and file regular reports documenting entanglements made by Massachusetts fishermen, compliance with the state's new ban on floating groundlines, and on advances in whale-safe technology.

## Actions to date

On Feb. 26, District Court Judge Richard Sterns denied Strahan's motion for a temporary restraining order against Holmes to prevent him from fishing in right whale critical habitat.

According to Bill Adler, the MLA delegates were scheduled to vote during the week of March 19 on whether to use the association's legal defense fund to pay the cost of defending Holmes in court.

In the meantime, Holmes is trying not to let the situation disrupt his work and family life, but it's not easy.

"I'm a third generation fisherman, and this had me contemplating getting out of it, but I'm not," Holmes said. "We don't get rich doing this but we do it because we love it."

He added that he wanted to send a message to all lobstermen, especially those in Maine.

"This is not just about Massachusetts lobstermen. It's Area 1. We fish by the same rules," Holmes said. "It's not just about one fisherman. If I lose, it will

**Northeast Regional Cod Tagging Program**

**Tags & information needed!**
More tag returns means more accurate results.

Please report your tags and claim your reward.

Call toll-free on:
**1-866-447-2111**

Email us at:
**codresearch@gmrl.org**

Data to collect: (1-4 needed for entry into the lottery)

remove it. "Once freed," the center said, "the whale swam off quickly," the center said.

court order and it was clear that the staffer in violation of any provision of (the ESA) or regulation issued under the authority of (the ESA)."

The ESA prohibits the "taking" of any endangered animal and defines the term "take" as meaning to "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture or collect, or to attempt to engage in any such conduct."

Calling himself "Citizen Prosecutor Endangered Whales of Massachusetts," Strahan told the court that, in addition to the $1.1 million award, he is seeking to permanently ban Holmes from "engaging in commercial fishing of any kind in the future."

He further told the court that the use of fixed lobster gear, specifically vertical buoy lines, in the presence of whales amounted to "reckless fishing practices" and that he was seeking a declaratory judgment that the use of vertical lines in

the cost of defending Holmes in court. In the meantime, Holmes is trying not to let the situation disrupt his work and family life, but it's not easy.

"I'm a third generation fisherman, and this had me contemplating getting out of it, but I'm not," Holmes said. "We don't get rich doing this but we do it because we love it."

He added that he wanted to send a message to all lobstermen, especially those in Maine.

"This is not just about Massachusetts lobstermen. It's Area 1. We fish by the same rules," Holmes said. "It's not just about one fisherman. If I lose, it will affect the whole industry." ∎

## NMFS reviews status of cusk; fishermen need to be on alert

GLOUCESTER, MA – As if groundfish fishermen didn't have enough on their minds, now they need to think about cusk.

The National Marine Fisheries Service (NMFS) has initiated a "status review" for cusk and is asking the public for information about the health and overall status of the stock, as well as any potential threats to the species.

Even though commercial fishermen hardly ever catch this deep-water Gulf of Maine fish, the status review is serious stuff because NMFS will use the information to determine if cusk should be listed as threatened or endangered under the Endangered Species Act (ESA).

Cusk is already on a US "species of concern list," so in a March 9 *Federal Register* notice, NMFS stated, "We will use the status review report and any other information we obtain during this process to determine if listing this species under the ESA is warranted or if this species should be retained or removed from the species of concern list."

The comment deadline is April 1. For

### Northeast Regional Cod Tagging Program

**Tags & information needed!**
More tag returns means more accurate results.

Please report your tags and claim your reward.

Call toll-free on: **1-866-447-2111**
Email us at: **codresearch@gmri.org**

**Data to collect:** (1-4 needed for entry into the lottery)
1) Tag #         5) Gear type
2) Date          6) Water depth
3) Fish length   7) Water temperature
4) Location      8) Spawning condition

For more information, please visit our website:
**www.codresearch.org**




### GEAR-UP FOR THIS COMING FISHING SEASON

**RnR MARINE SUPPLY**

Come & see our new location with over 15,000 square feet of store & showroom at 425 Lincoln St next door to our old location

*5gl Resin Waxed or No-Wax
*Gel-Cote *Solvents *Tools
*Fiberglass Mat, Cloth & Woven
*Bottom Paint *Top-Side Paint
*Adhesives & Sealents

**Johnson** 2200 GPH Bilge Pump **$69**

FREE Float Switch w/purchase of Johnson 2200gph pump

**Johnson** Electric Clutch Pump 1-1/4 or 1-1/2 w/clutch **$450**

*Call for Delivery*

**Racor** Turbine Fuel Filters complete assembles & replacement elements in stock

# 781-740-1010