**United States District Court**
**District of Massachusetts**

```
                                    )
RICHARD MAX STRAHAN,                )
         Plaintiff,                 )
                                    )
         v.                         )    Civil Action No.
                                    )    05-10140-NMG
STEVEN PRITCHARD, in his            )
official capacity as Secretary      )
of the Massachusetts Executive      )
Office of Environmental Affairs,    )
DAVID M. PETERS, in his official    )
capacity as Commissioner of the     )
Massachusetts Department of Fish    )
and Game, and PAUL DIODATI, in      )
his official capacity as            )
Director of the Massachusetts       )
Division of Marine Fisheries,       )
         Defendants.                )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Three motions are pending in this case, including the plaintiff's motion to reconsider a prior ruling of this Court, which is opposed by the defendants. The motions are resolved as follows.

## I. **Background**

The pro se plaintiff, Richard Max Strahan ("Strahan"), brings this action against Steven Pritchard ("Pritchard"), in his official capacity as Secretary of the Massachusetts Office of Environmental Affairs, David M. Peters ("Peters"), in his

-1-

official capacity as Commissioner of the Massachusetts Department of Fish and Game, and Paul Diodati ("Diodati"), in his official capacity as Director of the Massachusetts Division of Marine Fisheries (collectively "the state defendants").

The plaintiff alleges that the defendants have violated the Endangered Species Act ("ESA"), 16 U.S.C. § 1538 et seq., by licensing certain commercial fishing gear that causes harm to endangered whales by entangling them in line. In April, 2006, the plaintiff filed a motion for a preliminary injunction in which he sought, inter alia, to enjoin the defendants from continuing to license the subject commercial fishing gear.

In November, 2006, the Court conducted a three-day evidentiary hearing on the plaintiff's motion for a preliminary injunction. On January 24, 2007, the Court entered a 24-page Memorandum & Order (Docket No. 132) in which it found that, although the fishing gear in question poses an ongoing threat to endangered whales, the plaintiff had failed to meet his burden of proving that the defendants were liable for violation of the ESA because he could not conclusively show that any whales had been entangled in Massachusetts coastal waters or in gear licensed by the defendants within the relevant time frame. The Court, therefore, denied the motion for preliminary injunction but ordered the parties to file periodic status reports so that it could continue to monitor the situation. The Court also

-2-

indicated that it would give further consideration to this matter
upon motion of the parties should there be a "material change in
circumstances".  Although the first periodic status report is not
due until October, 2007, the plaintiff has filed the following
three motions.

## A.    Motion for Preliminary Injunction: Notice of Defendants Receiving 23.5 Million Dollars (Docket No. 124)

On December 6, 2006, before the Court's M&O on the
preliminary injunction had been entered, the plaintiff filed a
"notice" that the defendants had been awarded $24 million in
discretionary funds from a commercial shipping entity.  Although
filed as a motion on the docket, the plaintiff's filing
constitutes nothing more than an attempt to present the Court
with additional evidence for allowing his motion for a
preliminary injunction.  To clarify the docket, the motion will
be denied as moot.

## B.    Motion for Reconsideration (Docket No. 133)

On January 31, 2007, the plaintiff filed a motion to
reconsider the Court's ruling on the preliminary injunction.  The
motion seeks to amend the Court's Order in several ways.  The
plaintiff requests that the Court order the defendants to require
tagging of commercial fishing gear and require "whale safe" gear
after August, 2007.  The Court has already decided that it will
not issue injunctive relief at this time and will deny those
requests.

-3-

Strahan also seeks an order allowing him to conduct limited discovery to obtain records and reports concerning possible entanglements. That request is also the subject of a subsequently filed motion and will be denied.

Finally, Strahan requests that the Court revoke its sua sponte stay of proceedings so that he can seek summary judgment and/or a trial on the merits of his claims. He contends that such a stay violates his due process rights to pursue his claims. Although the Court did impose a two-year stay on proceedings in its January 24, 2007 Order, it specifically stated that it would address the merits of the case upon motion of the parties in the event of a material change in circumstances. Strahan's right to pursue additional injunctive relief, summary judgment or other proceedings, therefore, are not barred by the Court's Order and this request will be denied. In sum, the motion for reconsideration will be denied.

## C. Motion for Further Discovery (Docket No. 137)

On April 1, 2007, the plaintiff filed a motion requesting that the Court issue subpoenas for the purpose of gathering information on current entanglements of endangered whales in fishing gear. More specifically, he seeks subpoenas to be served on the National Oceanographic and Atmospheric Agency ("NOAA") in Woods Hole, MA, and the Center for Coastal Studies ("CCS") in Provincetown, MA in order to investigate purported recent

-4-

incidents of endangered whale entanglements.

Both NOAA and CCS have been involved in this litigation and are two of the primary collectors of data on endangered whales. By affidavit, Strahan asserts that he has read press reports and heard "rumors" of recent entanglement sightings along the Atlantic Coast. Upon information and belief, Strahan contends that employees of NOAA and/or CCS have observed, photographed and collected information with respect to those entanglements. He has made requests to access such information but has been denied by both NOAA and CCS. Because NOAA and CCS are the primary repositories of such information, Strahan contends that he must have access to information in their possession in order to continue to prosecute his claims.

In its Memorandum and Order dated January 24, 2007, the Court ordered that the parties file periodic status reports, the first installment of which is not due until October, 2007. The Court expects candor from all interested parties and the defendants are required to disclose knowledge of any entanglements occurring in coastal waters since January, 2007, to the plaintiff and to the Court. The Court, however, will not authorize subpoenas or otherwise require any party to produce information unless it appears from the first status report that the defendants or related entities have deliberately withheld information relevant to this case.

-5-

**ORDER**

In accordance with the foregoing, the Plaintiff's Motion for Preliminary Injunction: Notice of Defendants Receiving 23.5 Million Dollars (Docket No. 124) is **DENIED,** Plaintiff's Motion for Reconsideration (Docket No. 133) is **DENIED** and Plaintiff's Motion for Further Discovery (Docket No. 137) is **DENIED.**

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated June / , 2007

-6-