UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
RICHARD MAX STRAHAN,               )
                                   )
    Plaintiff                      )
                                   )           Civil Action
v.                                 )           No. 05-10140-NMG
                                   )
STEVEN PRITCHARD, in his           )
official capacity as Secretary of the )
Massachusetts Executive Office     )
of Environmental Affairs,          )
                                   )
DAVID M. PETERS, in his official   )
capacity as Commissioner of the    )
Massachusetts Department of        )
Fish and Game,                     )
                                   )
and                                )
                                   )
PAUL DIODATI, in his official capacity )
as Director of the Massachusetts   )
Division of Marine Fisheries,      )
                                   )
    Defendants                     )
_____)

## AFFIDAVIT OF BRYAN G. KILLIAN

I, Bryan G. Killian, do hereby depose and say:

1. I am an Assistant Attorney General in the Trial Division of the Government Bureau of the Massachusetts Office of the Attorney General. At all relevant times I have been counsel of record to the State Defendants in the above-captioned proceeding.

2. On or about January 24, 2007, this Court entered an order denying the motion for a preliminary injunction filed by the plaintiff, Richard Max Strahan ("Strahan"). The text of that order was reported as <u>Strahan v. Pritchard, et al.</u>, 473 F.Supp.2d 230 (D.Mass. 2007). In that

order, the Court stayed the instant proceedings for a period of two years, but directed the parties to file joint status reports with the Court, addressing four specific issues, at eight-month intervals during the succeeding two-year period. The first of these status reports is due today, October 1, 2007.

3.    In anticipation of preparing this first status report, I and my co-counsel, Daniel J. Hammond ("Hammond") met with our clients, the State Defendants, on several occasions in August, 2007, and directed them to begin assembling information at their disposal that was responsive to the four proffered questions.

4.    On or about September 5, 2007, Hammond and I conducted a conference call with the plaintiff, Strahan, to inform him that we were in the process of preparing our responses to the four questions, and would provide him with a draft of the status reports, with blanks for him to provide his responses to the proffered questions, by e-mail during the week of September 17, 2007. During this phone call, Strahan objected to the State Defendants' proposed course of action, claiming that he could only participate meaningfully in the preparation of the joint status report if he were afforded access to all documents in the State Defendants' possession, and were granted discovery as against other non-parties including, but not limited to, the Provincetown Center for Coastal Studies (the "PCCS"). Hammond and I informed Strahan that we disagreed with his interpretation of this Court's order.

5.    By e-mail later that day, Strahan informed Hammond and me that, absent the opportunity to review documentation in the State Defendants' possession, he did not intend to participate in the drafting of the joint status report. A copy of this e-mail is attached hereto as Exhibit A.

6. On September 20, 2007, Hammond sent an e-mail to Strahan attaching the State Defendants' draft of their portion of the joint status report, together with all referenced attachments, and inviting Strahan to provide the State Defendants' with his responses on or before October 1, 2007, so that both parties' responses could be aggregated into a single document. A copy of this e-mail is attached hereto as Exhibit B.

7. On September 21, 2007, Strahan filed a motion with this Court seeking leave to conduct discovery against the State Defendants and various other non-parties, and requesting an enlargement of time to file his portion of the joint status report until some date after the requested discovery had been completed. Strahan's motion was docketed as Paper No. 147 in the instant litigation and, to date, has not been acted on by the Court.

8. On September 27, 2007, Hammond and I conducted a second conference call with Strahan. During that call, Strahan reiterated his demand to inspect certain documents in the State Defendants' possession, and requested that he be provided with the name, address and telephone number of the lobsterman whose gear was involved in the May 12, 2007, entanglement discussed in the draft of the joint status report. We once again informed Strahan that we disagreed with his interpretation of this Court's January 24, 2007, order, and told him that, in our opinion, by answering the four proffered questions to the best of their ability, the State Defendants had complied fully with their obligations under that order. At the end of this telephone call, Strahan reiterated that he would be providing no text for inclusion in the joint status report, but would pursue other remedies against the State Defendants.

9. As of today, October 1, 2007 -- the deadline for filing the first joint status report -- the State Defendants have received no text from Strahan for inclusion in the joint status report.

Accordingly, the State Defendants have herewith filed the joint status report without participation from Strahan.

Signed under the pains and penalties of perjury on this first day of October, 2007.

