UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD MAX STRAHAN | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 05 – 10140 - NMG |
| SECRETARY, MASSACHUSETTS EXECUTIVE | ) | |
| OFFICE OF ENVIRONMENTAL AFFAIRS[1], *et al.* | ) | |
| | ) | 9 October 2007 |
| *Defendants* | ) | |

_____

PLAINTIFF'S MOTION TO STAY PENDING APPEAL THE COURT'S
JANUARY 2007 ORDER STAYING THE PROCEEDINGS
_____

The Plaintiff — Richard Max Strahan — moves the Court to stay its 24 January 2007 order and judgment ("January 2007 Judgment") during his appeal of the 24 January 2007 to the Court of Appeals as an appeal of a final judgment. The January 2007 Judgment denied Strahan's request for a permanent injunction against the Defendants and then stayed ("Stay") the entire proceedings for two years, only to be then possibly renewed over the simple issue of considering Strahan's request for a declaratory judgment. Strahan is fatally prejudiced by the Court's staying the proceedings and is currently suffering continuing and recurring irreparable harm by the unlawful conduct of the Defendants. For example on 12 May 2007 another Humpback Whale was entangled by Lobster Pot gear licensed and regulated by the Defendants. There is no question that if the Court had granted Strahan's request for interlocutory injunctive relief that this entanglement would not have happened.

---

[1] The original named defendant Ellen Roy-Herzfelder has subsequently left her employment as the Secretary of the Massachusetts Executive Office of Environmental Affairs and was replaced subsequently by first one and then another person. For consistency, Strahan has adopted the current caption for his civil action.

*Strahan v. Secretary, Massachusetts EOEA*, 05-10140-NMG (D. Mass. 2005): 9 October 2007 Plaintiff's Motion to Stay Its 24 January 2007 Judgment

2

The Court has taken the position that it does not need to stop more entangle whales — just lawsuits asking for it to do so.[2]

There is simply no good reason for the current stay and the Court's January 2007 Judgment provides for none. First, any stay must not prejudice the Plaintiff in his fair adjudication of his claims. The Stay has deeply prejudiced Strahan in his ability to obtain the injunctive relief he seeks to stop irreparable injury to the environment. Unfortunately, while the Court recognizes that an entanglement of a whale is a violation of the prohibitions of the Endangered Species Act, the January 2007 Judgment does not consider an entanglement of a whale to constitute irreparable harm. This improper ruling is inconsistent with existing ESA jurisprudence. All the Stay does is give the Defendants years to come up with some technological fix but does not order them to do anything. All the January 2007 Judgment does is to allow the Defendants — without restraint of any kind — to kill all the whales they want to in their commercial fisheries operations.

The Stay constitutes — and poses itself — as a prior restraint on Strahan ability to enjoy his First Amendment protected right to petition the courts and enforce the ESA. The Court could have chosen to terminate the instant action under a ruling that Strahan had his day in court and failed to prove that the Defendants license fishing gear that entangles whales. This would have at least allowed Strahan to prosecute the Defendants again for the third time when they entangled another whale. Apparently the Court does not like the idea of that so the January 2007 Judgment seeks to deny Strahan any possibility of Strahan of filing another law suit against the Defendants. This order stays all discovery and any possibility of Strahan pursuing summary judgment or a obtaining any trial regardless of the amount of evidence against the Defendants. The January 2007 Judgment only

---

[2] Upon information and belief, the Court's family has made a fortune in the commercial fishing business. Apparently commercial fishing paid for Judge Gorton's tuition at law school. Obviously, with this bias the Court has no desire to adversely affect the commercial fishing industry for "s few dead whales."

Case 1:05-cv-10140-NMG    Document 150    Filed 10/09/2007    Page 3 of 3

*Strahan v. Secretary, Massachusetts EOEA*, 05-10140-NMG (D. Mass. 2005): 9 October 2007 Plaintiff's Motion to Stay Its 24 January 2007 Judgment    3

offers Strahan the slim to none possibility of granting him some minor relief in the form of a declaratory judgment. The possibility of Strahan getting any declaratory relief from the Court after the Court denied Strahan any possibility of injunctive relief is slim to none.

Staying the January 2007 Judgment will offer no other inconvenience to the Court and the Defendants but Strahan being allowed to pursue discovery and collecting enough evidence to either seek a summary judgment in his favor or the Court's reconsideration of its January 2007 Judgment. Considering that the Court in its January 2007 Judgment admitted to the ongoing threat posed by fishing gear to whales, there can be seen no lawful merit in stopping Strahan from adjudicating his claims against the Defendants and allowing more whales to get entangled in the Defendants fishing gear for the sole purpose of the Defendants and their business partners being relieved of the inconvenience Strahan's meritorious and measured discovery efforts.

Alternatively Strahan asks the Court to allow him to —

1. Withdraw his request for a declaratory judgment and for the Court to immediately terminate the proceedings based on its rulings of its January 2007 Judgment.
2. Allow him simply to resume and continue discovery.

Strahan will be submitting a memorandum of points and law in support of the instant motion.

For the above reasons the Plaintiff asks the Court to GRANT his requested relief. .

BY:
_____
Richard Max Strahan, Plaintiff
236 West Portal Avenue, #195
San Francisco, CA
617.233.3854

*Pro Se and Proud!*

I certify that a copy of this motion has been served on the defendants VIA ECF on 9 October 2007.