UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN ) <br> ) <br> *Plaintiff* ) <br> ) <br> v. ) <br> ) <br> SECRETARY, MASSACHUSETTS EXECUTIVE ) <br> OFFICE OF ENVIRONMENTAL AFFAIRS[1], *et al.* ) <br> ) <br> *Defendants* ) | Civil Action No. <br><br> 05 – 10140 - NMG <br><br><br> 9 October 2007 |

_____

PLAINTIFF'S MOTION PURSUANT TO 41(A) TO VOLUNTARILY DISMISS WITHOUT
PREJUDICE HIS CLAIMS AGAINST THE DEFENDANTS
_____

The Plaintiff — Richard Max Strahan — moves the Court pursuant to Rule 41(a) to dismiss his claims without prejudice against the Defendants. The Court issued an order on 24 January 2007 ("January 2007 Judgment") denying his request for permanent injunctive relief and staying the proceedings for two years — including a stay on all discovery by the parties. Strahan is being fatally prejudiced by the January 2007 Judgment. Strahan CONCEDES he is not capable of prevailing on any of his remaining possible requests for relief — his requests for declaratory judgment against the Defendants — based on the ruling of the January 2007 Judgment  Strahan has also been fatally prejudiced by the January 2007's Judgment's order that he file repeated "status reports" with the Court that the Court intends to use in some unspecified way in future proceedings — after its two year stay on the proceedings expires.  Without discovery, Strahan has NO ability to meaningfully comply with this requirement.  The January 2007 Judgment fatally prejudices

---

[1] The original named defendant Ellen Roy-Herzfelder has subsequently left her employment as the Secretary of the Massachusetts Executive Office of Environmental Affairs and was replaced subsequently by first one and then another person.  For consistency, Strahan has adopted the current caption for his civil action.

*Strahan v. Secretary, Massachusetts EOEA*, 05-10140-NMG (D. Mass. 2005): 9 October 2007 Plaintiff's Motion Pursuant to Rule 41(a) for Voluntary Dismissal without Prejudice.    2

Strahan's interests in the instant action by allowing the Defendants to file self-serving status reports with the Court with Strahan being deliberately stripped of any ability to meaningfully challenge the factual claims raised by them in these filings. The Defendants are being allowed to make unchallenged allegations of facts and expert opinion to be used against Strahan's ability to obtain requested relief intended to protect endangered whales against the Defendants' commercial fishing operations.[2]

Strahan has no expectation of obtaining any meaningful relief in the instant action. The Court's January 2007 Judgment establishes "law of the case" that rules against Strahan obtaining the injunctive relief that he seeks in his pleadings, The case is dead and the Court should terminate it to allow Strahan his right of for immediate appeal so that he can obtain appellate review that will possibly vacate the January 2007 Judgment and repudiate its findings of fact and law. Strahan has been ruled indigent by the Court. He should not be required to attend to the instant action when he has no expectation of obtaining the injunctive relief that he needs. Under the First Amendment protects Strahan's right to bring a suit and the right to withdraw a suit.

Strahan is serving in the role of a "citizen attorney general" prosecuting the Defendants for engaging in conduct prohibited by law, Like any state prosecutor, the Court should allow Strahan to voluntarily dismiss without prejudice his claims against the Defendants because of a current lack of evidence to maintain his prosecution. Strahan should be allowed to continue to gather required evidence to sustain his claims on the merits against the Defendants in a future

---

[2] Strahan is not capable of meaningfully collecting available evidence on whale entanglemen because of the Court's denying his right to do so. Denied the needed discovery, Strahan cannot challenge the claims within any of Defendants current or future status reports. The Court has prejudiced Strahan's ability to fairly participate in furture proceedings. There is no question that the Court will rule against Strahan's prevailing in his claims against the Defendants based only on Strahan's current inability to present evidence against the Defendants as required by its January 2007 Judgment,

*Strahan v. Secretary, Massachusetts EOEA*, 05-10140-NMG (D. Mass. 2005): 9 October 2007 Plaintiff's Motion Pursuant to Rule 41(a) for Voluntary Dismissal without Prejudice.   3

enforcement proceeding. The Court should not impair his ability to do so by dismissing his claims with prejudice. The Public Interest is not benefited by allowing criminals and parties engaging in prohibited acts to be immunized from prosecution just because the prosecutor was forced to dismiss his claims because of his current lack of material evidence against the criminal defendant.

Strahan is also seeking the dismissal in order to appeal the Court's staying of the proceedings and its denial of discovery by the Court. The First Circuit only allows appellate review of discovery orders only if a plaintiff has previously dismissed his claims in order to obtain appellate review of a court's disputed discovery orders.

The bottom line is that the January 2007 Judgment rules that Strahan is not entitled to any relief by the Court simply because he lacks evidence of absolute whale entanglements by state-licensed fishing gear in coastal waters under Massachusetts jurisdiction. The Defendants do not claim — and the Court has never considered the claim — that the defendants *do not* entangle whales only that Strahan *cannot prove that they do*. This said there is no reason for this case to proceed if Strahan cannot conduct discovery.

Strahan cannot present any new evidence to the Court without discovery. All relevant information on entanglement of whales is completely in the possession of the Defendants, NOAA and its contracted NGO's. All of these parties oppose Strahan's claims against the Defendants and refuse to share any of the information in their possession on whale entanglements unless ordered to do so by the Court.

It is in the Public Interest that the Court allow Strahan to voluntarily dismiss his claims against the Defendants without prejudice. There is no question that a significant possibility exists that the Defendants licensed and regulated fishing gear continues to entangle endangered whales. Strahan should be allowed to end the burden of the instant action that cannot possibly by

Case 1:05-cv-10140-NMG    Document 151    Filed 10/09/2007    Page 4 of 4

*Strahan v. Secretary, Massachusetts EOEA*, 05-10140-NMG (D. Mass. 2005): 9 October 2007 Plaintiff's Motion Pursuant to Rule 41(a) for Voluntary Dismissal without Prejudice.

4

adjudicated by him on the merits without the evidence in his possession to do so. It would be against the Public Interest for the Court to make any binding ruling of the complete lack of evidence before it — a lack of evidence that is wholly based on Strahan's limited ability to access it and not on the absolute reality of its existance in the hands of others.

Like any state prosecutor, Strahan should be allowed to dismiss his claims against a defendant accused of committing prohibited acts if he has been frustrated at collecting sufficient evidence of material facts that would allow him to sustain his prosecution. There is no question that all evidence and expert opinion before the Court in the instant action creates a strong suspicion that the Defendants' licensing and regulating of fishing gear still entangles endangered whales. Since the Court's January 2007 Judgment denies Strahan any future injunctive relief and discovery based only on a simple lack of specific conclusive evidence, there is no point continuing the proceedings. The Court should dismiss Strahan's claims without prejudice until he can re-file his claims when he has acquired the evidence he needs. What the Court must not do, is allow the Defendants to benefit from these proceedings and their withholding evidence from the Court by acting to block their prosecution in the future for entangling whales when the evidence of their guilt becomes available and is overwhelming.

For the above reasons the Plaintiff asks the Court to GRANT his requested relief. .

BY: _____
Richard Max Strahan, Plaintiff
236 West Portal Avenue, #195
San Francisco, CA
617.233.3854

*Pro Se and Proud!*

I certify that a copy of the above motion was served on the defendants VIA ECF on 9 October 2007.