**United States District Court**
**District of Massachusetts**

```
                                    )
RICHARD MAX STRAHAN,                )
          Plaintiff,                )
                                    )
          v.                        )     Civil Action No.
                                    )     05-10140-NMG
STEVEN PRITCHARD, in his            )
official capacity as Secretary      )
of the Massachusetts Executive      )
Office of Environmental Affairs,    )
DAVID M. PETERS, in his official    )
capacity as Commissioner of the     )
Massachusetts Department of Fish    )
and Game, and PAUL DIODATI, in      )
his official capacity as            )
Director of the Massachusetts       )
Division of Marine Fisheries,       )
          Defendants.               )
                                    )
```

**MEMORANDUM & ORDER**

GORTON, J.

The plaintiff has filed a motion for discovery and to delay

the filing of a joint status report that was mandated by this

Court's Order entered January 24, 2007. The defendants have

filed the required status report and an explanatory affidavit but

have not opposed the plaintiff's motion.

**I.   Background**

**A.   Procedural Background**

The pro se plaintiff, Richard Max Strahan ("Strahan"),

brought this action against Steven Pritchard ("Pritchard"), in

his official capacity as Secretary of the Massachusetts Executive

-1-

Office of Environmental Affairs ("EOEA"), David M. Peters ("Peters"), in his official capacity as Commissioner of the Massachusetts Department of Fish and Game ("DFG"), and Paul Diodati ("Diodati"), in his official capacity as Director of the Massachusetts Division of Marine Fisheries ("DMF") (collectively "the state defendants").

The plaintiff alleged that the defendants have violated the Endangered Species Act ("ESA"), 16 U.S.C. § 1538 et seq., by licensing certain commercial fishing gear that causes harm to endangered whales by entangling them in line. In April, 2006, the plaintiff filed a motion for a preliminary injunction in which he sought, inter alia, to enjoin the defendants from continuing to license certain commercial fishing gear.

In November, 2006, the Court conducted a three-day evidentiary hearing on the plaintiff's motion for a preliminary injunction. On January 24, 2007, the Court entered a detailed Memorandum & Order (Docket No. 132) ("the Order") in which it found that, although the fishing gear in question poses an ongoing threat to endangered whales, the plaintiff had failed to meet his burden of proving that the defendants were liable for violation of the ESA because he could not conclusively show that any whales had been entangled in Massachusetts coastal waters or in gear licensed by the defendants within the relevant time frame. The Court, therefore, denied the motion for preliminary

-2-

injunction but ordered the parties to file periodic status reports so that it could continue to monitor the situation. The Court also indicated that it would give further consideration to this matter upon motion of the parties should there be a "material change in circumstances." The first of the required status reports was due on October 1, 2007.

## B.    The First Status Report

At the beginning of September, 2007 counsel for the state defendants spoke to Strahan via telephone to discuss the preparation of the joint status report. The state defendants apparently proposed that the State collect all relevant information in their possession and prepare a draft status report to include certain supporting documentation for Strahan's consideration and comment.

Strahan objected to the proposed procedure and suggested that the EOEA and the DFG provide to him all relevant records in their possession as well as relevant records from the National Oceanographic and Atmospheric Agency ("NOAA"). Strahan further suggested that he and the state defendants hold a meeting at which experts from the Center for Coastal Studies ("CCS") and the DFG and others would discuss the four questions posed by this Court in the Order.

The state defendants denied that Strahan's approach was required by the Order and continued to prepare the report as they

-3-

had originally planned. On September 20, 2007, the state
defendants e-mailed to Strahan a copy of the draft report for his
comments. On October 1, 2007, the state defendants filed a
status report ("the Report") that does not include information or
input from Strahan.

## II. **Plaintiff's Motion for Discovery and to Delay Filing**

On September 21, 2007, Strahan filed a motion for discovery
and to delay the filing of the Report. In his motion for
discovery, Strahan contends that he cannot meaningfully
participate in filing a joint status report without the
information in the exclusive possession of the state defendants,
CCS and NOAA. Strahan asks this Court to allow him to subpoena
NOAA and CCS and to conduct full discovery of the state
defendants, all of whom refuse to give him the documentation he
requests.

Strahan seeks the following discovery: 1) the name and
contact information for the fisherman involved in the May 12,
2007 entanglement referred to in the Report, 2) the records of
the defendants' sonar survey in Massachusetts coastal waters to
determine the presence of lobster pot gear and its compliance
with state law, 3) all records from CCS on whales entangled after
this Court's January, 2007 order and 4) the opportunity to serve
interrogatories, requests for admissions and notice of

-4-

depositions on the defendants in order to assess the four enumerated issues.

This Court, in its June 1, 2007 Memorandum & Order, responding to the plaintiff's motion for further discovery, stated with respect to the first status report:

> The Court expects candor from all interested parties and the defendants are required to disclose knowledge of any entanglements occurring in coastal waters since January, 2007, to the plaintiff and to the Court. The Court, however, will not authorize subpoenas or otherwise require any party to produce information unless it appears from the first status report that the defendants or related entities have deliberately withheld information relevant to this case.

There is no indication in the Report that information has been deliberately withheld, and, as a result, further discovery is (and will remain) inappropriate. It is, however, disconcerting that information on the CCS website apparently contradicts information contained in the Report with respect to the May 12, 2007, whale entanglement. That contradiction should be addressed either before or after Strahan has had an opportunity to respond to the Report, but in the meantime, Strahan's unopposed motion for discovery will be denied.

Instead of discovery, Strahan will have the opportunity to comment on the Report. Any such comments, not to exceed ten (10) pages, shall be filed with the Court and served upon the defendants on or before October 31, 2007. The procedure set forth in the following order will govern the submission of future

-5-

status reports.

## ORDER

In accordance with the foregoing, the plaintiff's Motion for

Discovery and to Delay Filing (Docket No. 147) is **DENIED,**

provided however that the plaintiff shall, if he chooses, file no

more than ten (10) pages of responsive comments to the

defendants' Status Report on or before October 31, 2007.

With respect to the joint status reports due on July 1, 2008

and February 1, 2009, the parties will abide by the following

procedure:

a)  20 days before the report is due, the defendants shall
    serve on the plaintiff a draft of the proposed report
    for comment;

b)  10 days before the report is due, the plaintiff shall
    serve on the defendants his response to the draft
    report with his comments and/or questions;

c)  on the due date the defendants shall file the required
    report, which will respond to the plaintiff's timely-
    filed comments and/or questions; and

d)  20 days after the filing of the required report, the
    plaintiff may, if he chooses, file with the Court (and
    serve on the defendants) any comments/criticisms of the
    report (not to exceed the length of the report) for the
    Court's consideration.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated October *18* , 2007