UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD MAX STRAHAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action |
| v. ) | No. 05-10140-NMG |
| ) | |
| IAN BOWLES, in his ) | |
| official capacity as Secretary of the ) | |
| Massachusetts Executive Office ) | |
| of Environmental Affairs, ) | |
| ) | |
| THOMAS FRENCH, in his official ) | |
| capacity as Acting Commissioner of the ) | |
| Massachusetts Department of ) | |
| Fish and Game, ) | |
| ) | |
| and ) | |
| ) | |
| PAUL DIODATI, in his official capacity ) | |
| as Director of the Massachusetts ) | |
| Division of Marine Fisheries, ) | |
| ) | |
| Defendants ) | |

**DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO DISMISS CASE WITHOUT PREJUDICE**

The Secretary of the Massachusetts Executive Office of Environmental Affairs, the Commissioner of the Department of Fish and Game, and the Director of the Division of Marine Fisheries (together, the "State Defendants"),[1] defendants in the above-titled action, hereby

---

[1] The names of two of the officials holding these offices have changed since the onset of this litigation. The present officials, with their correct titles, are reflected by the signature block, infra.

oppose the motion of the plaintiff, Richard Max Strahan ("Strahan") to dismiss the instant case, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).

In support of their opposition, the State Defendants state as follows:

1. In the instant action, Strahan seeks declaratory and injunctive relief against the State Defendants for allegedly violating the Endangered Species Act, 16 U.S.C. § 1531, et seq., by licensing fixed fishing and lobster gear that is likely to entangle or otherwise effect "takes" of large whales that are protected by that statute. Strahan filed a motion for a preliminary injunction against the State Defendants in 2006, seeking an order barring the State Defendants from issuing or renewing commercial fishing licenses for fixed gear. After a three-day evidentiary hearing in November, 2006, the Court issued an order in January, 2007, denying Strahan's request for a preliminary injunction and staying this litigation for a period of two years, subject to the Court's monitoring of intervening developments in the fishery. That order was published as Strahan v. Pritechard, 473 F.Supp.2d 230 (D. Mass. 2007).

2. In his Motion Pursuant to 41(A) to Voluntarily Dismiss Without Prejudice His Claims Against the Defendants (the "Motion"), filed on October 9, 2007, Strahan seeks dismissal of this action, without prejudice. As grounds for his Motion, Strahan essentially cites to his dissatisfaction with the factual record and law of the case as they have developed to date, together with his frustration at the mechanics by which the periodic status reports mandated by the Court have been assembled.

3. This Circuit has made clear that dismissal under Rule 41(a)(2) is discretionary, and should be animated by the "intendment" of the rule, which is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative

conditions." Alamance Industries, Inc. v. Filene's, 291 F.2d 152, 147 (1st Cir. 1961). That principle was broken out into a four-part test by the District Court in American Science and Engineering, Inc. v. Kelly, 2000 WL 307462 (D. Mass. 2000) (O'Toole, J.), encompassing the following factors: (a) the plaintiff's diligence in bringing the motion; (b) the plaintiff's reasons for dismissal; (c) the effort and expense incurred by the defendant to date; and (d) the extent to which the litigation has progressed. Id. at *1, citing Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).

4.     In the instant case, each of these factors militates against granting the requested dismissal. First, Strahan waited over eight months after entry of the preliminary injunction order of which he now complains (and more than two years after the initiation of the lawsuit) to seek dismissal. Second, the reasons he cite in advocating for dismissal relate not to the justiciability of the suit or to extrinsic events, but to his dissatisfaction with the factual record as it was developed (via the testimony of six witnesses of his choosing) and his desire to be freed of certain legal rulings this Court has made to date.

5.     The latter two factors -- prejudice to the State Defendants and extent to which the suit has progressed -- are inextricably linked. The State Defendants -- three relatively small state agencies -- have already spent hundreds of hours on tasks related to this litigation, including responding to discovery requests, drafting motions, affidavits and status reports, and preparing for (and appearing at) a three-day evidentiary hearing. The Court has heard and evaluated the testimony of seven live witnesses, and has devised a mechanism for monitoring relevant developments while the case remains stayed. To the extent that Strahan complains of the inadequacy of the mandated status reports as a vehicle for him to develop the factual record, the

Court has addressed those concerns in its order of October 18, 2007.  In short, to permit Strahan to re-litigate the issues already in play in this lawsuit on a new, blank canvas would effect significant hardship upon the State Defendants.[2]  They would be consigned to rolling the same boulder up the same hill, ad infinitum.

---

[2] The same considerations marshal against the allowance of Strahan's companion motion, filed on the same date, that seeks to vacate the Court-ordered stay of this litigation or, in the alternative, to reopen the discovery period.

WHEREFORE, the State Defendants respectfully request that this Court deny Strahan's motion to dismiss the instant action without prejudice.

<div style="margin-left: 3em;">

Respectfully submitted,

IAN BOWLES, in his
official capacity as Massachusetts
Secretary of Environmental and
Economic Affairs;

MARY GRIFFIN, in her official
capacity as Massachusetts Commissioner
of the Department of Fish and Game;

and

PAUL DIODATI, in his official capacity
as Director of the Massachusetts Division
of Marine Fisheries

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL


/s/Daniel J. Hammond
Bryan G. Killian
BBO # 271640
Daniel J. Hammond
BBO # 559475
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, exts. 2553, 2078

</div>

Date: October 23, 2007