 /s/ Bryan G. Killian
Bryan G. Killian
Assistant Attorney General
Government Bureau

## Hammond, Dan (AGO)

| | |
|---|---|
| **From:** | Hammond, Dan (AGO) |
| **Sent:** | Thursday, September 20, 2007 4:50 PM |
| **To:** | 'maxx@whalesafe.org'; 'esistoo@yahoo.org' |
| **Cc:** | Killian, Bryan (AGO); Lehan, Richard (FWE) |
| **Subject:** | Draft -- First Joint Status Report |
| **Attachments:** | First.Joint.Status.Report.pdf; Exhibit A -- All Reported 2007 Entanglements.pdf; Exhibit B -- Diodati Memorandum.pdf; Exhibit C -- Map of May 12, 2007 Entanglement Locations.pdf; Exhibit D -- 2006 Annual Report.pdf |

Mr Strahan:

Attached please find a PDF of the defendants' draft of their portion of the First Joint Status Report, together with PDFs of the four referenced exhibits thereto. Please be advised that the exhibits comprise the universe of documents in the defendants' possession that are responsive to the questions posed by the court.

As you know, the deadline for filing the joint status report is October 1. To that end, please provide Bryan and me, via e-mail, your contributions to the joint status report, together with any exhibits you wish to file, in advance of that date, so that we may merge the documents into a single pleading and file it timely with the court.

Thank you.

Dan

### Hammond, Dan (AGO)

**From:** Richard Strahan [maxx@whalesafe.org]
**Sent:** Wednesday, September 05, 2007 4:10 PM
**To:** Hammond, Dan (AGO); Bryan ((AGO)) Killian; Ian Bowles; Milkey, Jim (AGO); Mary Griffin
**Subject:** Strahan v eoea

5 September 2007

 Gentlemen,

  This is to confirm our phone conversation earlier today. You returned my prior call concerning the court's requirement for a 1 October 2007 filing of a joint status report addressing 4 court mandated issues. You stated that you intended only to supply me a completed final draft with possibly some attached documents backing up your claims that I could then comment on. I rejected this approach as there is nothing "joint" about it. I cannot support such an approach. if you are unwilling to do this differently, I will simply file my own "disjointed" report next Monday by way of leave from the court.

Alternative Proposal: I proposed during our conversation that the EOEA/DFG first supply all records in its possession concerning the 4 issues to me as step one. The EOEA and the OAG will ask NOAA to supply it relevant records that it would then copy to me.  I would reciprocate in kind. We would then hold a meeting where experts from the Center for Coastal Studies and the DFG and others would attend to openly address the 4 issues based on the collected information and the input from the attending experts. We then would each draft a version of a final draft and share it with each other. We would finally hold a phone conference to work out any problem in producing a mutually agreed to final joint report. This approach is the only one that is consistent with the spirit and letter of the Court's order.

Issue Example: On 14 May 2007 a Humpback Whale was sighted entangled in Massachusetts state waters and then "disentangled" by the CCS. It is the opinion of CCS staff that the whale was anchored to the sea floor by  fixed gear and that the location where the whale was sighted entangled is the location it became  entangled in fishing gear placed at this location. Since the HBW was sighted entangled in state waters this means that it became entangled at this location — in state waters — by state licensed fishing gear. In other words, this is an incident where an endangered whale became entangled by Massachusetts licensed  fishing gear in Massachusetts state waters.

This incident is responsive to the Court's order that the joint status report address the issue of whether  a whale became entangled in state waters. But how are we to assess and agree on this reality? Obviously we need to collect all information on this entanglement. We need to have the CCS employees who attended the entanglement speak freely to it about us and give their opinion. The CCS are the defendants employees and should be required to not only supply information on this entanglement but attend a meeting to take questions and

discuss the facts so that a factual basis exists to decide if the whale was entangled in state waters. Otherwise the defendants only response can be "I don't know" from its refusal to look at the available facts.

I cannot get information on the said entanglement. CCS employees told me that they will not give me the information because david Hoover and McKiernen told them not to talk to me at all if they wanted to keep getting all the money you guys send them every year. So unless you get your stooges to talk, they are under your orders to keep everything a big secret.

Let me ask you straight out: was this whale entangled in state waters? If you cannot say no to this question then this proves my point that relevant facts on the four issues must be collected. Ehat is your answer, tell me?

I cannot see how this "joint status report" can be done in any other way. I am so sure of the need to possess an adequate information base to prepare this report that if you cannot agree to my proposal then i will be compelled to ask the court to conduct discovery against the DFG/eoea and CCS before being required to file any such report.

I need your agreement to these terms by Friday.

In Peace,

Richard Max Strahan

Pro se and Proud!

10/1/2007